**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Kevin Douglas*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA OLSSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, ABNER TITO L. ALBERTO, GIL SAMSON D. GARCIA, MA. LOURDES C. RAUSA-CHAN, FLORENTINO D. MABASA JR. AND JUNE CHERYL A. CABALREVILLA,<br><br>Defendants. | No.: 2:23-cv-00885-CJC-MAA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KEVIN DOUGLAS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Hon. Cormac J. Carney<br>Date: May 8, 2023<br>Time: 1:30 p.m.<br>Courtroom #9B |

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT.................................................................................1

II.    STATEMENT OF FACTS....................................................................................2

III.    ARGUMENT .......................................................................................................3

    A.    MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE....................................................................................3

      1.  The Procedure Required by the PSLRA.....................................................3

        a. Movant Is Willing to Serve As Class Representative...........................4

        b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class...............................................................................4

    B.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ...............................................................5

        a. Movant's Claims are Typical of the Claims of all the Class Members ......................................................................................6

        b. Movant Will Adequately Represent the Class....................................7

    C.    APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE....................................................................................9

IV.    CONCLUSION ...................................................................................................10

# TABLE OF AUHTORITIES

**Cases**

*In re Cavanaugh*,

306 F.3d 726 (9th Cir. 2002)...............................................................1, 6, 7, 8

*Crawford v. Honig*,

37 F.3d 485 (9th Cir. 1994).........................................................................9

*Daniels Family 2001 v. Las Vegas Sands Corp.*,

2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) .........................................11

*Deinnocentis v. Dropbox, Inc.*,

2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020).................................11

*In re Drexel Burnham Lambert Group*,

960 F.2d 285 (2d Cir. 1992).........................................................................9

*Ferrari v. Gisch*,

225 F.R.D. 599 (C.D. Cal. 2004) ...................................................................8

*Gen. Tel. Co. of the Southwest v. Falcon*,

457 U.S. 147 (1982) ....................................................................................8

*Hanlon v. Chrysler Corp.*,

150 F.3d 1011 (9th Cir. 1998).......................................................................8

*Haung v. Acterna Corp.*,

220 F.R.D. 255 (D. Md. 2004) ......................................................................8

*Hufnagle v. Rino Int'l Corp.*,

No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011)...............................................................................................4

*Maiden v. Merge Techs., Inc.*,

No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)........6

*In re Milestone Sci. Sec. Litig.*,

183 F.R.D. 404 (D.N.J. 1998) .......................................................................8

*Nickerson v. American Electric Power Company, Inc., et al.*,
No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020) .............................11

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................ 8

*Robidoux v. Celani*,
987 F.2d 931 (2d Cir. 1993)................................................................ 8

*Takeda v. Turbodyne Techs., Inc.*,
67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ............................................... 7

*Weiss v. York Hosp.*,
745 F.2d 786 (3d Cir. 1984)...........................................................8, 9

*White Pine Invs. v. CVR Ref.*,
2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021).....................................11

**Statutes**

15 U.S.C. § 78u-4 .....................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 .....................................................................................*passim*

## I.    PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action")[1] brought on behalf of persons or entities who purchased or otherwise acquired publicly traded PLDT, Inc. ("PLDT" or the "Company") securities between January 1, 2019 and December 19, 2022, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company, Manuel V. Pangilinan ("Pangilinan"), Alfred S. Panlilio ("Panlilio"), Annabelle L. Chua ("Chua"), Marilyn A. Victorio-Aquino ("Victorio-Aquino"), Abner Tito L. Alberto ("Alberto"), Gil Samson D. Garcia ("Garcia"), Ma. Lourdes C. Rausa-Chan ("Rausa-Chan"), Florentino D. Mabasa Jr. ("Mabasa Jr."), and June Cheryl A. Cabalrevilla ("Cabalrevilla"), (collectively, "Defendants").[2]

Movant Kevin Douglas ("Movant") lost approximately $240.23 as a result of the alleged fraud during the Class Period. Movant respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (b) for approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA directs the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant satisfies both requirements.

---

[1] The above-captioned action pending in this Court is entitled *Olsson v. PLDT, Inc., et al.,* C.A. No. 2:23-cv-00885-CJC-MAA (C.D. Cal. Feb. 6, 2023) (the "*Olsson* Action").

[2] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)), as well as Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

Movant believes that he has the largest financial interest in the outcome of the case.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[4]

Accordingly, Movant respectfully submits that he should be appointed Lead Plaintiff. Additionally, Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed class should be approved by this Court.

## II.    STATEMENT OF FACTS[5]

PLDT purports to be the Philippines' largest fully integrated telco company. ¶ 7. Through its principal business groups, it offers a wide range of telecommunications and digital services across the Philippines' most extensive fiber optic backbone, and fixed line and cellular networks. *Id.*

The statements contained in ¶¶ 23-44 of the *Olsson* Complaint were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. ¶ 45. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) there were capital spending budget overruns; (2) Defendants failed to address weaknesses that allowed such budget

---

[3] Movant's certifications identifying his transactions during the Class Period and a chart detailing his losses are attached to the Declaration of Adam M. Apton, dated April 7, 2023 ("Apton Decl."), as Exhibits A, and B, respectively.

[4] The Action excludes from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[5] Citations to "¶_" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Olsson* Complaint") filed in the *Olsson* Action. The facts set forth in the *Olsson* Complaint are incorporated herein by reference.

overruns; and (3) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Id.*

PLDT filed with the SEC a Form 6-K on December 16, 2022, which was signed by Defendant Victorio-Aquino. ¶ 46. The Form 6-K included copies of disclosure letters filed with the PSE regarding a disclosable event/information. *Id.*

In response to this news, PLDT's share price declined more than 19%, or $6.35 per share on December 19, 2022, to close at $20.46 damaging investors. ¶ 50.

## III.    ARGUMENT

### A.    MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE

#### 1.    The Procedure Required by the PSLRA

Once the Court decides the motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### a.   Movant Is Willing to Serve As Class Representative

On February 6, 2023, counsel in the *Olsson* Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against PLDT and certain of its officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the *Olsson* Action.[6]

Movant has reviewed the complaint filed in the *Olsson* Action and has timely filed his motion pursuant to the Notice.

### b.   Movant Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead

---

[6] The *Olsson* Action was filed in this Court on February 6, 2023. On the same day, the Notice was published over *Business Wire*, a widely-circulated national business-oriented wire service. See Apton Decl. Ex. C.

plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The Movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc*., No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at \*13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90 day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased PLDT securities in reliance upon the materially false and misleading statements issued by defendants, and was injured thereby. During the Class Period, Movant: (1) purchased 35 shares of PLDT stock; (2) expended $1,130. on his purchases of PLDT securities; (3) retained all 35 shares of PLDT securities through the end of the Class Period; and (4) suffered a substantial loss of $240.23 in connection with his purchases of PLDT securities. *See* Apton Decl. Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**B.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp*., 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig*., 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course

of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other Class members, acquired PLDT securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other Class members because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Movant to whether the interests of Movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism

between the interests of Movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other Class members. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the Class members, demonstrates that he will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B) (v).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 25 years. *See* Apton Decl., Ex. D (Movant's Declaration in support of his motion). He resides in New Market, Maryland, and possesses an M.D. and specialize in internal medicine. *Id*. Movant is currently retired, but prior to that he was employed as a physician in the United States Army. *Id.* Further, Movant has experience overseeing attorneys, as he has hired attorneys for family law matters. *Id.* Accordingly, Movant meets the adequacy requirement of Rule 23.

## C.    APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROVING

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, are well-qualified to represent the Class, and have worked numerous times to achieve favorable settlements on behalf of shareholders. *See* Apton Decl. Ex. E (Levi & Korsinsky's firm resume, respectively). *See also e.g., Gilbert v. Azure, et al.*, No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793, at *17 (S.D.N.Y. Dec. 8, 2022) (appointing Levi & Korsinsky noting the firm "is experienced in securities class action litigation" and "has been appointed by judges in this District to serve as lead counsel or co-lead counsel in other matters"); *Michalski v. Weber Inc., et al.*, Case No. 1:21-cv-03966-EEB, Dkt. No. 59 (N.D. Ill. Nov. 29, 2022); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct

this litigation"; *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, this Court may be assured that in the event that Movant's Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an order: (1) appointing Movant as Lead Plaintiff; and (2) approving Levi & Korsinsky as Lead Counsel for the Class.

Dated: April 7, 2023                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Proposed Lead Counsel for Movant*

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On April 7, 2023, I electronically filed the following **MEMORDANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KEVIN DOUGLAS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 7, 2023.

*/s/ Adam M. Apton*
Adam M. Apton