Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA OLSSON, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, ABNER TITO L. ALBERTO, GIL SAMSON D. GARCIA, MA. LOURDES C. RAUSA-CHAN, FLORENTINO D. MABASA JR. AND JUNE CHERYL A. CABAL-REVILLA, <br><br> Defendants. | Case No. 2:23-cv-00885-CJC-MAA <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SOPHIA OLSSON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** <br><br> CLASS ACTION <br><br> JUDGE: Cormac J. Carney <br> HEARING: May 8, 2023 <br> TIME: 1:30 p.m. <br> CTRM: 9B |

Sophia Olsson ("Movant") respectfully submits this memorandum in support of her motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all purchasers of PLDT Inc. ("PLDT" or the "Company") securities between January 1, 2019 and December 19, 2022, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

This action was commenced by Rosen Law on February 6, 2023 against Defendants PLDT, Manuel V. Pangilinan, Alfred S. Panlilio, Annabelle L. Chua, Marilyn A. Victorio-Aquino, Abner Tito L. Alberto, Gil Samson D. Garcia, Ma. Lourdes C. Rausa-Chan, Florentino D. Mabasa Jr., and June Cheryl A. Cabal-Revilla ("Defendants") for violations under the Exchange Act. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

Defendant PLDT purports to be the Phillipines' largest fully integrated telco company. Through its principal business groups, it purports to offer a wide-range of telecommunications and digital services across the Philippines' most extensive fiber optic backbone, and fixed line and cellular networks. PLDT is incorporated in the Philippines, and its principal office is located in Makati City, Philippines. It is listed on the Philippine Stock Exchange ("PSE") under the ticker TEL, and its American Depository Shares ("ADS" or "ADSs") are listed on the New York Stock Exchange under the ticker symbol "PHI."

1

The complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) there were capital spending budget overruns; (2) Defendants failed to address weaknesses that allowed such budget overruns; and; (3) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

Then, on December 16, 2022, PLDT disclosed that it was experiencing elevated capital expenditure, stating in pertinent part:

* * *

While these substantial capex investments were key to meeting PLDT's goals, they came at a price—Capex investments for these four years aggregated PHP 379 billion, including an estimated budget overrun of no more than PHP 48 billion.

* * *

Then, on December 19, 2022, *Bloomberg News* released an article, which revealed, in pertinent part, the following:

"The [PSE] has launched an inquiry into the 48-billion peso ($866 million) capital spending budget overrun at [PLDT] that triggered a record plunge in the stock amid questions over its corporate governance and fiscal control. PLDT shares tumbled more than 19% on Monday, with almost 62 billion pesos in market value wiped out.

* * *

Also on December 19, 2022, *Light Reading* released an article which stated, in pertinent part:

"Shares in PLDT, the largest Philippines telco, dived 19% Monday after the company acknowledged a 48 billion Philippine pesos (US$866 million) capex "overrun" it could not account for. It also faces an investigation into possible insider trading after a week of stock sell-offs ahead of the disclosure at the end of trading Friday.

* * *

2

Several senior executives have been suspended over the unreported spending, chairman Manny Pangilinan told a local newspaper without elaborating.

\* \* \*

Also on December 19, 2022, the *Philippine Daily Inquirer* reported the following:

"Certainly, we've taken a knock on our reputation. We price ourselves on governance, on disclosures, and we're gonna get a knock. We have a job in trying to recover our credibility." Thus said Manuel V. Pangilinan (MVP) who chairs PLDT Inc., after he detailed in an exclusive to the Inquirer how he learned of initially as much as P130 billion in undocumented purchase orders made in the last four years at the country's largest telecommunications firm."

\* \* \*

The article went on to detail how the Company had ordered an internal forensics team to assess the damages from these undocumented purchase orders, and discussed the Company's efforts to renegotiate some of the undocumented orders.

On these disclosures, the Company's ADS price fell $6.85 per ADS, or 23.68%, to close at $20.46 per ADS on December 19, 2022, the next full trading day, damaging investors. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days

3

after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in her PSLRA certification, Movant attests that she has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the

4

subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant had a material financial interest. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred

5

until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and her claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about the Company and its business. Movant, as did all of the members of the class, purchased PLDT securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.      Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

6

Further, Movant is a caregiver for individuals who have developed early dementia. She has an educational background in political science, and has invested since the summer of 2020. She lives in Sweden.

## III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class's and Movant's claims, including filing this action, reviewing publicly available financial and other documents and gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

7

Dated:   April 7, 2023                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SOPHIA OLSSON FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
2:23-cv-00885-CJC-MAA

# **CERTIFICATE OF WORD COUNT**

The undersigned, counsel of record for Sophia Olsson, certifies that this brief contains 2025 words, which complies with the word limit of L.R. 11-6.1.

Executed on April 7, 2023.

<u>/s/ Laurence M. Rosen</u>

9

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 7, 2023, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SOPHIA OLSSON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 7, 2023.

/s/ Laurence M. Rosen
Laurence M. Rosen

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SOPHIA OLSSON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
2:23-cv-00885-CJC-MAA