**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Kevin Douglas*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA OLSSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, ABNER TITO L. ALBERTO, GIL SAMSON D. GARCIA, MA. LOURDES C. RAUSA-CHAN, FLORENTINO D. MABASA JR. AND JUNE CHERYL A. CABALREVILLA,<br><br>Defendants. | No.: 2:23-cv-00885-CJC-MAA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF KEVIN DOUGLAS' MOTION AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION**<br><br>Judge: Hon. Cormac J. Carney<br>Date: May 8, 2023<br>Time: 1:30 P.m.<br>Courtroom #9B |

Lead plaintiff movant Dr. Kevin Douglas ("Dr. Douglas") respectfully submits the following in further support of his motion for appointment as lead plaintiff and approval of lead counsel and in opposition to the competing motion.

## I.   PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. It states that the movant with the "largest financial interest" in the litigation is the presumptive lead plaintiff so long as he is a typical and adequate class member. Movant Dr. Douglas holds the largest financial interest in the above-captioned securities class action lawsuit (the "Action").

Further, as a retired United States Army medical doctor and experienced investor who purchased PLDT, Inc. ("PLDT" or the "Company") securities between January 1, 2019 and December 19, 2022, inclusive (the "Class Period"), Dr. Douglas is typical of his fellow class members and adequately suited to serve as the lead plaintiff. *See* Declaration of Kevin Douglas, ECF. No. 9-6. He is interested in, and committed to, overseeing the litigation and achieving the best possible outcome for the Class in the Action. Pursuant to the PSLRA, the Court should grant his motion for lead plaintiff and selection of lead counsel.

In sum, Dr. Douglas meets the statutory requirements for being the presumptive lead plaintiff in the Action. The only other lead plaintiff movant in the Action, Sophia Olsson ("Ms. Olsson"), cannot rebut that presumption as she cannot offer the required proof that Dr. Douglas is somehow inadequate or subject to a unique defense. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II)Accordingly, Dr. Douglas respectfully requests that his motion be granted in its entirety.

MEMORANDUM OF POINTS AND AUTHORITIES OF KEVIN DOUGLAS
Case No. 2:23-cv-00885-CJC-MAA

## II.    ARGUMENT

### A.    The PSLRA Provides a Straightforward Process for Identifying the "Most Adequate Plaintiff" to Serve as Lead Plaintiff.

The PSLRA sets forth the procedure for the selection of a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as Lead Plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u- 4(a)(3)(A)(i). From the movants that file timely  motions, the presumptive "most adequate plaintiff" is the "person" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The movant with the largest financial interest need only make a *prima facie* showing that it satisfies Rule 23's typicality and adequacy requirements. *See In re Cavanaugh*, 306 F.3d 726 at 729-31 (9th Cir. 2002). Once triggered, this presumption can only be rebutted upon "actual proof" that the "most adequate plaintiff" will not fairly represent the interests of the class or is subject to a unique defense. *Id*. at 730; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B.    Dr. Douglas is the Most Adequate Plainitf

#### 1.    Dr. Douglas has the Largest Fianncial Interest of Any Movant

Courts in the Ninth Circuit have considered four factors when identifying the movant with the greatest financial interest: "(1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate loss suffered." *Ferrari v. Gisch*, 225 F.R.D. 599, 604 (C.D. Cal. 2004).

In this District, throughout the Ninth Circuit, and across the Country, the fourth factor, the "approximate loss suffered" is the most significant factor. *Knox v.*

*Yingli Green Energy Holding Co. Ltd.,* 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("Courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss.") ; *Richardson v. TVIA, Inc.,* No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *13 (N.D. Cal. Apr. 16, 2007) (fourth factor is considered the "most determinative in identifying the plaintiff with the largest financial loss."); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("Courts place the most emphasis on . . . the approximate loss suffered by the movant"); *In re Bally Total Fitness Sec. Litig.,* No. 04-C-3530, 2005 U.S. Dist. LEXIS 6243, at *14 (N.D. Ill. Mar. 15, 2005) ("The best yardstick by which to judge 'largest financial interest' is the amount of loss, period.").

As demonstrated in the following chart, Dr. Douglas has the largest financial interest under all four *Olsten-Lax* Factors, including the most determmantive fourth factor, the 'approximate loss suffered":

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Dr. Kevin Douglas** | 35 | 35 | $1,130.15 | $240.23 |
| **Sophia Olsson** | 2 | 2 | $71.80 | $22.69 |

*See* ECF Nos. 9-4 and 13-3.

Dr. Douglas possesses the largest financial interest relative to the only other competing movant Ms. Olsson, Dr. Douglas lost approximately $240.23 from trading in PLDT securities during the Class Period, which is over **10 times more** than Ms. Olsson. Moreover, Dr. Douglas purchased and retained over **17 times more** shares than Ms. Olsson, and expended nearly **16 times more** funds on PLDT securities than Ms. Olsson. In fact, Dr. Douglas lost more money than Ms. Ollson even spent on her entire PLDT investment. It is clear that the largest financial interest inquiry starts and ends with Dr. Douglas.[1]

---

[1] The size of the difference between Dr. Douglas' loss and Ms. Olsson's loss does not change the fact that Dr. Douglas possesses the largest financial interest in the

## 2.      Dr. Douglas Satisfies the Requirements of Rule 23

Once the court has "compare[d] the financial stakes of the various plaintiffs and determine[d] which one has the most to gain from the lawsuit it must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730 (emphasis in the original). At the lead plaintiff stage, the movant need only make a *prima facie* showing that he or she satisfies the typicality and adequacy requirements of Rule 23. *Id.* at 730-31. The Rule 23 "inquiry must focus on [Dr. Douglas] alone and be limited to determining whether he satisfies the other statutory requirements." *Id.* at 732.

"The typicality requirement of Rule 23(a)(3) is satisfied when the named plaintiffs have (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct, and (3) their claims are based on the same legal issues." *Armour v. Network Assoc., Inc.,* 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001). Here, the proposed class includes all persons or entities that purchased or otherwise acquired PLDT securities during the Class Period. As set forth in his opening motion, in the same manner as other class members, Dr. Douglas acquired PLDT securities during the Class Period at artificially-inflated prices due to materially false and misleading statements by PLDT and its senior management, and was damaged when the true facts were revealed to the market. *See* Dr. Douglas' Memorandum of Points and Authorities, ECF No. 9-1 at pp. 6-7; PSLRA Certification listing Dr. Douglas's purchases, ECF No. 9-3; and Loss Chart, ECF No. 9-4 . "Typicality" requires nothing more. *Yingli Green Energy*, 136 F. Supp. 3d

outcome of the Action. Even when the difference is small, courts still must follow the PSLRA and appoint the movant with the greater loss to serve as the lead plaintiff. *See*, *e.g.*, *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) ("courts in this circuit have concluded that any financial difference is meaningful in determining a lead plaintiff").

at 1165 ("The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.") (internal quotations omitted).

To be an adequate class representative, Rule 23(a)(4) "focuses around two questions: (1) do the interests of the class representative coincide with those of the class, and (2) does the representative have the ability to prosecute the action vigorously through the services of competent counsel." *Network Assoc.*, 171 F. Supp. 2d at 1052.

Both are answered in the affirmative with regard to Dr. Douglas. Dr. Douglas' interests do not diverge in any way from the class. *See* ECF No. 9-1 at p. 8. Dr. Douglas, a medical doctor who formerly worked for the United States Army, has 25 years fo trading experience. *Id*. He can adequately represent the Class' interest as its fiduciary and is typical of other investors in the Class as a result of purchasing shares of PLDT during the Class Period. *Id*. Further, as confirmed in his declaration filed with his original motion, Dr. Douglas is committed to vigorously prosecuting this action. *See* ECF. No. 9-6. He has also retained competent counsel in Levi & Korsinsky, LLP as the firm has extensive experience in securities litigation, having vigorously and efficiently prosecuted securities class actions for more than 20 years. *See* Levi & Korsinsky Resume, ECF No. 9-7; Memorandum of Points and Authorities, ECF No. 9-1 at pp. 9-10. Accordingly, Dr. Douglas has made a *prima facie* showing of typicality and adequacy and is entitled to the most adequate plaintiff presumption.[2]

---

[2] The amount of Dr. Douglas' loss does not undermine his *prima facie* showing of adequacy. Indeed, "[t]he PSRLA's lead plaintiff provisions do not erect a barrier that prevents any plaintiff with a small stake from representing a class." *Nayani v. Lifestance Health Grp., Inc.*, No. 22-cv-6833 (JSR), 2022 U.S. Dist. LEXIS 209104, at *14 (S.D.N.Y. Nov. 17, 2022); *see also Houghton v. Leshner*, No. 22-cv-07781-WHO, 2023 U.S. Dist. LEXIS 42732, at *6 (N.D. Cal. Mar. 13, 2023) ("Plaintiffs are not disqualified by the small size of their alleged losses").

### C.    Ms. Olsson Cannot Trigger the "Most Adequate Plaintiff" Presumption

Dr. Douglas's evidentiary showing on the motion triggers the PSLRA's "presumption" of "most adequate plaintiff." *Cavanaugh*, 306 F.3d at 729-31. This presumption may be rebutted only upon proof by a class member that he "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Dr. Douglas is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.,* No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense). This is something that Ms. Olsson, the only other lead plaintiff movant, cannot do, as no proof exists. Acordngly, Dr. Douglas' motion should be granted in its entirety and Ms. Olsson's motion denied.

## III.    CONCLUSION

For the foregoing reasons, Dr. Douglas respectfully requests that the Court grant his Motion and enter an order: (1) appointing Dr. Douglas as Lead Plaintiff, (2) approving Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

//
//
//
//
//
//

//

Dated: April 17, 2023                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Proposed Lead Counsel for Kevin Douglas*

**CERTIFICATE OF SERVICE**

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On April 17, 2023, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF KEVIN DOUGLAS' MOTION AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 17, 2023.

*/s/ Adam M. Apton*
Adam M. Apton