Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Sophia Olsson and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA OLSSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE, L. CHUA, MARILYN A. VICTORIO-AQUINO, ABNER TITO L. ALBERTO, GIL SAMSON D. GARCIA, MA. LOURDES C. RAUSA-CHAN, FLORENTINO D. MABASA JR. AND JUNE CHERYL A. CABAL-REVILLA,<br><br>Defendants. | Case No. 2:23-cv-00885-CJC-MAA<br><br>**MEMORANDUM OF LAW OF SOPHIA OLSSON IN RESPONSE TO COMPETING LEAD PLAINTIFF MOTION**<br><br>CLASS ACTION<br><br>JUDGE: Cormac J. Carney<br>HEARING: May 8, 2023<br>TIME: 1:30 p.m.<br>CTRM: 9B |

1

Lead Plaintiff movant Sophia Olsson ("Olsson") respectfully submits this response to the Lead Plaintiff motion of Kevin Douglas ("Douglas"). Dkt. No. 9.

## I.    INTRODUCTION

Two Lead Plaintiff motions were filed in this Court seeking appointment as Lead Plaintiff on behalf of all persons and entities who purchased or otherwise acquired the securities of PLDT Inc. ("PLDT" or the "Company") between January 1, 2019 and December 19, 2022, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act"). Dkt. Nos. 9 and 11.

Both Olsson and Douglas claim an equally modest financial interest under $250 in this litigation. As such, Olsson and Douglas should be appointed Co-Lead Plaintiffs and their respective selections of counsel should be appointed Co-Lead Counsel.

## II. ARGUMENT

## A. OLSSON AND DOUGLAS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS AS THEY HAVE EQUALLY MODEST FINANCIAL INTERESTS

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires a court to adopt a rebuttable presumption that "the most adequate plaintiff

2

… is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 725, 730 (9th Cir. 2002). While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Here, each movants' financial interest is equally modest—both under $250. Under these unique circumstances the Court should appoint Olsson and Douglas as Co-Lead Plaintiffs.

The appointment of Co-Lead Plaintiffs here will benefit the class. The statute of limitations for the claims in this case is 2 year from discovery, and the repose period is 5 years. 28 U.S.C.A. § 1658(b). The statute of limitations for subsequent class actions is not tolled; nor is the repose. *See China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1808, 1807 n.3, 201 L. Ed. 2d 123 (2018) (statute of limitations not tolled for securities claims and explaining that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups"); *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2055, 198 L. Ed. 2d 584 (2017) (statute of repose not tolled for securities claims). Therefore, the appointment of Co-Lead Plaintiffs will ensure that in the event either lead plaintiff is later found inadequate or atypical, the case can still proceed forward as a class

3

action. Given the modest losses of the movants, there is a plausible risk that years into the litigation that people's resolve may change.

Additionally, spreading the foreign discovery obligations between multiple lead plaintiffs will benefit the class. Defendant PLDT is a telecommunications company headquartered in and operating in the Philippines. Discovery in this action will be focused on capital expenditures by PLDT's wireless subsidiary investments in the Philippines. The depositions of the defendants will have to be conducted in the Philippines. Spreading these duties across two lead plaintiffs and lead counsel will benefit the Class.

Courts routinely find that the appointment of co-lead plaintiffs confers numerous benefits to the class, including, among other things, shared resources, experience and expertise, as well as continuity and stability if a single lead plaintiff subsequently needs to withdraw as a class representative. *See e.g., Ferreira v. Funko, Inc.*, 2020 WL 3246328, at *6 (C.D. Cal. June 11, 2020); *Johnson v. OCZ Tech. Grp., Inc.*, 2013 WL 75774, at *3 (N.D. Cal. Jan. 4, 2013); *Lang v. Tower Group Int'l, Ltd.*, 2014 WL 12779212, at *3 (S.D.N.Y. June 17, 2014); *Dolan v. Axis Capital Holdings Ltd.*, 2005 WL 883008, at *5 (S.D.N.Y. Apr. 13, 2005).

Indeed, the Rosen firm and Mr. Douglas' firm have cooperatively worked together as Co-Lead Counsel successfully and efficiently. Recently, in *Winter v.*

*Stronghold Digital Mining, Inc., et al.,* 1:22-cv-03088-RA (SDNY), Judge Abrams of the Southern District of New York *sua sponte* appointed the Rosen and Levi firms Co-Lead Counsel and their respective clients Co-Lead Plaintiffs. In *In re Sundial Growers Inc. Securities Litigation*, 1:19-cv-08913-ALC (SDNY), the Levi and Rosen firms worked together as co-lead counsel and settled the case for $7mm. In *Carlton, et al., v. Cannon, et al.,* No. 4:15-cv-00012 (S.D. Tex.) the Levi and Rosen firms worked together as Co-Lead counsel and settled the case for $4.5 million. The firms are also cooperatively working together in *In Re Meta Materials Inc. Securities Litigation*, 1:21-cv-07203-CBA-JRC (EDNY).

Given the firms' experience with each other, the Court is ensured that the appointment of Co-Lead Plaintiffs and Co-Lead Counsel will not result in any material duplication or inefficiencies. As such, the Court should appoint Olsson and Douglas as Co-Lead Plaintiffs and The Rosen Law Firm, P.A. and Levi & Korsinsky, LLP as Co-Lead Counsel.

## II.    CONCLUSION

For the foregoing reasons, Olsson and Douglas should be appointed Co-Lead Plaintiffs and The Rosen Law Firm P.A. as Co-Lead Counsel along with Levi & Korsinsky LLP.

Dated: April 17, 2023                    Respectfully submitted,

5

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Sophia Olsson and [Proposed] Lead Counsel for the Class*

MEMORANDUM OF LAW OF SOPHIA OLSSON IN RESPONSE TO COMPETING LEAD PLAINTIFF MOTION – Case No. 2:23-cv-00885-CJC-MAA

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Sophia Olsson, certifies that this brief contains 839 words, which complies with the word limit of L.R. 11-6.1

Executed on April 17, 2023.

/s/ Laurence M. Rosen

MEMORANDUM OF LAW OF SOPHIA OLSSON IN RESPONSE TO COMPETING LEAD PLAINTIFF MOTION – Case No. 2:23-cv-00885-CJC-MAA

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 17, 2023, I electronically filed the following **MEMORANDUM OF LAW OF SOPHIA OLSSON IN RESPONSE TO COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 17, 2021.

/s/ Laurence M. Rosen
Laurence M. Rosen

8