**Milbank LLP**
Daniel M. Perry (State Bar #264146)
Mark D. Villaverde (State Bar #331876)
2029 Century Park East, 33rd Floor
Los Angeles, CA  90067
Telephone: (424) 386-4404
Facsimile: (213) 629-5063
DPerry@milbank.com
MVillaverde@milbank.com

*Attorneys for PLDT Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA OLSSON, Individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, ABNER TITO L. ALBERTO, GIL SAMSON D. GARCIA, MA. LOURDES C. RAUSA-CHAN, FLORENTINO D. MABASA JR. AND JUNE CHERYL A. CABAL-REVILLA,<br><br>Defendants. | Case No. 2:23-CV-00885-CJC-MAA<br><br>**PLDT INC.'S RESPONSE TO (1) MOTION OF KEVIN DOUGLAS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; AND (2) MOTION OF SOPHIA OLSSON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br>Judge:  Hon. Cormac J. Carney<br>Date:  May 8, 2023<br>Time:  1:30 p.m.<br>Place:  Courtroom 9B |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

Defendant PLDT Inc. ("PLDT") files this Response to the Motion of Kevin Douglas for Appointment as Lead Plaintiff and Approval of Selection of Counsel (ECF No. 9) and Motion of Sophia Olsson for Appointment as Lead Plaintiff and Approval of Choice of Counsel (ECF Nos. 11, 12, 13) (collectively, the "Motions").[1]

In their Motions, Olsson and Douglas (collectively, "Movants") set forth that they have only a nominal stake in this litigation, with less than $25 and $250 in alleged losses, respectively.  Under the Private Securities Litigation Reform Act ("PSLRA"), "lawsuits by shareholders with a tiny position in the security" at issue are disfavored. *In re Cavanaugh*, 306 F.3d 726, 730-31, 738 (9th Cir. 2002).  Thus, the Movants' *de minimus* purported losses fall far short of the basic requirement that a lead plaintiff make a prima facie showing of adequacy.  *See In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002) (requiring a prima facie showing of adequacy under the PSLRA); *Bosch v. Credit Suisse Grp. AG*, 2022 WL 4285377, at *4 (E.D.N.Y. Sept. 12, 2022) (denying motion for appointment of lead plaintiff who purportedly incurred losses of $621 because he "lack[ed] a sufficient financial interest in the outcome of the case to incentivize him to monitor counsel's performance and control the litigation on behalf of the putative class"); *Guo v. Tyson Foods, Inc.*, 2022 WL 5041798, at *5 (E.D.N.Y. Sept. 30, 2022) (rejecting lead plaintiffs who suffered merely "nominal losses").

As such, both Movants have failed to establish that they are appropriate lead plaintiffs, and their Motions should be denied.

### II.    STATEMENT OF FACTS

On February 6, 2023, Olsson filed a putative class action complaint alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (15

---

[1] By filing this Response, PLDT does not waive any claim or defense, and PLDT preserves all arguments.

PLDT INC.'S RESPONSE TO MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:23-CV-00885-CJC-MAA

U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (17 C.F.R. § 240.10b-5). These claims are subject to the PSLRA. On April 7, 2023, Olsson and Douglas each filed the instant Motions, each moving the Court to be appointed as lead plaintiff. ECF Nos. 9, 11, 12, 13. No other holder of PLDT's American Depositary Shares ("ADSs") moved to be appointed lead plaintiff by the April 7, 2023 statutory deadline.

Olsson asserts that she held two PLDT ADSs during the Class Period and suffered an alleged loss of $22.69. ECF No. 13-3 at 1. Douglas asserts that he held 35 PLDT ADSs during the Class Period and suffered an alleged loss of $240.23. ECF No. 9-4 at 1.

### III. ARGUMENT

The PSLRA disfavors appointment of lead plaintiffs with only nominal alleged losses. It was enacted in response to "concerns that attorneys acting on a contingency basis were primarily running the litigation on behalf of 'figurehead' plaintiffs who were unlikely to monitor their attorneys' activities." *In re Mersho*, 6 F.4th 891, 898 (9th Cir. 2021). Thus, the PSLRA's lead plaintiff selection procedures are designed to "attract[] institutional investors [as lead plaintiffs], and discourage opportunistic lawsuits by shareholders with a tiny position in the security which is the subject of the litigation." *Cavanaugh*, 306 F.3d 726 at 738.[2] To accomplish these goals, the PSLRA sets forth a three-step process: first, notice of the action is "posted so purported class members can move for lead plaintiff appointment"; second, the district court determines the *presumptive* "most adequate plaintiff"; and third, the

---

[2] The PSLRA was enacted to serve the twin purposes of "curb[ing] frivolous, lawyer-driven litigation, while preserving investors' ability to recover on meritorious claims." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The balance of these twin purposes is necessary for the preservation of the integrity of the U.S. capital markets, and the failure to maintain this balance would undermine the U.S. capital markets' ability to attract foreign issuers.

– 3 –

district court determines if this presumption has been rebutted by members of the purported class. *Mersho*, 6 F.4th at 899.

While defendants are not generally permitted to adduce evidence to *rebut* a presumption of adequacy at step three of this analysis, "nothing in the PSLRA prevents [d]efendants from directing the Court's attention to mistakes or discrepancies in [a plaintiff's] motion when deciding whether [a plaintiff] is entitled to the statutory presumption [of adequacy] in the first instance." *Tai Jan Bao v. SolarCity Corp.*, 2014 WL 3945879, at *2 (N.D. Cal. Aug. 11, 2014). Further, "[t]he Court has an independent obligation to ensure that the class is represented by an adequate lead plaintiff, and will certainly not disregard evidence suggesting that a movant is not presumptively adequate." *Id.*

In arguing that they are presumptively adequate lead plaintiffs, both Movants rely on the Ninth Circuit's decision in *Cavanaugh*, which sets forth that they must, among other things, make a prima facie showing that they satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23")—specifically Rule 23's typicality and adequacy requirements. ECF No. 9-1 at 1; ECF No. 12 at 5-6. To satisfy the adequacy requirement, a plaintiff must show that it (along with its counsel) lacks conflicts with other class members and that it will "prosecute the action vigorously on behalf of the class." *Mersho*, 6 F.4th at 899–900. However, Movants omit the Ninth Circuit's statement in *Cavanaugh* that "where no plaintiff willing to serve as lead satisfies the typicality and adequacy requirements" it may be warranted for the court to rule that "the case cannot be maintained as a class action." *Cavanaugh*, 306 F.3d at 731 n.7. Such is the case here.

A court may reject *all* pending lead plaintiff applications in a putative securities fraud class action when no prospective lead plaintiff suffered more than nominal damages. For example, in *Bosch*, 2022 WL 4285377, at *6-7, the court—relying on *Cavanaugh*—denied the lone motion for appointment of a lead plaintiff who alleged

– 4 –

losses of $621 because the applicant "lack[ed] a sufficient financial interest in the outcome of the case" and therefore failed the adequacy requirement. *Id.* at *6 ("Under the terms of the statute, the Court cannot appoint as lead plaintiff a movant who fails to satisfy the requirements of Rule 23, even in the absence of any competing motion"). The plaintiff in *Bosch* later voluntarily dismissed the case. *Bosch*, 22-cv-02477-ENV-RLM (E.D.N.Y Sept. 29, 2022), ECF No. 23. Similarly, in *Guo*, 2022 WL 5041798, at *6, the court—also relying on *Cavanaugh*—rejected the sole group of prospective lead plaintiffs because they alleged merely "nominal losses" of $323.20. *Id*. at *5 ("Based on these nominal losses, this Court finds that Porat and Marcus lack sufficient financial interest in the outcome of the case to incentivize them to monitor counsel's performance and control the litigation on behalf of the putative class.") (internal citations, quotation marks, and alteration omitted); *see also McCormack v. Dingdong (Cayman) Ltd.*, 2022 WL 17336586, at *5 (S.D.N.Y. Nov. 30, 2022) (rejecting lead plaintiff with $504.40 in alleged losses and noting that "[i]n the realm of securities litigation, this is a token amount").

This Court has long recognized that the amount of alleged losses bears on whether a plaintiff will vigorously prosecute an action on behalf of a class. *See, e.g., Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (pointing to movant's alleged losses in excess of $300,000 as establishing "sufficient interest in the outcome of this case to ensure that the action will be vigorously prosecuted").

Here, both Movants are unable to make a prima facie showing of adequacy due to their nominal alleged losses. Douglas alleges he held 35 ADSs during the class period and that he incurred an alleged loss of just $240.23. Olsson alleges she held two ADSs during the class period and she incurred an alleged loss of just $22.69. Both Movants' alleged losses are lower than the plaintiffs in *Bosch, Guo,* and *McCormack,* and are insufficient to ensure vigorous representation of absent class

– 5 –

members.  As a result, neither Movant is able to satisfy the adequacy requirement of Rule 23.[3]

While the Northern District of California recently determined in *Houghton v. Leshner*, 2023 WL 2485785, at *2 (N.D. Cal. Mar. 13, 2023), that a group of investors with small alleged losses could nonetheless serve as lead plaintiffs, that decision has no bearing on this case.  In *Houghton*, 2023 WL 2485785, at *2, the court held that nominal losses did not disqualify a lead plaintiff because of the unique nature of the defendant—a cryptocurrency partnership, with majority ownership by other defendants, and a decentralized distribution of "governance" tokens that made institutional or large investors unlikely to come forward.  Those unique characteristics are not present here, where PLDT is a traditional publicly traded corporation.  Indeed, the plaintiffs in *Houghton*, specifically distinguished the defendant at issue there from "traditional . . . publicly traded companies," noting that it was not appropriate to "conflat[e] this case challenging the sale of unregistered securities by a general partnership with a securities-fraud action against a publicly listed company." *Houghton*, No. 22-cv-07781-WHO, (N.D. Cal. Feb. 27, 2023), ECF No. 68 at 3, 10-12.

The court in *Houghton* relied on *Nayani v. LifeStance Health Grp., Inc.*, 2022 WL 16985717 (S.D.N.Y. Nov. 17, 2022), where the court appointed a lead plaintiff

---

[3] Denial of the Motions will not prejudice the Movants, as they can still proceed on an individual basis.  *See Bosch*, 2022 WL 4285377, at *7 ("The instant securities action may proceed on an individual basis, without a lead plaintiff, and [movant], and any other plaintiffs, may move to intervene.") (*citing Cavanaugh*); *Guo*, 2022 WL 5041798, at *6 ("Notwithstanding this Court's ruling denying Movants' appointment as lead plaintiffs, this case still may proceed on an individual basis.") (*citing Cavanaugh*).  Nor would putative class members be prejudiced; "[t]o the contrary, the members of the putative class would be prejudiced if the Court were to appoint a lead plaintiff who fails to satisfy Rule 23's adequacy requirement." *Bosch,* 2022 WL 4285377, at *7.

PLDT INC.'S RESPONSE TO MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:23-CV-00885-CJC-MAA

with only $385 in damages.  *Nayani*, however, acknowledges that a plaintiff with only nominal alleged losses may fail to satisfy the adequacy requirements because their minimal losses may result in "'lawyer-driven' litigation." *Id.* at *5.  There, one of the movants was able to overcome these concerns by "show[ing] his willingness and ability to represent the class in other ways"—namely by "collaborating to file the Complaint and through meeting with attorneys on a weekly basis to discuss the matter" and by "negotiat[ing] to ensure that counsel would continue to represent him individually, even if the class is not certified." *Id.* at *5-6.

Here neither Movant has made this showing.  Douglas was uninvolved in the filing of the Complaint and his declaration makes no indication of any ongoing meetings or management of the case or that he has ensured counsel will represent him if the class is not certified.  In fact, his declaration describes this matter as a class action "against PLDT, Inc.," without reference to any of the other nine defendants indicating a lack of familiarity with subject matter of the complaint.  ECF No. 9-6 at 3.  Olsson has neglected entirely to submit a declaration in support of her Motion and her complaint mistakenly states that PLDT's ADSs are listed and traded on the NASDAQ.  ECF No. 1 at ¶¶ 52, 53, 58.  Neither Movant has demonstrated willingness and ability to represent the class in a way that overcomes their minimal interest in the litigation.  Thus, their Motions should be denied.

## IV.  CONCLUSION

For the foregoing reasons, the Movants have failed to demonstrate that they should be appointed lead plaintiffs, and their Motions should be denied.

PLDT INC.'S RESPONSE TO MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:23-CV-00885-CJC-MAA

Dated:    April 17, 2023         Respectfully Submitted,

**MILBANK LLP**

By: */s/ Daniel M. Perry*

Daniel M. Perry (State Bar #264146)
Mark D. Villaverde (State Bar #331876)
2029 Century Park East, 33rd Floor
Los Angeles, CA  90067
Telephone: (424) 386-4404
Facsimile: (213) 629-5063
DPerry@milbank.com
MVillaverde@milbank.com

*Attorneys for PLDT Inc.*

PLDT INC.'S RESPONSE TO MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL
Case No. 2:23-CV-00885-CJC-MAA