**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Kevin Douglas and*
*[Proposed] Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA OLSSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, ABNER TITO L. ALBERTO, GIL SAMSON D. GARCIA, MA. LOURDES C. RAUSA-CHAN, FLORENTINO D. MABASA JR. AND JUNE CHERYL A. CABALREVILLA,<br><br>Defendants. | No.: 2:23-cv-00885-CJC-MAA<br><br>**KEVIN DOUGLAS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS  LEAD PLAINTIFF MOTION**<br><br>Judge: Hon. Cormac J. Carney<br>Date: May 8, 2023<br>Time: 1:30 p.m.<br>Courtroom #9B |

## TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ..................................................................... 1

II.  ARGUMENT ............................................................................................ 2

   A.  There is No Need for Co-Lead Counsel. ......................................... 2

   B.  The Court Should Reject Defendants' Opposition to the Lead Plaintiff Motions or, Alternatively, Defer Consideration of the Arguments to Class Certification Proceedings. ............................................................. 3

   C.  The PSLRA Does Not Preclude Small Investors from Serving as Lead Plaintiff ................................................................................... 4

   D.  Dr. Douglas Satisfies the Requirements of Rule 23. ...................... 12

III.  CONCLUSION ..................................................................................... 14

# TABLE OF AUHTORITIES

**Cases**

*Abelson v. Strong,*
No. 85- 0592-S, MDL No. 584, 1987 U.S. Dist. LEXIS 7515 (D. Mass. July 30, 1987)..............................................................................................................2

*Amchem Prod., Inc. v. Windsor*,
521 U.S. 591 (1997) ..............................................................................................2, 5

*Baldwin v. Net 1 UEPS Techs., Inc.,*
No. 19-cv-11174 (PKC), 2020 U.S. Dist. LEXIS 53522 (S.D.N.Y. Mar. 25, 2020)......................................................................................................................7

*Basile v. Valeant Pharmaceuticals International, Inc.,*
No. SACV 14-2004 DOC(ANx), 2015 U.S. Dist. LEXIS 192315 (C.D. Cal. May 5, 2015) ............................................................................................................3

*Blake Partners, Inc. v. Orbcomm, Inc.*, No. 07-4517 (WHW), 2008 U.S. Dist. LEXIS 43061 (D.N.J. June 2, 2008) ................................................................3

*Bosch v. Credit Suisse Grp. AG*,
2022 U.S. Dist. LEXIS 170127 (E.D.N.Y. Sept. 12, 2022)........................10, 11

*Carnegie v. Household Int'l, Inc.*,
376 F.3d 656 (7th Cir. 2004).................................................................................5

*In re Cavanaugh,*
306 F.3d 726 (9th Cir. 2002).................................................................................6

*City of Harper Woods Emples. Ret. Sys. v. AXT, Inc.*,
2005 U.S. Dist. LEXIS 50345 (N.D. Cal. Feb. 4, 2005) .................................14

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) .........................................13

*In re Diasonics Sec. Litig.,*
599 F. Supp. 447 (N.D. Cal. 1984) .....................................................................4

*Eisen v. Carlisle & Jacquelin*,

    417 U.S. 156 (1974) ................................................................................................5

*Fagen v. Enviva Inc.*,

    No. 22-CV-2844, 2023 U.S. Dist. LEXIS 16866 (D. Md. Jan. 31, 2023)..........9

*Fragala v. 500.com Ltd.*,

    2015 U.S. Dist. LEXIS 188276 (C.D. Cal. July 7, 2015) .................................13

*Gilbert v. Azure, et al.*,

    No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793 (S.D.N.Y. Dec. 8, 2022)..........................................................................................................................12

*Gray v. Alpha and Omega Semiconductor Limited, et al.*,

    No. 20-cv2414 (RA) ECF No. 14 (S.D.N.Y. July 1, 2020)...............................7

*Greebel v. FTP Software*,

    939 F. Supp. 57 (D. Mass. 1996) .......................................................................4

*Guo v. Tyson Foods, Inc.*,

    No. 21-CV-00552-AMD-JRC, 2022 U.S. Dist. LEXIS 180854 (E.D.N.Y. Sep. 30, 2022)..............................................................................................................11, 12

*Hampton v. Pacific Investment Management Company LLC, et al.*,

    No. SACV 15-00131-CJC(JCGx), ECF No. 17 (C.D. Cal. May 7, 2015) .........6

*Hardy v. Embark Technology Inc., et al.*,

    No. 3:22-cv-02090-JSC, ECF No. 24 (N.D. Cal. July 7, 2022) ........................7

*Houghton v. Leshner*,

    No. 22-cv-07781-WHO, 2023 U.S. Dist. LEXIS 42732 (N.D. Cal. Mar. 13, 2023)..............................................................................................................................10

*Hunter v. Elanco Animal Health Incorporated, et al.*,

    No. 1:20-cv-01460-SEB-DML, ECF No. 27 (S.D. Ind. Sept. 2, 2020)..............7

*Kim v. Allakos Inc., et al.*,

    No. 20-cv-01720-JSW, ECF No. 20 (N.D. Cal. June 4, 2020)..........................7

*Kristian v. Comcast Corp.*,

446 F.3d 25 (1st Cir. 2006) ...................................................................................5

*McCormack v. Dingdong (Cayman) Ltd.*,

2022 U.S. Dist. LEXIS 215864 (S.D.N.Y. Nov. 30, 2022) .............................10

*In re Merck & Co. Sec. Litig.*,

432 F.3d 261 (3d Cir. 2005)..................................................................................3

*Nayani v. Lifestance Health Grp., Inc.*,

2022 U.S. Dist. LEXIS 209104 (S.D.N.Y. Nov. 17, 2022) ........................5, 8, 9

*Osher v. Guess?, Inc.*,

CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001)......................................................................................................................4

*Pino v. Cardone Capital, LLC,*

No. 2:20-cv-08499-JFW (KSx), 2020 U.S. Dist. LEXIS 240317 (C.D. Cal. Dec. 18, 2020) ......................................................................................................3

*Pratyush v. Full Truck Alliance Co. Ltd.*,

No. 1:21-cv-03903-LDH-MMH, ECF No. 11 (E.D.N.Y. July 1, 2022) ............7

*Schwartz v. Opus Bank,*

No. CV 16-07991-AB (JPRx), 2017 U.S. Dist. LEXIS 217637 (C.D. Cal. Feb. 23, 2017)...............................................................................................................12

*Shroyer v. New Cingular Wireless Servs.*,

498 F.3d 976 (9th Cir. 2007)................................................................................5

*Skrzeczkoski v. Intelligent Systems Corporation, et al.*,

No. 19-cv-3949 (ARR) (CLP), ECF No. 35 (E.D.N.Y. Sept. 26, 2019) ............8

*Solomon v. Sprint Corporation, et al.*,

No. 1:19-cv-05272-MKV, 2020 U.S. Dist. LEXIS 84756 (S.D.N.Y. May 13, 2020)......................................................................................................................7

*Staton v. Boeing Co.*,

327 F.3d 938 (9th Cir. 2003)..............................................................................12

*Stein v. Bridgepoint Education, Inc., et al.,*

    No. 19cv460-WQH-MSB, 2019 U.S. Dist. LEXIS 129773 (S.D. Cal. Aug. 2,

    2019) ........................................................................................................................8

*Subramanian v. Watford, et. al.,*

    2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021) ................................13

*Takeda v. Turbodyne Technologies, Inc.,*

    67 F. Supp. 2d 1129 (C.D. Cal. 1999) ...............................................................3

*In re Waste Mgmt., Inc.,*

    128 F. Supp. 2d 401 (S.D. Tex. 2000) ...............................................................3

*Welgus v. TriNet Grp., Inc.,*

    No. 15-cv-03625-BLF, 2015 U.S. Dist. LEXIS 162547 (N.D. Cal. Dec. 3,

    2015) ......................................................................................................................12

*Yaron v. Intersect ENT, Inc.,*

    No. 4:19-cv-02647-JSW, ECF No. 21 (N.D. Cal. Sept. 24, 2019) ...................8

**Statutes**

15 U.S.C. § 78u-4 .........................................................................................2, 3, 5

**Other Authorities**

Annotated Manual for Complex Litig. (Fourth)

    § 10.21 cmt. .............................................................................................................3

H.R. Conf. Rep. 104-369 (1995) ..........................................................................5

**Rules**

Fed. R. Civ. P. 23(a) .....................................................................................passim

Lead plaintiff movant Dr. Kevin Douglas ("Dr. Douglas") respectfully submits the following reply memorandum in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Levi & Korsinsky, LLP as Lead Counsel.

## I.    PRELIMINARY STATEMENT

Dr. Douglas should be appointed as the lead plaintiff in this class action securities fraud lawsuit. He is the movant with the "largest financial interest" in the outcome of the litigation and has made the requisite *prima facie* showing of adequacy and typicality under Federal Rule of Civil Procedure 23(a). As such, Dr. Douglas is the presumptive lead plaintiff and should be permitted to represent the shareholder class in this action against PLDT and its current and former senior officers.

Movant Sophia Olsson, the only other movant for lead plaintiff, opposes Dr. Douglas' motion in part. She does not dispute Dr. Douglas' financial interest, typicality or adequacy, but instead asks to be appointed as a "co-lead" plaintiff for the benefit of the class. This is not necessary. Dr. Douglas is more than capable of serving as the class representative. He earned his undergraduate degree from Princeton University before graduating from medical school at Emory University. Dr. Douglas then spent his career practicing medicine for the U.S. Army around the world, including stateside at Walter Reed in Washington D.C. as well as stations in Iraq, Afghanistan, and South Korea. Dr. Douglas also retained Levi & Korsinsky, LLP, to serve as lead counsel, a nationally recognized premier securities litigation firm. On behalf of the class, Dr. Douglas negotiated a competitive fee agreement and implemented a monthly reporting plan which will allow him to stay apprised of all material developments in the litigation. There is no need to risk duplication of work or burden the class in this case with the appointment of "co-lead" plaintiffs or "co-lead" counsel.

Defendants also raise meritless arguments in opposition to Dr. Douglas'

motion. *First*, the PSLRA does not allow Defendants to object to Dr. Douglas' adequacy or typicality at the lead plaintiff stage. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (". . . may be rebutted only upon proof by *a member of the purported plaintiff class*") (emphasis added). *Second*, even if the Court was inclined to consider Defendants' arguments (it should not), the vast majority of the case law holds that an investor should not be precluded from serving as a lead plaintiff simply because the defendants consider his or her loss to be too small. The PSLRA does not preclude small investors from serving as lead plaintiffs and, indeed, such a position would run headlong into decades of precedent supporting class action litigation in general. *See*, *e.g.*, *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.").

Dr. Douglas seeks to represent a class of PLDT shareholders to recover losses they sustained as a result of Defendants' fraud. The allegations against Defendants are strong. They include admissions from the company concerning internal investigations, capital expenditure overruns in the hundreds of millions of dollars, executive officer suspensions, and insider trading. Collectively, PLDT's investors have lost substantial amounts of money and ought to be allowed to recover it. Dr. Douglas should be allowed to represent those investors in accomplishing that goal without interference from Defendants. *See Abelson v. Strong,* No. 85- 0592-S, MDL No. 584, 1987 U.S. Dist. LEXIS 7515, at *6 (D. Mass. July 30, 1987) ("There is an irony inherent in defendants' attempts to protect absent class members when their real hope is to deny plaintiffs any recovery.").

## II.   ARGUMENT

### A.   There is No Need for Co-Lead Counsel.

Ms. Olsson's only argument against Dr. Douglas' motion is that she should be appointed "co-lead" for the benefit of the class. Olsson Opp., ECF No. 15 pp. 3-

4. Dr. Douglas and his chosen counsel Levi & Korsisnky are able to litigate the action without the need of additional representation or counsel. Moreover, "if one firm can fulfill the lead counsel role, adding more firms adds nothing to the process, and may only make it more cumbersome or expensive." Annotated Manual for Complex Litig. (Fourth) § 10.21 cmt. (Lead Counsel); *see also Pino v. Cardone Capital, LLC,* No. 2:20-cv-08499-JFW (KSx), 2020 U.S. Dist. LEXIS 240317, at *12 (C.D. Cal. Dec. 18, 2020) (quoting *Basile v. Valeant Pharmaceuticals International, Inc.,* No. SACV 14-2004 DOC(ANx), 2015 U.S. Dist. LEXIS 192315, at *10 (C.D. Cal. May 5, 2015) ("[T]he Court is not inclined to force the . . . plaintiffs and their law firms into an arranged marriage when [one] of them do[es] not want to be a part of it.")). Accordingly, Dr. Douglas respectfully requests that the Court deny Ms. Olsson's request to be appointed as co-lead plaintiff.

**B.    The Court Should Reject Defendants' Opposition to the Lead Plaintiff Motions or, Alternatively, Defer Consideration of the Arguments to Class Certification Proceedings.**

Defendants do not have standing to oppose Dr. Douglas' motion for lead plaintiff. The PSLRA states explicitly that the adequacy of a lead plaintiff movant "may be rebutted only upon proof by *a member of the purported plaintiff class*." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). "Based on the express language of the statute, . . . [D]efendants lack standing to challenge the adequacy or typicality of [Dr. Douglas] at this early stage of the litigation." *In re Waste Mgmt., Inc.*, 128 F. Supp. 2d 401, 409 (S.D. Tex. 2000) (collecting cases); *Takeda v. Turbodyne Technologies, Inc.*, 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999). This makes sense given that "'defendants will rarely have the best interests of the class at heart.'" *Blake Partners, Inc. v. Orbcomm, Inc.*, No. 07-4517 (WHW), 2008 U.S. Dist. LEXIS 43061, at *10 (D.N.J. June 2, 2008) (quoting *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005)).

Indeed, Defendants do *not* have the "best interests of the class at heart." *Id.*

They presently face strong allegations of securities fraud involving internal investigations into capital expenditure costs, management reorganizations, and internal control weaknesses. *See* Complaint, ¶46. The events at issue in the lawsuit have already spurred an investigation by the Philippines' Securities and Exchange Commission. *Id.* at ¶47. Senior executives within the company have since been suspended and additional investigations are being commenced over accusations of insider trading. *Id.* at ¶48. Thus, Defendants' opposition to the lead plaintiff motions should be recognized for what it is: a thinly-veiled attempt to avoid significant exposure and public scrutiny by disqualifying the lead plaintiffs at the earliest stages of this securities fraud class action lawsuit.

Defendants' opposition should be disregarded. *See In re Diasonics Sec. Litig.,* 599 F. Supp. 447, 450-51 (N.D. Cal. 1984) ("When it comes . . . to determining whether the representative parties will fairly and adequately protect the interests of the class, . . . . it is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house."). If anything, their arguments should be deferred until class certification proceedings. *See Osher v. Guess?, Inc.,* CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *6, n.4  (C.D. Cal. Apr. 26, 2001); *see also Greebel v. FTP Software*, 939 F. Supp. 57, 60-61 (D. Mass. 1996) (defendants "may not oppose the motion [for lead plaintiff appointment] on grounds relating to the moving parties' satisfaction of the [adequacy and typicality] criteria")).

### C.    The PSLRA Does Not Preclude Small Investors from Serving as Lead Plaintiff.

Defendants mischaracterize the legislative intent behind the PSLRA. "[T]he PSLRA responded to . . . the 'race to the courthouse' [problem] in which the first plaintiff to file (typically, a law firm's hapless recruit) would represent the class by default. The solution was to establish an orderly, competitive process through which aspiring class representatives could prove their merits." *Nayani v. Lifestance Health*

*Grp., Inc.,* 2022 U.S. Dist. LEXIS 209104, at *14 (S.D.N.Y. Nov. 17, 2022) (citing H.R. Conf. Rep. 104-369 at 732 (1995)). Importantly, "***Plaintiffs with low stakes are not disqualified from entering that competition***." *Id.* (emphasis added). Nothing in the statute nor the legislative history states that movants must establish losses of some particular size to serve as lead plaintiff. Nor do Defendants explain why Dr. Douglas' alleged loss is too small, or how they arrived at that unsupported conclusion. Under the straightforward application of the PSLRA's text, following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Within the statutory text, a movant need only have the "largest financial interest" relative to the other movants. *Id.* Indeed, no rule of preclusion would be present, as Rule 23 of the Federal Rules of Civil Procedure exists for the purpose of enabling shareholders, like Dr. Douglas, who have lost an amount of money that would not ordinarily justify the costs of a private action, to bring a class action. The fundamental premise of class action litigation is to provide plaintiffs who suffer small losses with a path for recourse through aggregate litigation. *Amchem*, 521 U.S. at 617; *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 161 (1974) (stating that in a case involving small damages that the "[e]conomic reality dictates that [a plaintiff's] suit proceed as a class action or not at all"); *Shroyer v. New Cingular Wireless Servs.*, 498 F.3d 976, 992 (9th Cir. 2007); *Kristian v. Comcast Corp.*, 446 F.3d 25, 54 (1st Cir. 2006); *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). This tenet of class action litigation has been upheld and affirmed by the courts for decades. Defendants offer no reason to break from this precedent,

other than the apparent self-interested reason of avoiding this litigation altogether.

Furthermore, this "threshold amount" argument raises serious concerns because, if accepted, it would require courts to determine in every instance what a "sufficient financial interest" would be to incentivize that particular movant to monitor counsel. What incentivizes one shareholder may not incentivize another, as significance of a financial loss is subjective. The PSLRA, in an effort to create a straightforward process and not create conflicting caselaw, allows for comparison of shareholders only by determining who has the "largest financial interest." *See In re Cavanaugh,* 306 F.3d 726, 731-32 (9th Cir. 2002) ("Here, the Reform Act provides in categorical terms that the *only* basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy.") (emphasis in original). In interpreting the PSLRA, the Ninth Circuit in *Cavanaugh* explicitly found that "[t]he court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Id.* at 727. Were this threshold amount rule adopted, a District Court could never complete this process, as every other movant with a lower financial interest would automatically fail to meet the adequacy requirements. The Court should not allow Defendants to muddy the PSLRA's clear process by ruling that a shareholder can have the "largest financial interest" but still not large enough to be appointed.

As this Court correctly held when it appointed a movant with a claimed loss smaller than Dr. Douglas' in a securities fraud class action: pursuant to the PSLRA, "courts are ***required*** to adopt a presumption that the most adequate plaintiff" is the shareholder who moves for lead plaintiff that possesses "the largest financial interest in the relief sought by the class" and otherwise satisfies the requirements of Rule 23. *Hampton v. Pacific Investment Management Company LLC, et al.,* No. SACV 15-00131-CJC(JCGx), ECF No. 17, pp. 2-3 (C.D. Cal. May 7, 2015)

(Carney, J.) (appointing movant as lead plaintiff with a *$75* loss, and approving his selection of Levi & Korsinsky, LLP as lead counsel).[1]

The vast majority of cases from around the country likewise hold that small shareholders are adequate and typical under Rule 23 and should serve as the lead plaintiff in securities class actions. *See Hardy v. Embark Technology Inc., et al.,* No. 3:22-cv-02090-JSC, ECF No. 24 (N.D. Cal. July 7, 2022) (appointing movant as lead plaintiff with a *$953* loss); *Pratyush v. Full Truck Alliance Co. Ltd.,* No. 1:21-cv-03903-LDH-MMH, ECF No. 11 (E.D.N.Y. July 1, 2022) (appointing movant as lead plaintiff with a *$77* loss); *Hunter v. Elanco Animal Health Incorporated, et al.,* No. 1:20-cv-01460-SEB-DML, ECF No. 27 (S.D. Ind. Sept. 2, 2020) (appointing movant as lead plaintiff with a *$344* loss); *Gray v. Alpha and Omega Semiconductor Limited, et al.,* No. 20-cv2414 (RA) ECF No. 14 (S.D.N.Y. July 1, 2020) (appointing movant as lead plaintiff with a *$450* loss); *Kim v. Allakos Inc., et al.,* No. 20-cv-01720-JSW, ECF No. 20 (N.D. Cal. June 4, 2020) (Movant with *$639* loss found to have "shown he has the largest financial interest . . . and *prima facie* satisfie[d] the typicality and adequacy requirements of Rule 23"); *Solomon v. Sprint Corporation, et al.,* No. 1:19-cv-05272-MKV, 2020 U.S. Dist. LEXIS 84756, at *5-6 (S.D.N.Y. May 13, 2020) (Court found movant with a *$65* loss to be the "most adequate plaintiff" because his loss "[was] the largest among all interested class representatives" and he "made a sufficient preliminary showing that he satisfie[d] the requirements of Rule 23"); *Baldwin v. Net 1 UEPS Techs., Inc.,* No. 19-cv-11174 (PKC), 2020 U.S. Dist. LEXIS 53522, at *7 (S.D.N.Y. Mar. 25, 2020) (finding movant both typical and adequate even though he "allege[d] a relatively modest loss" of *$23.89*. "[Movant's] financial loss and his moving to be appointed lead plaintiff ***demonstrate sufficient interest in the outcome of the case***."); *Skrzeczkoski v. Intelligent Systems Corporation, et al.,* No. 19-cv-3949

---

[1] A copy of the Court's order in *Hampton* is attached as Exhibit A to the accompanying Supplemental Declaration of Adam M. Apton.

(ARR) (CLP), ECF No. 35 (E.D.N.Y. Sept. 26, 2019) (apponting movant as lead plaintiff with an *$843* loss); *Yaron v. Intersect ENT, Inc.,* No. 4:19-cv-02647-JSW, ECF No. 21 (N.D. Cal. Sept. 24, 2019) (appointing movant as lead plaintiff with a *$622* loss); *Stein v. Bridgepoint Education, Inc., et al.,* No. 19cv460-WQH-MSB, 2019 U.S. Dist. LEXIS 129773 (S.D. Cal. Aug. 2, 2019) (Court concluded movant with a *$28* loss satisfied the the typicality and adequacy requirements.).[2]

Judge Jed Rakoff from the Southern District of New York thoroughly addressed this issue recently in *Nayani v. Lifestance Health Group, Inc.,* 2022 U.S. Dist. LEXIS 209104 (S.D.N.Y. Nov. 17, 2022). In *Nayani*, the lead plaintiff had a loss of $385. Judge Rakoff held that "[t]he PSRLA's lead plaintiff provisions do not erect a barrier that prevents any plaintiff with a small stake from representing a class." *Id*. at *14. Instead,  "the text of the PSLRA . . . establishes relative tests, *i.e.,* inquiries into which of the moving plaintiffs is *most* qualified to represent the class." *Id*. (emphasis in original). Contrary to Defendants' arguments, Dr. Douglas is just as adequate (if not more so) than the lead plaintiff in *Nayani*. Like the lead plaintiff in *Nyani*, Dr. Douglas has negotiated a competitive retainer agreement with counsel that will benefit the class. *See* Douglas Supp. Decl. at ¶5. Moreover, Dr. Douglas "has shown an active interest in this case through [planning] meeting[s] with [his] attorneys on a [monthly, and more frequently as needed] basis to discuss the matter." *Nyani*, 2022 U.S. Dist. LEXIS 209104, at *13; Douglas Supp. Decl. at ¶4. Futher, Dr. Douglas "has experience overseeing attorneys" similar to the *Nyani* plaintiff, as he not only has been overseeing counsel in this action, he has separately hired and oversaw counsel relating to family law matters. *Nyani*, 2022 U.S. Dist. LEXIS 209104, at *13; Douglas Decl. at ¶2. Dr. Douglas has demonstrated "his willingness and ability to represent the interests of the class[]" satisfying the adequacy requirement of Rule 23, regardless of "hav[ing] only a small financial

---

[2] Copies of the above-cited unreported decisions are attached to the accompanying Supplemental Declaration of Adam M. Apton.

interest at stake." *Nyani*, 2022 U.S. Dist. LEXIS 209104, at *14; Douglas Supp. Decl. at ¶3.

Similar to *Nyani*, in *Fagen v. Enviva Inc.,* No. 22-CV-2844, 2023 U.S. Dist. LEXIS 16866 (D. Md. Jan. 31, 2023), the court appointed a shareholder as lead plaintiff who had a loss of $721. Exactly like the appointed lead plaintiff in *Fagen*, Dr. Douglas has evidenced that he is both typical and adequate of the Class, as "[h]is claims and the claims of the other class members are the same. He alleges . . . that Defendants made false or misleading statements and/or failed to disclose material facts in violation of the Exchange Act, he purchased securities of Defendant [PLDT] during the class period, and he claims to have sustained damages due to the drop in [PLDT's] share price upon the disclosure of those misrepresentations and/or omissions . . . . There has been no suggestion of conflict of interest with the other class members [either]." *Id*. at *5; *see also* Memorandum in Support of Motion, ECF No. 9-1 at pp. 5-6; Douglas Opposition, ECF No. 14. Moreover, the *Fagan* court found that the movant there evidenced adequacy because he filed a declaration "attest[ing] to his investing experience, his motivation to recover losses experienced by himself and the class, his understanding of the responsibilities of a lead plaintiff, his commitment to working with counsel and attending matters related to the prosecution of this litigation on behalf of the class, and his intention to prosecute this litigation in "an independent and vigorous manner." *Id*. at *6. Dr. Douglas has not only submitted a substantively similar declaration with his opening motion (ECF No. 9-6), he has also submitted an additional declaration further attesting to his commitment to this case. *See generally* Douglas Supp. Decl. Ultimately, the *Fagan* court appointed the movant claiming a small loss because "disqualify[ing] moving plaintiffs solely because they have only suffered a modest loss would be 'at odds with both the text and the purpose of the PSLRA, not to mention one of the main purposes of aggregate litigation itself." *Id*. at *5-6 (quoting *Nayani*, 2022 U.S. Dist. LEXIS 209104, at *14.).

Most recently, in *Houghton v. Leshner*, No. 22-cv-07781-WHO, 2023 U.S. Dist. LEXIS 42732 (N.D. Cal. Mar. 13, 2023), Judge William H. Orrick appointed as lead plaintiff a group of movants who collectively expended about $80 on their purchase of a cryptocurrency token. *Id.* at \*3-\*4. Significantly, the defendants in that case opposed the lead plaintiff group's motion with the same cases Defendants cite here. Judge Orrick rejected the cases and the argument posited by the defendants, holding instead to follow the reasoning in *Nayani*. *See id.* at \*6 ("Here I find that the Plaintiffs are not disqualified by the small size of their alleged losses."). In appointing the lead plaintiff group, Judge Orrick relied in part on the "declarations from Plaintiffs" and the fact that "no other argument and no evidence ha[d] been raised by [the defendants] or anyone else regarding these Plaintiffs' adequacy." *Id.* Dr. Douglas has made the same showing here and, in response, no one has submitted any other argument or evidence disputing his adequacy.

Defendants' legal support for their argument is distinguishable and unauthoratative. In *McCormack v. Dingdong (Cayman) Ltd.,* 2022 U.S. Dist. LEXIS 215864, \*16-17 (S.D.N.Y. Nov. 30, 2022), the court denied the appointment of a plaintiff who had no *recoverable* loss (because he sold his shares prior to any corrective disclosure) and submitted only "a pro forma certification that include[d] no details about his background, years of investing experience, or other indicia of sophistication." *Id.* Dr. Douglas is vastly different than the plaintiff in *McCormack*, as he not only provided the necessary PSLRA certification, but also two declarations evidencing his typicality and adequacy to serve as lead plaintiff.

Defendants also misplace reliance on *Bosch v. Credit Suisse Grp. AG*, 2022 U.S. Dist. LEXIS 170127 (E.D.N.Y. Sept. 12, 2022). In that case, the named plaintiff who filed the original complaint suffered a significantly greater loss than the movant that was ultimately denied appointment. During the lead plaintiff proceedings, the court inquired why the initial named plaintiff had not moved for lead plaintiff. Counsel, who represented both the named plaintiff and the lead

plaintiff movant, provided the court with a declaration from the named plaintiff stating that he had "decided not to seek to serve as Lead Plaintiff" due to "various professional obligations." *Id*. at *16 n.3. The court then reviewed the lead plaintiff movant's retainer agreement with counsel and held it "strongly favor[ed] counsel over the putative class." *Id*. at *17-18. Collectively, the defects associated with the lead plaintiff's motion led the court to conclude that he failed to demonstrate his adequacy and that appointing him lead plaintiff would have resulted in a lawyer-driven litigation. *Id*. at *18. None of these facts are present in the case at bar. To the contrary, Dr. Douglas has a larger financial interest in the case than the initial movant, Ms. Olsson. *See* Douglas Loss Chart, ECF No. 9-4, *c.f.* Olsson Loss Chart, ECF No. 13-3. He also has a competitive retainer agreement with his lawyers at Levi & Korsinsky, LLP, and has put in place controls to ensure routine and timely updates from his attorneys. *See* Douglas Supp. Decl. at ¶¶4-5.

Defendants' last case, *Guo v. Tyson Foods, Inc.*, No. 21-CV-00552-AMD-JRC, 2022 U.S. Dist. LEXIS 180854 (E.D.N.Y. Sep. 30, 2022), is equally unpersuasive. As evidenced by a review of the docket, the case suffered from a number of significant infirmities that do not exist in the present matter. The lawsuit was filed initially by Mingxue Guo. Despite filing the case, Mr. Guo did not have any recoverable damages because he purchased his shares for prices that were "less than the PSLRA's 90-day 'lookback' price" meaning that he "suffered no compensable losses" and arguably never had "standing to sue." *Guo*, ECF No. 13 at 2. Then, at the lead plaintiff stage, the only shareholder to file a motion suffered similar standing defects due to the fact that he acquired his shares through the exercise of naked put options. *Id*. The court rejected the shareholder's motion and allowed an additional round of lead plaintiffs to submit applications. Thus, by the time the prospective lead plaintiffs filed the specific motion that was adjudicated in *Guo*, the case had already suffered serious setbacks. In that context, Magistrate Judge James R. Cho decided to deny a motion for lead plaintiff filed by two

shareholders who moved jointly for lead plaintiff as a group and, like the shareholders before them, were also allegedly subject to "unique defenses." *Guo*, 2022 U.S. Dist. LEXIS 180854, at *5 (defendants argued that one of the group members did not have a "cognizable loss" and the other was "subject to unique defenses" relating to standing). The procedural background that drove the court's decision in *Guo* does not exist here. Further, Dr. Douglas is not subject to any "unique defenses" and has, unlike the *Guo* movants, suffered a "cognizable loss."

### D.     Dr. Douglas Satisfies the Requirements of Rule 23.

At the lead plaintiff stage, the movant need only make a *prima facie* showing that he or she satisfies the typicality and adequacy requirements of Rule 23. *Cavanaugh*, 306 F.3d at 730-31. The adequacy requirement of Rule 23 is satisfied when a class representative establishes that it will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The test for adequacy asks whether the lead plaintiff and his counsel 'have any conflicts of interest with other class members' and whether the lead plaintiff and his counsel will 'prosecute the action vigorously on behalf of the class.'" *Welgus v. TriNet Grp., Inc.,* No. 15-cv-03625-BLF, 2015 U.S. Dist. LEXIS 162547, at *8 (N.D. Cal. Dec. 3, 2015) (*quoting Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Cir. 2003)). The adequacy requirement is met if no conflicts exist between the representative's interests and those of the class, and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation. *Schwartz v. Opus Bank,* No. CV 16-07991-AB (JPRx), 2017 U.S. Dist. LEXIS 217637, at *6-7 (C.D. Cal. Feb. 23, 2017).

Dr. Douglas has gone above and beyond a preliminary showing of adequacy in this action. He satisfies the adequacy inquiry because his interests do not diverge in any way from the class' interests. Dr. Douglas has also chosen Levi & Korsinsky, LLP, to represent him and the Class, qualified lead counsel that is highly experienced in securities class actions. *See*, *e.g.*, *Gilbert v. Azure, et al.,* No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793, at *17 (S.D.N.Y. Dec. 8, 2022)

(appointing Levi & Korsinsky noting the firm "is experienced in securities class action litigation" and "has been appointed by judges in this [d]istrict to serve as lead counsel or co-lead counsel in other matters"); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"). Dr. Douglas has already taken steps to protect the rights of the PLDT shareholders including submitting his transactions to the Court, and certifying that he is willing to serve as a class representative. *Fragala v. 500.com Ltd.,* 2015 U.S. Dist. LEXIS 188276, at *30 (C.D. Cal. July 7, 2015) (providing transactions and submitting certification  "suggests [Dr. Douglas] will adequately represent the proposed class"). Beyond that, Dr. Douglas has now submitted two declarations to the Court that evidence his commitment to this case. As evidenced in his Supplemental Declaration, Dr. Douglas has negotiated with his counsel a competitive fee agreement that benefits the Class.  *Id*. at ¶5. Moreover, he has planned to stay engaged and actively participate in this litigation by having monthly meetings with counsel, and more frequest as necessary. *Id*. at ¶4. Importantly, Dr. Douglas explained that despite Defendants' claim that his loss is too low to sufficiently ensure adequate representation, the amount he lost "is important to [him], and [he is] committed to serving as the lead plaintiff in this action."

Dr. Douglas is not the "'figurehead[ed]' plaintiff[] who [is] unlikely to monitor [his] attorneys' activities," as Defendants imply. Defendants Opp. at 3. Rather, he is a retired United States Army medical doctor. Douglas Decl., at ¶2.  He has been trading in securities for 25 years. *Id*. He can adequately represent the Class' interest as its fiduciary. He will prosecute the claims in the action vigorously on behalf of the Class. Dr. Douglas, through counsel, seeks to recover losses for all

members of the Class suffered as a result of the allegations in this Action. *City of Harper Woods Emples. Ret. Sys. v. AXT, Inc.*, 2005 U.S. Dist. LEXIS 50345, at *11-12 (N.D. Cal. Feb. 4, 2005) (adequacy satisfied where no antagonism exists between movant and class).

## III. CONCLUSION

For the foregoing reasons, Dr. Douglas respectfully requests that the Court grant his Motion and enter an order: (1) appointing Dr. Douglas as Lead Plaintiff, (2) approving Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: April 24, 2023                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Kevin Douglas and [Proposed] Lead Counsel for the Class*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Kevin Douglas, certifies that this brief contains 4,608 words, which complies with the word limit of L.R. 11-6.1. Executed this 24th day of April, 2023.

*/s/ Adam M. Apton*
Adam M. Apton

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On April 24, 2023, I electronically filed the following **KEVIN DOUGLAS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS  LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 24, 2023.

> */s/ Adam M. Apton*
> Adam M. Apton