# EXHIBIT A

5

Case 8:15-cv-00131-CJC-JCG   Document 17   Filed 05/07/15   Page 1 of 5   Page ID #:95

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

|  |  |
|---|---|
| WILLIAM T. HAMPTON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, PIMCO INVESTMENTS LLC, and PIMCO TOTAL RETURN FUND,<br><br>      Defendants. | Case No.: SACV 15-00131-CJC(JCGx)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

## I. INTRODUCTION & BACKGROUND

Plaintiff William T. Hampton brings this putative securities class action against Defendants Pacific Investment Management Company LLC, Pimco Investments LLC, and Pimco Total Return Fund (collectively, "Defendants") on behalf of all investors in PIMCO's Total Return Fund (the "Fund"). (Dkt. No. 1 ["Compl."].) Mr. Hampton

Case 2:23-cv-00985-FLA-MAA    Document 21-1    Filed 04/24/23    Page 3 of 6    Page ID
Case 8:15-cv-00151-CJC-JCG    Document 17-1    Filed 05/07/15    Page 2 of 5    Page ID#:99
#:285

alleges that Defendants failed to properly disclose the Fund's true investment, leading a number of institutional investors to withdraw from the Fund and leaving small investors with damages.  (Compl. ¶ 1.)  Before the Court is Mr. Hampton's motion for appointment as lead plaintiff and approval of his selection of counsel.  (Dkt. No. 7 ["Pl.'s Mot."].)  For the following reasons, Mr. Hampton's motion is GRANTED IN PART.

## II.  ANALYSIS

### A.      Appointment of Lead Plaintiff

A plaintiff who seeks to bring a securities class action under the Private Securities Litigation Reform Act ("PSLRA") must, within 20 days of the filing of the complaint, publish a notice of the putative class action's pendency, claims, and purported class period "in a widely circulated national business-oriented publication or wire service."  15 U.S.C. § 78u-4(a)(3)(A)(i).  Any member of the purported class then has 60 days from the date on which the notice is published to file a motion to be appointed lead plaintiff. *Id.*  Mr. Hampton filed the Complaint on January 28, 2015.  (Dkt. No. 1.)  That same day, Mr. Hampton also published a notice of the class action through PR Newswire.  (Pl.'s Mot., Exh. B.)  Mr. Hampton timely filed this motion for appointment as lead plaintiff and no other individual has made a motion to be appointed lead plaintiff in this case.  Mr. Hampton has satisfied the notice requirements of the PSLRA.

In choosing a lead plaintiff, courts are required to adopt a presumption that the most adequate plaintiff is "the person or group of persons that –(aa) has either filed the complaint or made a motion in response to [the publication of notice of the action], (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726,

729–30 (9th Cir. 2002). "[T]he district court must consider the losses already suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff'—and hence the presumptive lead plaintiff—the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *Id.* Here, although Mr. Hampton acknowledges that it is possible that there are other members who made larger financial investments in the Fund, no other members have objected or sought to be appointed as lead plaintiffs themselves. (Dkt. No. 14 ["Supplemental Br."] at 3.) Mr. Hampton filed the Complaint and alleges that he had purchased 138 shares for approximately $1,550.00 during the class period, (Dkt. No. 7-3, ["Pl.'s Cert."]; Supplemental Br.). Mr. Hampton also clarified that he has suffered a loss of approximately $75.00. (Supplemental Br. at 3–4 ["This loss was calculated by subtracting the mean trading price of the Fund for the 90-day period following the class period from Plaintiff's purchase prices."]; Exh. A.)

Mr. Hampton has also made a sufficient preliminary showing that he can satisfy Rule 23's typicality and adequacy requirements. *See Cavanaugh*, 306 F.3d at 730 (finding that for purposes of appointing a lead plaintiff, the focus is only on the typicality and adequacy prongs of Rule 23(a)). A prospective lead plaintiff's claims are typical of other class members' claims when they arise from the same course of conduct that gives rise to the claims of the class members and are based on the same legal theory. *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Mr. Hampton is an investor in the Fund who seeks to bring suit on behalf of other investors who acquired securities between January 16, 2012 and September 11, 2014 at prices artificially inflated by Defendants' allegedly false and misleading statements. The Complaint alleges that Defendants' misrepresentations have resulted in losses for investors. These allegations make a preliminary showing that Mr. Hampton's claims are typical of the claims of the other members of the investor class.

A prospective lead plaintiff is "adequate" if the person does not have conflicts of interest with the proposed class. When evaluating whether a class representative is adequate, courts assess whether he has interests antagonistic to the class, and whether his counsel have the necessary capabilities and qualifications. *In re Emulex Corp.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002). There is no evidence of any conflicts of interest between Mr. Hampton and other investors in the Fund. Mr. Hampton's interests aligned with those of other class members because each member of the class purchased PIMCO securities in reliance on its allegedly misleading statements. And Mr. Hampton has represented that he is willing and able to undertake the responsibility of a lead plaintiff and has retained experienced lead counsel. Accordingly, because Mr. Hampton has satisfied all three statutory elements under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), he is designated the lead plaintiff in this case.

## B. Appointment of Lead Counsel

The PSLRA provides that once the court has selected the most adequate plaintiff, the "most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The statute expressly grants discretionary authority to the Court to refuse to approve a lead plaintiff's selection of counsel. *In re Cohen*, 586 F.3d 703, 709 (9th Cir. 2009). However, the Court may not select counsel on behalf of plaintiff. *Id.* at 709–10. "Should the court disagree with the lead plaintiff's choice it should clearly state why . . . and should direct the lead plaintiff to undertake an acceptable selection process." *Id.* at 709 (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 273, 277 (3d Cir. 2001)). Mr. Hampton has selected the law firm of Levi & Korsinsky as lead counsel and Osborn Law as liaison counsel in this case. The Court has reviewed Levi & Korsinsky's firm resume, (Dkt. No. 7-5), and approves the firm as lead counsel. Levi & Korsinsky had successfully served as counsel in many other

9   -4-

securities class actions and their attorneys have extensive experience in handling large, complex litigation.

The Court, however, declines to appoint liaison counsel at this juncture. Nowhere in Mr. Hampton's motion and supporting documents does he explain the proposed liaison counsel's proposed role and responsibilities in this action. (*See* Pl.'s Mot.) Nor can the Court make any determination with regard to the liaison counsel's capabilities to serve on this case, as Mr. Hampton fails to provide the Court with any evidence of Osborn Law's past experiences and qualifications.

## III.  CONCLUSION

For the foregoing reasons, Mr. Hampton's motion for appointment as lead plaintiff and approval of Levi & Korsinsky as lead counsel for this putative class action is GRANTED. Mr. Hampton's selection of Osborn Law as liaison counsel is DENIED WITHOUT PREJUDICE.

DATED:     May 7, 2015

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

10   -5-