Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Sophia Olsson and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA OLSSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE, L. CHUA, MARILYN A. VICTORIO-AQUINO, ABNER TITO L. ALBERTO, GIL SAMSON D. GARCIA, MA. LOURDES C. RAUSA-CHAN, FLORENTINO D. MABASA JR. AND JUNE CHERYL A. CABAL-REVILLA,<br><br>Defendants. | Case No. 2:23-cv-00885-CJC-MAA<br><br>**SOPHIA OLSSON'S REPLY TO DEFENDANT'S OPPOSITION TO LEAD PLAINTIFF MOTION, DKT. NO. 19**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Cormac J. Carney<br>HEARING: May 8, 2023<br>TIME: 1:30 p.m.<br>CTRM: 9B |

REPLY OF SOPHIA OLSSON TO DEFENDANT'S OPPOSITION TO LEAD PLAINTIFF MOTION – Case No. 2:23-cv-00885-CJC-MAA

Sophia Olsson ("Olsson" or "Movant"), by and through her counsel, submits this reply to the Defendants' Response (the "Response") to her Notice of Motion and Motion for Appointment of Counsel and Lead Plaintiff (the "Lead Plaintiff Motion"), Dkt. No. 11.

**A. Defendants Lack Standing to Oppose the Lead Plaintiff Motions**

Defendants lack standing to oppose the Lead Plaintiff motions.  The plain language of the PSLRA provides that only "members of the purported plaintiff class" may show that a lead plaintiff movant "will not fairly and adequately protect the interests of the class; or [. . .] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u4(a)(3)(B)(iii)(II)(aa) and (bb).

Courts agree. *E.g., Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999) ("[t]hus defendants lack standing to object to the adequacy or typicality of the proposed lead plaintiffs at this stage of the litigation"); *Gluck v. CellStar Corp.,* 976 F.Supp 542, 550 (N.D. Tex. 1997) ("[t]he statute is clear that only *potential plaintiffs* may be heard regarding appointment of a lead plaintiff. Rebuttal of the presumption of the most adequate plaintiff is limited to "proof *by a member of the purported plaintiff class.*" (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphases in original)).

2

*See also Yang v. Trust for Advised Portfolios*, 2022 WL 970772, at \*4, fn.3 (E.D.N.Y. Mar. 31, 2022) (declining to address arguments raised by Defendants because "the most adequate plaintiff presumption ***may be rebutted "only upon proof by a member of the purported plaintiff class[.]"***) (emphasis added); *Labul v. XPO Logistics, Inc.,* 2019 WL 1450271, at \*7-8 (D. Conn. April 2, 2019) ("The PSLRA provides that "[t]he presumption … may be rebutted only upon proof by a member of the purported class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). […] [T]he statutory language makes clear that *class members*, not defendants, may rebut the presumption. Accordingly, the Court holds that Defendants lack standing to oppose the presumption that the [movant is] the most adequate lead plaintiff.") (emphasis in original); *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 127 F.Supp.2d 572, 575 n. 2 (D.N.J. Jan. 10, 2001) ("[T]he majority of courts that have addressed the issue have held that defendants lack standing to object to the adequacy of lead plaintiffs and their chosen counsel[.]").

**B. A Small Loss Is Not Evidence of Inadequacy, Atypicality or Lawyer Driven Litigation**

Defendants cite no authorities for the proposition that a small loss, on its own, is sufficient to disqualify a lead plaintiff movant. Defendants cite *In re Cavanaugh*, 306 F.3d 726, 738 (9th Cir. 2002), which states that "lawsuits by shareholders with a tiny position in the security are disfavored." Defendants do

3

REPLY OF SOPHIA OLSSON TO DEFENDANT'S OPPOSITION TO LEAD PLAINTIFF MOTION – Case No. 2:23-cv-00885-CJC-MAA

not provide the entire context of that quote. While the Court in *Cavanaugh* stated (in full) that "[t]he requirement that the plaintiff with the largest stake in the outcome of the case serve as lead plaintiff will doubtless promote the goal of attracting institutional investors, and discourage opportunistic lawsuits by shareholders with a tiny position in the security which is the subject of the litigation", it did not hold that Courts should deny a lead plaintiff motion solely because the movant might be a non-institutional investor with a small loss. *See id.*, at 738.

In the next sentence, the *Cavanaugh* Court explained that "[t]he requirement that plaintiffs certify that they did not buy the security at the direction of their lawyers or for purposes of litigation, as well as the prohibition against professional plaintiffs, will diminish the risk of lawyer-driven lawsuits." *Id.*, at 738. Here, Ms. Olsson filed the required certification with her Lead Plaintiff motion which diminishes any concern of lawyer driven litigation. Dkt. No. 13-2.

Additionally, if Congress intended to set a minimum loss number, it would have done so in the statute. It did not. As the *Cavanaugh* Court explained, "[i]n construing any of these provisions, it may be appropriate to consult the Reform Act's legislative history. ***But it is not appropriate to rely on legislative history to add provisions Congress did not put into the statute or to ignore provisions Congress did put there***." (Emphasis added). *Id.* Further, "Congress might, of

4

course, have done more. [. . .] For example, it could well have raised Rule 23's standard for adequacy [. . .]. We are bound by what Congress did, and we may not add to the statute terms that Congress omitted even if we believe they would serve the statutory purpose." *Id.*

Defendants cite *Bosch v. Credit Suisse Grp. AG*, 2022 WL 4285377, at *4 (E.D.N.Y. Sept. 12, 2022). *Bosch* is off the mark. In *Bosch*, there was evidence that showed inadequacy and the small losses contributed to Magistrate Judge Mann's ruling. There, the court considered the terms of the retainer agreement signed by that lead plaintiff movant that contained a "fee provision that strongly favored counsel over the putative class." *Id.* at *5. Consideration of a retainer agreement is not permitted in the Ninth Circuit. *See Cavanaugh, supra*, at 733. Moreover, in *Bosch*, the named plaintiff, Bosch, was represented by the same counsel as the movant at issue, Jimenez, and had a "significantly greater loss" than Jimenez, but did not to seek to serve as lead plaintiff status—raising concerns about lawyer driven litigation. *Id.* at *5 n.3, Dkt. No. 14-1. Unlike *Bosch*, there are no questions of lawyer driven litigation because Ms. Olsson filed the initial complaint, and then moved for Lead Plaintiff.

Defendants cite *Guo v. Tyson Foods, Inc.*, 2022 WL 5041798 at *5 (E.D.N.Y. Sept. 30, 2022). This Magistrate Judge's decision is currently on appeal with the District Court. Guo Dkt. no. 27. The holding in *Guo* has not been treated

5

as authoritative. In *Nayani v. LifeStance Health Group, Inc.*, 2022 WL 16985717 at *2-3 (S.D.N.Y. Nov. 7, 2022), Judge Jed S. Rakoff appointed a lead plaintiff who had lost $385. In addressing *Guo*, the court explained, "[w]hile Mr. Nayani (the appointed lead plaintiff) has relatively little at stake, he has shown his willingness and ability to represent the class in other ways." *Id.* at *6.

The *Nayani* court held that "[d]eclining to appoint a movant as lead plaintiff simply because he has little at stake would also be inconsistent with a key purpose of aggregate litigation. The raison d'etre of the class action is to bring justice to individual plaintiffs who have meritorious claims but relatively little at stake." *Id.* at 5. The *Nayani* court cited *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997), in which the U.S. Supreme Court stated, "the policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights", and added, "***[i]t would be altogether incongruous to decline to appoint a lead plaintiff simply because the candidate class representatives are the very people who are supposed to benefit from proceeding as a class***." (Emphasis added). *Nayani*, *supra*, at *5.

As Defendants acknowledge, *Nayani* was cited by the court in *Houghton v. Leshner*, 2023 WL 2485785 at *1-3 (N.D. Cal. Mar. 13, 2023) when it appointed a lead plaintiff that lost $80. Defendants incorrectly argue that because the security

6

at issue in that case was a cryptocurrency (and where the defendant was a cryptocurrency partnership), the ruling has no bearing on this case. There is no such limitation in the *Houghton* decision. The *Houghton* court did not state that it would have rejected the lead plaintiff motion at issue if the small losses had been in a publicly-traded stock instead of a cryptocurrency. *See Id.* That *plaintiffs* in that action distinguished the defendant cryptocurrency partnership from a publicly traded company has no bearing in this action, considering that the *court* itself did not state that its holding was confined to decisions involving cryptocurrencies. There are large cryptocurrency securities cases and small ones—just like there are large securities class action and small ones like this one. *See Patterson v. Terraform Labs PTE Ltd., et al.,* 3:22-cv-03600-TLT (N.D. Cal. 2022), Dkt. No. 78 (appointing lead plaintiff with a loss of $441,062).

In addition to *Nayani*, the *Houghton* court cited *Fagen v. Enviva Inc.,* 2023 WL 1415628, at *3 (D.Md., 2023), where the court appointed a movant with $781 in losses. In that case, the appointed plaintiff had attested to "his investing experience, his motivation to recover losses experienced by himself and the class, his understanding of the responsibilities of a lead plaintiff, his commitment to working with counsel and attending matters related to the prosecution of this litigation on behalf of the class." Further, in *Hampton v. Pacific Investment Management Company LLC, et al.,* No. SACV 15-00131-CJC(JCGx), ECF No.

7

17, pp. 2-3 (C.D. Cal. May 7, 2015) (Carney, J.), a movant with a $75 loss was appointed as lead plaintiff.

Even if this Court were to consider Defendants' arguments against Olsson, none of Defendants' arguments and innuendo amount to the exacting *proof* required to show that Olsson is inadequate or atypical. "The presumption [. . .] may be rebutted only upon proof by a member of the purported plaintiff class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Cavanaugh, supra*, at 729 n.2 ("[t]hat the presumption is rebuttable does not mean that it may be set aside for any reason that the court deems sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rules 23.") (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Andrade v. American Apparel, Inc.,* 2011 WL 13130706 (C.D. Cal. Mar. 15, 2011) at *11 ("[a]s noted, 'speculative assertions are insufficient to rebut the presumption' regarding most adequate plaintiff." (quoting *Gluck*, 976 F.Supp. at 548)); *In Re Mersho*, 6 F.4th 891, 902 (9th Cir. 2021) ("If a district court determines [that a movant is inadequate], it must articulate how the evidence proves inadequacy. [. . .] Because the district court here based its decision only on speculation [. . .] it was clear error to find that the presumption had been rebutted"); *In re Cendant,* 264 F.3d at 270 ("Allegations of impropriety are not proof of wrongdoing.").

8

Additionally, Defendants' speculation that this is lawyer driven litigation is meritless. This case appears to be a small securities class action. And as such, the losses of class members, such as Olsson and competing lead plaintiff movant Douglas, are small. Indeed, that is borne out by the facts. Notice was issued to investors and the investors that stepped forward were those with smaller losses. As stated previously, if Congress intended to limit securities class actions for those with a minimum amount of loss if would have. It did not. Courts have long recognized the importance of private securities class actions. *Merrill Lynch, Pierce, Fenner & Smitt Inc. v. Dabit*, 547 U.S. 71, 81 (2006) (explaining that Congress "acknowledged that private securities litigation was "an indispensable tool with which defrauded investors can recover their losses" in enacting the PSLRA.); *In re Telesphere Intern. Securities Litigation,* 753 F.Supp. 716, 717 N.2 (N.D. Ill. 1990) ("This Court has always considered the stockholder class action as an essential device serving a useful social function, for it is rare that any individual stockholder has enough at stake to support litigation against even the most egregious misconduct by corporate management."). The PSLRA created the notice and Lead Plaintiff process that encouraged investors who were interested to step forward. This is what happened here.

In short, none of Defendants' speculation that Ms. Olsson is inadequate or lawyer driven because she has a small loss is meritless.

9

## II.    CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court to disregard Defendants' Response and issue an Order appointing Olsson and Douglas Co-Lead Plaintiffs and The Rosen Law Firm P.A. as Co-Lead Counsel along with Levi & Korsinsky LLP.

Dated: April 24, 2023                    Respectfully submitted,

                                         **THE ROSEN LAW FIRM, P.A.**

                                         /s/ Laurence M. Rosen
                                         Laurence M. Rosen, Esq. (SBN 219683)
                                         355 South Grand Avenue, Suite 2450
                                         Los Angeles, CA 90071
                                         Telephone: (213) 785-2610
                                         Facsimile: (213) 226-4684
                                         Email: lrosen@rosenlegal.com

                                         *Counsel for Sophia Olsson and [Proposed]*
                                         *Lead Counsel for the Class*

REPLY OF SOPHIA OLSSON TO DEFENDANT'S OPPOSITION TO LEAD PLAINTIFF MOTION – Case No. 2:23-cv-00885-CJC-MAA

# CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Sophia Olsson, certifies that this brief contains 1981 words, which complies with the word limit of L.R. 11-6.1

Executed on April 24, 2023.

/s/ Laurence M. Rosen

REPLY OF SOPHIA OLSSON TO DEFENDANT'S OPPOSITION TO LEAD PLAINTIFF MOTION – Case No. 2:23-cv-00885-CJC-MAA

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 24, 2023, I electronically filed the following **REPLY OF SOPHIA OLSSON TO DEFENDANT'S OPPOSITION TO LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 24, 2021.

/s/ Laurence M. Rosen
Laurence M. Rosen

REPLY OF SOPHIA OLSSON TO DEFENDANT'S OPPOSITION TO LEAD PLAINTIFF MOTION – Case
No. 2:23-cv-00885-CJC-MAA