**LEVI & KORSINSKY, LLP**
David C. Jaynes (SBN 338917)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: djaynes@zlk.com

*Lead Counsel for Lead Plaintiff*
*Dr. Kevin Douglas and the Class*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. KEVIN DOUGLAS, Individually and on behalf of all others similarly situated, | Case No. 2:23-cv-00885-CJC-MAA |
| Plaintiff, | CLASS ACTION |
| vs. | STIPULATION OF SETTLEMENT |
| | Judge: Hon. Cormac J. Carney |
| PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, MA. LOURDES C. RAUSA-CHAN, GIL SAMSON D. GARCIA, JUNE CHERYL A. CABAL-REVILLA, AND JANE BASAS, | Courtroom: 9B |
| Defendants. | |

This Stipulation of Settlement (the "Stipulation") is made and entered into, on the one hand, by and between lead plaintiff Dr. Kevin Douglass ("Dr. Douglas" or "Plaintiff"), on behalf of himself and the proposed Class (defined below in ¶1.6), by and through his counsel of record, and, on the other hand, defendants PLDT Inc. ("PLDT" or the "Company"), Manuel V. Pangilinan, Alfredo S. Panlilio, and Marilyn A. Victorio-Aquino ("Individual Defendants" and together, with the Company, "Defendants") by and through their counsel of record. The Stipulation embodies the terms and conditions of the settlement of the Action (defined below in ¶1.1). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action in its entirety and all Released Claims (defined below in ¶1.29).

## I.    THE LITIGATION

On February 6, 2023, plaintiff Sophia Olsson filed a putative class action complaint on behalf of herself and all other persons similarly situated who purchased or otherwise acquired PLDT's securities between January 1, 2019 and December 19, 2022, inclusive, against PLDT and several individuals including the Individual Defendants in the United States District Court for the Central District of California, alleging that they violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 by misrepresenting, *inter alia*, material information relating to PLDT's historical capital expenditures. On April 7, 2023, Dr. Douglas filed a motion seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 et seq. ECF 9. On April 26, 2023, the Court entered an order appointing Dr. Douglas as lead plaintiff and approving Levi & Korsinsky, LLP to serve as lead counsel. ECF 24.

On July 7, 2023, Dr. Douglas filed the First Amended Complaint (the "Amended Complaint") against PLDT and several individuals including the Individual Defendants on behalf of himself and all other persons similarly situated who purchased or otherwise

acquired PLDT's American Depository Shares between April 23, 2020 and December 19, 2022, inclusive. ECF 33. On October 10, 2023, Defendants filed a motion to dismiss the Amended Complaint (the "Motion to Dismiss"). ECF 46.

On November 17, 2023, before briefing on the Motion to Dismiss was complete, the Plaintiff and Defendants (the "Parties") engaged in a private mediation (the "Mediation"), during which the Parties reached an agreement in principle, subsequently memorialized in a term sheet (the "Term Sheet") dated November 30, 2023, to settle the Action such that, once the settlement is approved by the Court, the action will be dismissed in its entirety as against all defendants named in the action. ECF 50.

On December 1, 2023, the Parties filed a stipulation and proposed order informing the Court that the Parties had agreed in principle to settle the Action. ECF 50. The Parties further requested that the Court vacate the briefing schedule and agreed to provide a further update to the Court regarding the status of settlement, including the anticipated schedule for Plaintiff's motion for preliminary approval of settlement, by January 12, 2024. *Id*. On December 4, 2023, the Court entered the proposed order, vacating the briefing schedule and ordering the Parties to provide a further update to the Court regarding the status of settlement by January 12, 2024. ECF 51.

On January 12, 2024, the Parties filed a status update with a joint stipulation and proposed order providing the Court with an update regarding the status of settlement and requesting that the Court enter a schedule permitting Plaintiff to file his Preliminary Approval Motion on or before February 16, 2024. ECF 52. That same day, the Court entered the proposed order, and set the deadline for Plaintiff to file his Preliminary Approval Motion on or before February 16, 2024. ECF 53.

This Stipulation (together with the exhibits hereto) has been duly executed by the undersigned signatories on behalf of their respective clients and reflects the final and binding agreement between the Parties.

## II.    PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT

Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted. However, Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and any possible appeals. Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Plaintiff and Lead Counsel are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Class and is in the best interests of the Class.

## III.    DEFENDANTS' DENIALS OF LIABILITY

Defendants have denied and continue to deny each and every claim and alleged violation of law asserted by Plaintiff in the Action. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants have also denied and continue to deny, *inter alia*, the allegations that Plaintiff or Class Members (defined below in ¶1.6) have suffered damage or were otherwise harmed by the conduct alleged in the Action. This Stipulation shall not be deemed an admission as to any allegation or defense in the Action. Defendants have asserted and continue to assert, among other things, that they acted at all times in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations, and laws. As set forth below, neither the Settlement itself nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, damage, or measure of damages whatsoever, or any infirmity in the defenses that defendants have, or could have, asserted in the Action. Defendants are entering into this

Stipulation solely to eliminate the burden, expense, and uncertainty of further protracted litigation, including trial. Defendants have determined that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV. TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, without any concession by Plaintiff that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or truth as to the allegations of Plaintiff or lack of merit in Defendants' defenses, it is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective undersigned attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Settling Parties hereto, all Released Claims (including Unknown Claims) and all Released Defendants' Claims (including Unknown Claims), as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the following terms and conditions:

### 1. Definitions

As used in this Stipulation, the following capitalized terms shall have the meanings set forth below.

1.1    "Action" means civil action No. 2:23-cv-00885-CJC-MAA, captioned *Douglas v. PLDT Inc., et al.*, pending in the United States District Court for the Central District of California before the Honorable Cormac J. Carney.

1.2    "Authorized Claimant" means a Class Member whose claim for recovery from the Net Settlement Fund has been approved by the Court pursuant to the terms of the Stipulation.

1.3    "Claim(s)" means a paper claim submitted on a Proof of Claim or an electronic claim that is submitted to the Claims Administrator.

1.4    "Claimant(s)" means a person or entity who or that submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.5    "Claims Administrator" means the firm of Strategic Claims Services, or another firm as appointed by Lead Counsel.

1.6    "Class" or "Class Member" means all persons or entities who purchased or otherwise acquired PLDT American Depository Shares during the period from January 1, 2019, through December 21, 2022, inclusive. Excluded from the Class are: (1) the defendants; (2) any individual defendant's Immediate Family Members; (3) any firm, trust, corporation, or other entity in which a defendant has or had a controlling interest; (4) the Company's subsidiaries and affiliates; (5) any person who is an officer, director or controlling person of the Company; (6) the Company's directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (7) the legal representatives, affiliates, heirs, successors in interest, or assigns of any such excluded person or entity. All persons who submit valid and timely requests for exclusion from the Class will also be excluded.

1.7    "Class Period" means the period from January 1, 2019 through December 21, 2022, inclusive.

1.8    "Complaint" means the Amended Complaint for Violations of the Federal Securities Laws filed on July 7, 2023 in the Action.

1.9    "Defendants" means PLDT and the Individual Defendants.

1.10   "Defendants' Counsel" means Milbank LLP.

1.11   "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶7.1, below.

1.12   "Escrow Account" means the separate, interest-bearing escrow account designated and controlled by Levi & Korsinsky, LLP into which the Settlement Amount will be deposited for the benefit of the Class.

1.13   "Escrow Agent" means Levi & Korsinsky, LLP.

1.14  "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and litigation expenses.

1.15  "Final" means, with respect to any court order, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either: (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired; or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of certiorari, or other proceeding involving writs of certiorari or mandamus, and any other proceedings of like kind. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

1.16  "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this definition, 'spouse' shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.17  "Individual Defendants" means Manuel V. Pangilinan, Alfredo S. Panlilio, and Marilyn A. Victorio-Aquino.

1.18 "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.[1]

1.19 "Lead Counsel" means Levi & Korsinsky, LLP.

1.20 "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses and any awards to Plaintiff; (ii) Notice and Administration Expenses (defined in ¶2.9); (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.21 "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members, which shall be substantially in the form attached hereto as Exhibit A-1.

1.22 "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, limited liability partnership, domestic partnership, marital community, association, joint stock company, joint venture, or joint venturer, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

1.23 "Plaintiff" means lead plaintiff Dr. Kevin Douglas.

1.24 "Plan of Allocation" means the plan of allocation of the Net Settlement Fund as set forth in the Notice, or such other plan of allocation as the Court may approve.

1.25 "Postcard Notice" means the proposed Postcard Notice, substantially in the form attached hereto as Exhibit A-4.

1.26 "Preliminary Approval Order" means the proposed Order Preliminarily Approving Settlement and Providing for Notice, substantially in the form attached hereto as Exhibit A.

---

[1] All "Exhibits" cited and referenced to herein are attached to this Stipulation.

1.27  "Proof of Claim" or "Claim Form" means the form for submitting a claim, which shall be substantially in the form attached hereto as Exhibit A-2.

1.28  "Related Persons" means, with respect to PLDT, each and all of its former, present, or future parents, subsidiaries, affiliates, predecessors, divisions, joint ventures, agents, successors and assigns, and each and all of the present or former officers, directors, employees, employers, attorneys, auditors, accountants, financial advisors, commercial bank lenders, insurers, co-insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, agents, spouses, associates, controlling shareholders, and assigns of each or any of them or any trust of which any defendant is the settlor or which is for the benefit of any defendant and any entity in which any such defendant has a Controlling Interest. With respect to the Individual Defendants, "Related Persons" means Immediate Family Members, as well as each and all of their respective former, present, or future affiliates, successors and assigns, attorneys, accountants, agents, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, agents, spouses, associates, and assigns of each or any of them or any trust of which the Individual Defendants are the settlors or which is for the benefit of the Individual Defendants and any entity in which the Individual Defendants have a Controlling Interest. For purposes of this Stipulation, the Individual Defendants and PLDT are each other's Related Persons.

1.29  "Released Claims" means any and all claims (including "Unknown Claims" as defined in ¶1.43), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, asserted or unasserted, discoverable or undiscoverable, accrued or unaccrued, liquidated or

unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign (including Philippine law) or domestic, including those that are concealed or hidden, regardless of legal or equitable theory, that (i) arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, filings, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions or failures to act that were or could have been involved, set forth, referred to, or alleged by Plaintiff and any Class Member in the Action, whether arising under federal, state, local, common, or foreign law (including Philippine law), or any other law, rule, or regulation, whether individual or class in nature; and (ii) that concern, arise out of, are based upon, or relate to the purchase, acquisition, holding, sale, or disposal of PLDT securities during the Class Period, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment.

1.30 "Released Defendant Parties" means (i) all defendants, regardless of whether the defendant is a Settling Party, and each and all of their present or former affiliates, predecessors, heirs, executors, administrators, successors and assigns, attorneys, accountants, insurers, financial advisors, commercial bank lenders, investment bankers, representatives, general and limited partners and partnerships, agents, spouses, associates, and assigns of each or any of them or any trust of which a defendant is the settlor or which is for the benefit of the defendant and any entity in which a defendant has a controlling interest, and (ii) each and all of the present and former parents, subsidiaries, divisions, affiliates, successors of PLDT and each and all of the present or former employees, officers, directors, attorneys, accountants, insurers, financial advisors, commercial bank lenders, investment bankers, representatives, general and limited partners and partnerships, agents, spouses, associates, and assigns of each or any of them.

1.31   "Released Defendants' Claims" means all claims, including both known claims and Unknown Claims, demands, rights, liabilities, suits, debts, obligations, and causes of action of every nature and description, whether known or unknown, that could have been asserted in this action or could in the future be asserted in any forum, whether arising under federal, state, local, common, or foreign law (including Philippine law), by the defendants against Plaintiff or any of the Released Plaintiff Parties, including Lead Counsel and Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action, except for claims relating to the enforcement of the Settlement.

1.32   "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

1.33   "Released Plaintiff Parties" means (i) Plaintiff, his attorneys, and all other Class Members; (ii) the current and former parents, officers, directors, affiliates, subsidiaries, successors, predecessors, assigns, assignees, and Immediate Family Members of each of the foregoing in part (i); and (iii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers, expert consultants, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters, and retained professionals, in their respective capacities as such.

1.34   "Settlement" means the resolution of the Action in accordance with the terms and provisions of the Stipulation.

1.35   "Settlement Amount" means Three Million U.S. Dollars ($3,000,000.00) to be paid by check(s) or wire transfer(s) to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.36   "Settlement Fund" means the Settlement Amount transferred to the Escrow Account, together with any interest and income earned thereon.

1.37   "Settlement Hearing" means the hearing to be held by the Court to determine whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair, reasonable, adequate, and should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses and awards to Plaintiff should be approved.

1.38   "Settling Parties" means Plaintiff, on behalf of himself and the Class, and Defendants.

1.39   "Stipulation" means this Stipulation of Settlement.

1.40   "Summary Notice" means the Summary Notice for publication, which shall be substantially in the form attached hereto as Exhibit A-3.

1.41   "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of Taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.10.

1.42   "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶2.10.

1.43   "Unknown Claims" means any and all Released Claims that Plaintiff or any other Class Members do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any defendant does not know or suspect to exist in their, his, her, or its favor, which if known by any of them, might have affected their, his, her, or its

decision(s) to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected their, his, her, or its decision not to object to this Settlement or not exclude themselves, himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Plaintiff and Class Members (as regards to the Released Claims) and defendants (as regards to the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Action, but they stipulate and agree that, upon the Effective Date of the Settlement, the Released Parties shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now

existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff and Defendants acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## 2. The Settlement

2.1   The obligations incurred through this Stipulation shall be a full and final disposition of the Action and any and all Released Claims as against all Released Parties by the Plaintiff or any Class Member, regardless of whether they submit a Proof of Claim, on behalf of themselves, their heirs, executors, administrators, successors, and assigns.

### a. Deposit of the Settlement Amount

2.2   In full settlement of the Released Claims, the Defendants shall cause the Settlement Amount to be deposited into the Escrow Account controlled by Lead Counsel within fifteen (15) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving the Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, a signed W-9 reflecting a valid taxpayer identification number for the Escrow Account in which the Settlement Amount is to be deposited, and contact information for the individual who will receive and confirm payment (including a name, address, and telephone number) (the "Payment Date").

2.3   Other than Defendants' obligation to cause the Settlement Amount to be transferred into the Escrow Account set forth herein, no defendant shall have any responsibility to make any other payments pursuant to the Stipulation. Defendants shall not be liable for any additional sums beyond that amount for any reason (including, but

not limited to, interest, attorneys' fees, administration costs, notice costs, expenses, or any costs or other sums of any kind incurred by Plaintiff or his counsel (or other members of the Class or their respective counsel) in connection with the resolution of this matter).

### b. The Settlement Fund

2.4    The Settlement Amount transferred to the Escrow Account, together with any interest and income earned thereon, shall constitute the Settlement Fund. The defendants shall have no role in or responsibility for the management of the Escrow Account or investment of the Settlement Fund. The Settlement Fund shall be used to pay (a) Taxes and Taxes Expenses, (b) attorneys' and Plaintiff's fees awarded by the Court, (c) and Notice and Administration Costs. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.

### c. The Escrow Agent

2.5    The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.2 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.6    The Escrow Agent shall not disburse the Settlement Fund except: (i) as provided in the Stipulation; (ii) by an order of the Court; or (iii) with the written agreement of counsel for the Settling Parties.

2.7    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are provided for under the terms of the Stipulation. The Released

Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.8    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order(s) of the Court.

2.9    Notwithstanding that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund the actual and reasonable costs and expenses incurred in connection with providing notice to the Class, locating Class Members, soliciting Claims, assisting with the submission of Claims, processing Proofs of Claim, administering and preparing for distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses"). For the avoidance of doubt, the Notice and Administration Expenses are part of the Settlement Amount. In the event that the Settlement is not consummated, money actually paid or incurred for this purpose, including any related fees, shall not be repaid or returned. Following the Effective Date, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice and Administration Expenses.

### d.    Taxes

2.10    (a)    The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.10, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to

timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)      For purposes of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶2.10(a) hereof) shall be consistent with this ¶2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.10(c) hereof.

(c)      All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes; and (ii) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶2.10 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.10), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as

well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); the Released Defendant Parties are not responsible, nor shall they have any liability, therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.10.

### e.    Termination of Settlement

2.11    If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date described in ¶2.2, Lead Counsel may terminate the Settlement, but only if: (i) Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within fifteen (15) calendar days after Lead Counsel has provided such written notice.

2.12    In the event the Stipulation is not approved or is terminated, canceled, or fails to become effective or Final for any reason, including, without limitation, in the event the Stipulation is not approved or Judgment is reversed or vacated following any appeal taken therefrom: (i) the Settling Parties shall revert to their litigation positions in the Action as of November 30, 2023, and (ii) the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes, or Tax Expenses pursuant to ¶¶2.9 or 2.10, shall be refunded pursuant to ¶¶6.2 and 7.4 and written instructions from Defendants' Counsel to the party, parties or insurers that paid the Settlement Amount within thirty (30) calendar days from the date of the notice from Defendants' Counsel pursuant to ¶7.4.

### 3.    Preliminary Approval Order and Settlement Hearing

3.1    Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and on behalf of the Class; (b) certification of Plaintiff as Class Representative for the Class; and (c) appointment of Lead Counsel as Class Counsel for the Class pursuant to Rule 23(g) of the Federal

17

Rules of Civil Procedure. For the avoidance of doubt, if for any reason the Stipulation does not become Final, or the Effective Date does not occur, this paragraph shall become null and void and the Class shall not be certified for settlement purposes under this Stipulation.

3.2    Promptly upon execution of the Stipulation, Plaintiff shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and approval for the emailing and mailing of the Postcard Notice and publication of the Summary Notice, in the forms of Exhibits A-4 and A-3, respectively, attached hereto. The Postcard Notice shall direct Class Members to the Settlement website to access the Notice, which shall contain the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

3.3    Plaintiff shall request that, after notice is given to the Class, the Court hold the Settlement Hearing and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Plaintiff also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

3.4    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**4.    Releases**

4.1    The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against all defendants; and (ii) the Releases provided for herein.

4.2    Upon the Effective Date, Plaintiff and each of the Class Members (excluding those who have validly opted out of the Class), on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors,

assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries, or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged against the Released Defendant Parties (whether or not such Class Members execute and deliver a Proof of Claim) any and all Released Claims (including, without limitation, Unknown Claims).

4.3    Upon the Effective Date, Plaintiff and each of the Class Members (excluding those who have validly opted out of the Class), whether or not such Class Members execute and deliver a Proof of Claim, shall forever be permanently barred and enjoined from the institution, commencement, maintenance, prosecution, or enforcement against any Released Defendant Party, in all state and federal courts and arbitral fora, and in the courts and agencies of all foreign jurisdictions (including the Philippines), of any and all Released Claims (including, without limitation, Unknown Claims).

4.4    The Proof of Claim to be executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto; provided, however, that the failure of a Class Member to submit such Proof of Claim shall have no effect on the provisions of the foregoing ¶¶4.2 and 4.3, inclusive, which shall remain in full force and effect as to each of the Class Members (who have not validly opted out of the Class) irrespective of any lack of submission of a Proof of Claim.

4.5    Upon the Effective Date, defendants shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiff Parties, including Lead Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims). For the avoidance of doubt, the releases, relinquishments, and discharges provided by the Released Defendant Parties in this Stipulation do not include

the release, relinquishment, or discharge of any claim or cause of action that any of the Released Defendant Parties may have against any insurer or reinsurer for, arising out of or related to insurance coverage for, arising out of or related to the Action or any related matter or proceeding, including any derivative or ERISA action based on similar allegations.

4.6    Upon the Effective Date, to the fullest extent permitted by law, (i) all Persons shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Released Plaintiff Parties arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, both known and Unknown Claims, whether arising under state, federal or foreign law (including Philippine law), as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Released Defendant Parties shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Released Plaintiff Parties arising out of, relating to, or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; provided that clauses (i) and (ii) of this paragraph shall not be

construed to modify, amend, or supersede any agreements between or among the Released Defendant Parties with respect to claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights, nor limit the defendants' ability to pursue insurance recoveries against their insurers for claims relating to the Action, including the Settlement Amount and legal fees and costs incurred in connection with the Action.

4.7    Notwithstanding ¶¶4.2-4.6, nothing herein or in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## 5.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

5.1    Lead Counsel shall be solely responsible for class notice, the selection of the Claims Administrator, and the Plan of Allocation, subject to Court approval. The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2    Within ten (10) calendar days after the Court enters the Preliminary Approval Order, PLDT shall provide, or cause to be provided to, Lead Counsel or the Claims Administrator, without any charge to Plaintiff or the Class, any record shareholder lists, including records held by PLDT's transfer agent, containing the names and addresses of the holders of PLDT American Depositary Shares during the Class Period as appropriate for providing notice of pendency and proposed Settlement to the Class. The Settling Parties shall determine an appropriate electronic format for provision of this information. It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the

Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

5.3    In accordance with the schedule set forth in the Preliminary Approval Order, Lead Counsel will cause the Postcard Notice, substantially in the form of Exhibit A-4 attached hereto, to be emailed (or mailed in those instances where no email address is available) by the Claims Administrator to all shareholders of record, or nominees. The Notice and Proof of Claim shall also be posted on the Settlement website. In accordance with the schedule set forth in the Preliminary Approval Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once over a national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

5.4    The Settlement Fund shall be applied as follows:

    (a)    to pay all Notice and Administration Expenses;

    (b)    to pay all Taxes and Tax Expenses described in ¶2.10 hereof;

    (c)    to pay, to the extent allowed by the Court, Lead Counsel's attorneys' fees and expenses (the "Fee and Expense Award"), and awards to Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); and

    (d)    to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.6-5.9 below.

5.6    Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, electronically submitted or postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached

22

hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

5.7    Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.8    The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant their, his, her, or its pro rata share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least $10.00.

5.9    Defendants shall not have a reversionary interest in the Net Settlement Fund. This is not a claims-made settlement and there will be no reversion of settlement funds to the Defendants, their insurance carriers, or any other person or entity who or which funded the Settlement Amount if the Settlement becomes final. If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion. These reallocations shall be repeated until the

balance remaining in the Net Settlement Fund is de minimis and such remaining balance shall then be donated to the Investor Protection Trust.

5.10   Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund subject to Court approval. The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the processing, review, determination, or calculation of any Claims, the distribution of the Net Settlement Fund, the Plan of Allocation, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.11   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation. Class Members and defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

5.12   No Person shall have any claim against Plaintiff, the Class, Released Plaintiff Parties, Lead Counsel, Released Defendant Parties, Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

5.13   All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and

1    Parties to this Settlement expressly waive trial by jury (to the extent any such right may

2    exist) and any right of appeal or review with respect to such determinations.

3    **6. Lead Counsel's Attorneys' Fees and Expenses**

4    6.1    Lead Counsel may submit an application or applications (the "Fee and

5    Expense Application") for: (i) an award of attorneys' fees; plus (ii) expenses or charges

6    in connection with prosecuting the Action; plus (iii) any interest on such attorneys' fees

7    and expenses at the same rate and for the same periods as earned by the Settlement Fund

8    (until paid) as may be awarded by the Court. Any and all such fees, expenses, and costs

9    awarded by the Court shall be payable solely out of the Settlement Fund. In addition,

10   Plaintiff may submit an application for an award from the Settlement Fund pursuant to

11   15 U.S.C. §78u-4(a)(4) in connection with his representation of the Class.

12   6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid

13   to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of the

14   Court's order awarding such fees and expenses. This provision shall apply

15   notwithstanding timely objection to, potential for appeal from, or collateral attack on,

16   the Settlement or the award of fees and expenses. Any such awards shall be paid solely

17   by the Settlement Fund. In the event that the Judgment or the order awarding such fees

18   and expenses paid to Lead Counsel pursuant to ¶6.1 and ¶6.2 is reversed or modified,

19   or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall,

20   in an amount consistent with such reversal, modification, termination, or cancellation,

21   refund such attorney's fees or expenses to the Settlement Fund pursuant to ¶2.12, plus

22   the interest earned thereon, within ten (10) business days from receiving notice from

23   Defendants' Counsel or from a court of competent jurisdiction. Lead Counsel, as a

24   condition of receiving such fees or expenses on behalf of itself and each partner and/or

25   shareholder of it, agrees that it and its partners and/or shareholders are subject to the

26   jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

27   6.3    The procedure for and the allowance or disallowance by the Court of the

28   Fee and Expense Application, with all amounts to be paid out of the Settlement Fund,

are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

6.4    Lead Counsel's Fee and Expense Application shall be treated by the Court separately from the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation and the Settlement. Whatever amount is awarded by the Court is within the sole discretion of the Court, and if the award is less than the amount sought by Lead Counsel, this will not be a basis for either party to seek to set aside the Settlement.

6.5    Defendants shall not have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel or any amount to Plaintiff apart from payment of the Settlement Amount pursuant to ¶2.2.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events: (a) execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties; (b) the Settlement Amount has been deposited into the Escrow Account; (c) the Court has entered the Preliminary Approval Order, substantially in the form of Exhibit A hereto, as required by ¶3.2 hereof; (d) none of the Settling Parties have exercised any option to terminate the Stipulation pursuant to the provisions of this Stipulation (including the Supplemental Agreement described below); (e) the Court has entered the Judgment that, inter alia, dismisses with prejudice the Action, as to Plaintiff and other Class Members, and as against defendants, as set forth above (and for the avoidance of doubt, also as against defendants that are not Settling

Parties as that term is used herein); and (f) the Judgment has become Final, as defined in ¶1.15 hereof.

7.2 Upon the occurrence of all of the events referenced in ¶7.1 hereof, the Releases herein shall be effective, and any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. Defendants shall not have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund. If not all of the conditions specified in ¶7.1 hereof are met, then the Stipulation shall be canceled and terminated subject to ¶¶7.3-7.4 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3 Each of Lead Counsel and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of: (a) the Court's refusal to enter an order substantially in the form of Exhibit A hereto preliminarily approving the Settlement in any material respect and/or permitting Notice of the Settlement to Class Members; (b) the Court's refusal to approve the Settlement, the Stipulation, the Exhibits to the Stipulation, or any material part thereof; (c) the Court's refusal to enter the Judgment substantially in the form of Exhibit B hereto; (d) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final; or (e) the failure of the Effective Date to occur for any reason subject to terms set forth in ¶7.1. However, it shall not be a basis for Lead Counsel or Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.

Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, defendants and defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within thirty (30) calendar days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.9 or 2.10 hereof, shall be refunded pursuant to written instructions from Defendants' Counsel to the party, parties, or insurers that paid the Settlement Amount. At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' Counsel to the party, parties, or insurers that paid the Settlement Amount. In the event that the funds, if any, received by Lead Counsel consistent with ¶6.2 have not been refunded to the Settlement Fund within the thirty (30) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such persons or entities as PLDT may direct) immediately upon their deposit into the Escrow Account.

7.5     In the event that the Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of November 30, 2023. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.43, 2.8-2.9, 7.2-7.4,  8.3 and 8.5-8.6 hereof, shall have no further force and effect and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court

in accordance with the terms of the Stipulation shall be treated as vacated, nunc pro tunc, and the Settling Parties shall be deemed to return to their status as of November 30, 2023. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, interest, or other payment awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.6    In addition to the grounds set forth in ¶¶7.3-7.4 above, Defendants shall have the option, in their sole and absolute discretion, to terminate the Settlement in the event that Class Members who have timely and validly requested exclusion from the Class meet the conditions set forth in the Parties' confidential supplemental agreement (the "Supplemental Agreement"), in accordance with the terms of that agreement. Any Class Member seeking to exclude himself, herself, or itself from the Class must timely submit records of all of his, her, or its transactions in PLDT American Depository Shares during the Class Period sufficient to calculate the number of shares of PLDT American Depository Shares purchased or acquired during the Class Period and the amount of his, her, or its losses as calculated under the Plan of Allocation. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Counsel and Defendants concerning its interpretation or application. If submission of the Supplemental Agreement is ordered by the Court, the Settling Parties agree to file the Supplemental Agreement under seal and to jointly request that the Court afford it confidential treatment in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement.

7.7    Defendants warrant and represent that, as of the time this Stipulation is executed and as of the time the Settlement Amount is actually transferred or made as reflected in this Stipulation, they are not "insolvent" within the meaning of 11 U.S.C.

§101(32). If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Escrow Agent by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited with the Escrow Agent by others, then, at the election of Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of defendants and that Defendants and Plaintiff and the Class Members shall be restored to their litigation positions as of November 30, 2023. In such event, Lead Counsel shall promptly return any attorneys' fees and expenses awarded by the Court, consistent with ¶6.2 above, and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶7.4.

## 8. Miscellaneous Provisions

8.1   The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

8.2   The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between the parties with respect to the Action. The Settlement shall not be deemed an admission by any Settling Party or any of the Released Parties as to the merits of any claim or defense. The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense or settlement of the

Action, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to the institution, prosecution, defense, and resolution of the Action. While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. Likewise, while retaining their right to assert their claims in the action were meritorious, Plaintiff and Lead Counsel, in any statement made to any media representative (whether or not for attribution) will not assert that Defendants' defenses were asserted in bad faith, nor will they deny that Defendants defended the Action in good faith and that the action is being settled voluntarily after consultation with competent legal counsel. In all events, the Settling Parties Lead Counsel, and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

8.3    Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (iii) is or may be deemed to be or may be used as an admission or evidence that any claims

asserted by Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. For the avoidance of doubt, this Stipulation, this Settlement, the Exhibits, the Supplemental Agreement, and any other act performed or document executed pursuant to or in furtherance of the Stipulation of Settlement, as well as the negotiations leading to the execution of this Stipulation, and any proceedings, communications, drafts, documents or agreements taken pursuant to, or in connection with this Stipulation, (i) shall not be offered or received against the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Defendant Parties of the truth of any allegations by Plaintiff, any member of the Class, or their Related Persons or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of the Released Defendant Parties or in any way referred to for any other reason as against the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (ii) shall not be offered or received against or to the prejudice of Released Defendant Parties as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Released Defendant Parties, or against Lead Counsel or any member of the Class or their Related Persons as evidence of any infirmity in the claims of Plaintiff and the Class; and (iii) shall not be offered or received against Released Defendant Parties as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is

approved by the Court, the Released Defendant Parties may refer to it to effectuate the releases granted them hereunder. The Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in any jurisdiction in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

8.4    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715 et seq. ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

8.5    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

8.6    All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

8.7    All of the Exhibits to the Stipulation and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

8.8    The Stipulation, along with its Exhibits and the Supplemental Agreement, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.9 No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest. No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

8.10 The Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein each Settling Party shall bear its, his, or her own costs.

8.11 The Settlement is not conditioned upon the settlement or approval of settlement of any derivative lawsuits or other lawsuits. Nor shall the Settlement be conditioned upon the obtaining of any judicial approval of any releases between or among Defendants and/or any third-parties.

8.12 This Stipulation shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein. If any provision of this Stipulation shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

8.13 Lead Counsel, on behalf of the Class, is expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

8.14   Each counsel or other Person executing the Stipulation, any of its Exhibits, the Supplemental Agreement, or any related Settlement document on behalf of any Settling Party hereby warrants that such Person has the full authority to do so. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

8.15   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) when sent via email transmission to the email address of respective counsel as set forth on the signature page of this Stipulation, with confirmation of receipt, (iii) one (1) business day after being sent to the recipient by overnight delivery (charges prepaid); or (iv) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Plaintiff or to Lead Counsel:

Shannon L. Hopkins

Levi & Korsinsky, LLP

1111 Summer Street, Suite 403

Stamford, CT  06905


If to Defendants or to Defendants' Counsel:

Daniel M. Perry

Milbank LLP

55 Hudson Yards

New York, NY 10001-2163


8.16   The Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and

the same instrument. A complete set of executed counterparts shall be filed with the Court.

8.17    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto, including any and all Released Defendant Parties and Released Plaintiff Parties, and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate or reorganize.

8.18    The headings herein are used for the purpose of convenience and are not meant to have legal effect.

8.19    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity including, without limitation, attorney-client privilege and work product protection.

8.20    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

8.21    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.22    Pending approval by the Court of the Stipulation and its Exhibits, all proceedings in the Action shall be stayed, and all members of the Class, whether or not they submit a Proof of Claim, shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

8.23    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive

laws of the State of California, without giving effect to that State's choice-of-law principles.

8.24    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

8.25    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, on February 16, 2024.

DATED:  February 16, 2024          **LEVI & KORSINSKY, LLP**

_____

Shannon L. Hopkins (*pro hac vice*)
Gregory M. Potrepka (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT  06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com

David C. Jaynes (SBN 338917)
445 South Figueroa Street, 31st Floor
Los Angeles, CA  90071
Tel: (213) 985-7290
Email: djaynes@zlk.com

*Lead Counsel for Lead Plaintiff Dr. Kevin Douglas and the Class*

1

2

3    DATED:  February 16, 2024          **MILBANK LLP**

4

5                                       Daniel M. Perry (SBN 264146)
                                        Email: DPerry@milbank.com
6

7                                       Mark D. Villaverde (SBN 331876)
                                        Email: MVillaverde@milbank.com
8

9                                       2029 Century Park East, 33rd Floor
                                        Los Angeles, CA  90067
10                                      Tel: (424) 386-4000
                                        Facsimile: (213) 629-5063
11

12                                      *Attorneys for Defendants*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **FILER'S ATTESTATION**

Pursuant to L.R. 5-4.3.4, I, David C. Jaynes, attest that all other signatories listed and on whose behalf this filing is submitted have authorized this filing and concur in its content.

By:    /s/    David C. Jaynes

David C. Jaynes

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I, David C. Jaynes, hereby declare under penalty of perjury as follows:

I am a Senior Associate at Levi & Korsinsky LLP with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On February 16, 2023, I electronically filed this Stipulation of Settlement with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

By: /s/ *David C. Jaynes*

David C. Jaynes