# Exhibit 4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DR. KEVIN DOUGLAS, Individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, MA. LOURDES C. RAUSA-CHAN, GIL SAMSON D. GARCIA, JUNE CHERYL A. CABAL-REVILLA, AND JANE BASAS,

    Defendants.

Case No. 2:23-CV-00885-FLA (MAAx)

Date: August 9, 2024
Time: 1:30 p.m.
Judge: Hon. Fernando L. Aenlle-Rocha
Courtroom: 6B

## DECLARATION OF JOSEPHINE BRAVATA CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR <u>EXCLUSION AND OBJECTIONS</u>

I, Josephine Bravata, declare as follows:

1.    I am the Director of Quality Assurance of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over twenty years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred fifty (550) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

## MAILING OF THE POSTCARD NOTICE

2.      Pursuant to the Court's Order Granting Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, dated March 6, 2024 (Dkt. No. 56, the "Preliminary Approval Order"), SCS was approved as the Claims Administrator in connection with the Settlement of the above-captioned action.[1]  I submit this declaration in order to provide the Court and the Parties information regarding the notifications to potential Class Members, as well as updates concerning other aspects of the Settlement administration process.

3.      SCS sent the Depository Trust Company ("DTC") a Notice of Pendency and Proposed Settlement of Class Action, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice and Claim Form") for the DTC to publish on its Legal Notice System ("LENS") on March 18, 2024. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. A true and correct copy of the Notice and Claim Form is attached as **Exhibit A**.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement, dated February 16, 2024 (Dkt. No. 54-7, the "Stipulation").

4.      As in most class actions of this nature, the large majority of potential Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 1,101 banks and brokerage companies ("Nominee Account Holders"), as well as 1,305 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On March 18, 2024, SCS caused a letter to be mailed or e-mailed to the 2,406 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within 10 calendar days from the date of the letter, either: (i) mail the Postcard Notice or email the link to the Notice and Claim Form on the settlement website to their clients who may be beneficial purchasers/owners; or (ii) provide SCS with a list of the names, last known addresses, and email addresses (if available) of such beneficial purchasers/owners so that SCS could promptly mail the Postcard Notice to them or email them the Notice and Claim Form link on the settlement website.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.      Pursuant to the Preliminary Approval Order, and in order to provide actual notice to those persons or entities who purchased or otherwise acquired PLDT

Inc. ("PLDT") American Depository Shares ("ADS") during the period from January 1, 2019, through December 21, 2022, inclusive (the "Class Period"), SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. **Exhibit C** is a copy of the Postcard Notice.

6.      SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 282 persons or organizations identified in the transfer records that were provided to SCS by Lead Counsel.  These records reflect the persons or entities that purchased PLDT ADS's for their own accounts, or for the account(s) of their clients, during the Class Period.  The transfer records mailing was completed on March 19, 2024. Following this mailing, SCS received 15,460 additional names and addresses of potential Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS. SCS also received a request from three nominees for 16,410 Postcard Notices so that the nominee could forward them to their clients, and notification from two other nominees confirming that they mailed the Postcard Notices to 340 of their clients.  To date, 32,492 Postcard Notices have been mailed to potential Class Members.[2]

7.      Additionally, SCS received eight email addresses from Lead Counsel to send the direct link to the Notice and Claim Form, and SCS was notified by a

---

[2] SCS received three requests from potential Class Members for the Notice and Claim Form to be mailed to them.  SCS immediately mailed the Notice and Claim Forms to the potential Class Members.

nominee that they emailed 10,758 of their clients to notify them of this settlement and provide a direct link to the Notice and Claim Form on the settlement website.

8.      In total, 43,258 potential Class Members were notified of the proposed settlement by either Postcard Notice or email containing a direct link to the Notice and Claim Form.

9.      Out of the 32,492 Postcard Notices mailed, 642 were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for six, and SCS immediately mailed another Postcard Notice to the updated addresses.  The remaining 636 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 243 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

10.     Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency and Proposed Settlement of Class Action, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice") was transmitted over *Globe Newswire* on April 10, 2024, as shown in the confirmation of publication attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

11.     SCS maintains a toll-free telephone number (1-866-274-4004) for Class Members to call and obtain information about the Settlement as well as request the

5

Notice and Claim Form to be mailed to them. SCS has promptly responded to each telephone inquiry and will continue to address Class Member inquiries through the administration process.

## SETTLEMENT WEBSITE

12.    On March 18, 2024, SCS established a webpage on its website at www.strategicclaims.net/pldt/. The website is accessible 24 hours a day, 7 days a week.  The website contains information related to the current status; important case dates; the online claim filing link; and important documents such as the Notice and Claim Form, the Postcard Notice, the Preliminary Approval Order, and the Stipulation.

## REPORT ON EXCLUSIONS AND OBJECTIONS

13.    The Postcard Notice, Notice, Summary Notice, and the settlement website informed potential Class Members that written requests for exclusion are to be postmarked if mailed or emailed to SCS no later than July 15, 2024.  SCS has been monitoring all mail delivered for this case.  As of the date of this declaration, SCS has received two requests for exclusion.  Attached as **Exhibit E** to this declaration is a copy of the two exclusion requests. The exclusion requests have been redacted to remove personal information.

14.    According to the Postcard Notice, Notice, and Summary Notice, Class Members seeking to object to the proposed Settlement, Lead Counsel's request for

fees and litigation expenses, or Lead Plaintiff's request for reimbursement of cost and expenses must be submitted to Lead Counsel, Defendants' Counsel, and the Clerk of the Court, no later than July 15, 2024.  As of the date of this declaration, SCS has been notified by Lead Counsel that an objection was submitted. **Exhibit F** is a copy of the objection with personal information redacted.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 7th day of June 2024, in Media, Pennsylvania.

Josephine Bravata

Josephine Bravata

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. KEVIN DOUGLAS, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, MA. LOURDES C. RAUSA-CHAN, GIL SAMSON D. GARCIA, JUNE CHERYL A. CABAL-REVILLA, AND JANE BASAS,<br><br>       Defendants. | Case No. 2:23-CV-00885-CJC-MAA |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, SETTLEMENT HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**IF YOU PURCHASED OR OTHERWISE ACQUIRED PLDT INC. AMERICAN DEPOSITORY SHARES DURING THE PERIOD BEGINNING JANUARY 1, 2019, THROUGH DECEMBER 21, 2022, YOU MAY BE ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*
*This is not a notice that you have been sued.*

This notice summarizes the proposed Settlement.[1] For the precise terms and conditions of the Settlement, please see the Stipulation by downloading from www.strategicclaims.net/pldt/, by contacting Lead Counsel at the addresses and phone numbers listed below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701-4516, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT, THE COURT CLERK'S OFFICE, DEFENDANTS OR DEFENDANTS' COUNSEL TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

---

[1] All capitalized terms used in this Notice are defined in the Stipulation of Settlement, dated February 16, 2024 (the "Stipulation"), available for download at www.strategicclaims.net/pldt/. For convenience, certain capitalized terms are also defined in this Notice. To the extent there is any conflict between the definitions of capitalized terms in this Notice and the Stipulation, the definition in the Stipulation controls.

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

**Overview of the Settlement**

The Settlement of this class action lawsuit (the "Action") will provide $3 million in cash (the "Settlement Amount"), plus earned interest, as provided for in the Stipulation to pay claims from investors who bought PLDT Inc. ("PLDT" or the "Company") American Depository Shares ("ADS") between January 1, 2019 and December 21, 2022, inclusive (the "Class Period"). Depending on the number of eligible shares purchased by investors who elect to participate in the Settlement and when those shares were purchased and sold, the average distribution is estimated to be $0.58 per ADS purchased in the Class Period, before deduction of Court-approved fees and expenses described below. The per-ADS amount assumes all eligible Class Members submit a valid and timely Proof of Claim and Release Form ("Claim Form"). If fewer than all Class Members submit timely and valid Claim Forms, which is likely, the distributions per ADS will be higher.

The Settlement, which is subject to Court approval, resolves in its entirety this Action – a class action brought in federal court by Lead Plaintiff Dr. Kevin Douglas ("Lead Plaintiff"), individually and on behalf of all others who purchased or otherwise acquired PLDT ADS during the Class Period, alleging that PLDT and its executive officers, including, *inter alia,* Manuel V. Pangilinan, Alfred S. Panlilio, and Marilyn A. Victorio-Aquino (the "Individual Defendants") (PLDT and the Individual Defendants are collectively referred to as "Defendants") made materially false and misleading statements relating to PLDT's historical capital expenditures. The Settlement avoids costs and risks from continuing the Action, it pays money to investors like you, and it releases all defendants named in the Action from liability.

If the Settlement is approved by the Court, the Court-appointed lawyers for the Class, Levi & Korsinsky, LLP, will ask the Court for an award of attorneys' fees of no more than 25% of the Settlement Fund, or approximately $750,000, and litigation expenses of up to $100,000 incurred in investigating the facts, litigating the case, and negotiating the Settlement. Lead Plaintiff will also submit an application for reimbursement of reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995, not to exceed $5,000. These payments, if approved, will come out of the $3 million Settlement Fund, and are estimated to be an average of $0.16 per ADS purchased in the Class Period.

Lead Plaintiff alleges claims arising under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated by the Securities and Exchange Commission ("SEC"). On October 10, 2023, Defendants moved to dismiss that Amended Complaint. On November 17, 2023, before briefing on the Motion to Dismiss was complete, Lead Plaintiff and Defendants (together the "Settling Parties") engaged in a private mediation (the "Mediation"), during which the Parties reached an agreement in principle to settle the Action such that, once the Settlement is approved by the Court, the action will be dismissed in its entirety as against all defendants named in the action.

PLDT and the Individual Defendants have denied and continue to deny all liability. Lead Plaintiff and Defendants do not agree on the average amount of damages per ADS that would be recoverable if the Lead Plaintiff were to have prevailed on each claim alleged. The issues on which Lead Plaintiff and Defendants disagree include, among other things: (1) whether any statement made by any Defendant during the Class Period was false or materially misleading; (2) the extent to which Defendants' various public statements that Lead Plaintiff allege were materially false or misleading influenced (if at all) the trading price of PLDT's ADS at various times during the Class Period; (3) the extent to which the various allegedly adverse material facts which were omitted influenced (if at all) the trading price of PLDT's ADS at various times during the Class Period; (4) whether any of the Defendants acted with the wrongful intent alleged by Lead Plaintiff; (5) even if liability could be proven, the appropriate economic model for determining the amount by which the price of PLDT's ADS were allegedly artificially inflated (if at all) during the Class Period; (6) the amount, if any, by which the price of PLDT's ADS were allegedly

2

artificially inflated (if at all) during the Class Period; (7) the effect of various market forces on the price of PLDT's ADS at various times during the Class Period; (8) the extent to which external factors influenced the price of PLDT's ADSs at various times during the Class Period; and (9) whether total damages would be more than $0 per ADS.

If you are a Class Member (as the term is defined below), your legal rights are affected by the Settlement, regardless of whether you act or do not act. **Read this notice carefully.**

| Your Legal Rights and Options | |
|---|---|
| **You can:** | **That Means:** |
| **Submit a Claim Form Either Online at www.strategicclaims.net/pldt/ no later than 11:59 P.M. PT on June 25, 2024 or Postmarked no later than June 25, 2024** | You can show that you are a Class Member and can get payment from the Settlement. If the proposed Settlement is finally approved by the Court, you may share in the proceeds if your Claim is received, timely and valid, and you meet the other requirements of the Plan of Allocation described on pages 14 to 17 below. This is the only way to get a payment. You will be bound by the Judgment and release described below if you stay in the Class regardless of whether you submit a Claim Form. *See* Question 10 below for more details. |
| **Exclude Yourself by Submitting an opt Out by July 15, 2024** | You can ask to be excluded from the Class. If excluded, you will get no payment from this Settlement and will not be part of the Class, and you will not be bound by any Judgment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Released Defendant Parties concerning the Released Claims. *See* Question 13 below for more details. |
| **Object by Filing a Written Objection with the Court no later than July 15, 2024** | If you remain part of the Class but have an objection to the Settlement, or some part of it, or the requested attorneys' fees or litigation expenses or request for an award to Lead Plaintiff for his costs and expenses, you can write to the Court to explain why. *See* Question 16 below for more details. |
| **Go to a Hearing on August 5, 2024 at 1:30 p.m.** | If you remain part of the Class, you can write to the Court and ask to speak no later than July 15, 2024 at the Settlement Hearing on August 5, 2024 at 1:30 p.m. when the Court considers the fairness of the Settlement, the request for attorneys' fees and reimbursement of litigation expenses of Lead Counsel and the request for an award to Lead Plaintiff for his costs and expenses. *See* Question 18 below for more details. |
| **Do Nothing** | You will get no payment and give up your rights to sue Defendants or the other Released Defendant Parties about the claims that are resolved by this Settlement. You will be bound by any Judgment entered by the Court. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

While the Court in charge of this case has given preliminary approval to the Settlement, it still has to decide whether to give final approval of the Settlement (subject to any appeals) as fair, reasonable, and adequate. Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

### BASIC INFORMATION

1. Why did I get this Notice package?....................................................................................Page 4
2. What is this Action about?...............................................................................................Page 5
3. What is a class action?....................................................................................................Page 5

3

4.  Why is there a Settlement?...................................................................................Page 5-6

**WHO IS INCLUDED IN THE SETTLEMENT?**

5.  How do I know if I am a Class Member?.............................................................Page 6
6.  Are there any exceptions to being included as a Class Member?....................................Page 6-7
7.  I am still not sure if I'm included.……………………………………………………..Page 7

**THE SETTLEMENT BENEFITS**

8.  What does the Settlement provide?......................................................................Page 7
9.  How much will my payment be?.........................................................................Page 7
10. How can I get a payment?.................................................................................Page 7
11. When would I get my payment?.........................................................................Page 7-8
12. What am I giving up to get a payment or stay in the Class?...........................................Page 8-10

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

13. How do I get out of the Settlement?....................................................................Page 10

**THE LAWYERS REPRESENTING YOU**

14. Do I have a lawyer in this case?........................................................................Page 10
15. How will the lawyers be paid?..........................................................................Page 11

**OBJECTING TO THE SETTLEMENT**

16. How do I tell the Court that I do not like the Settlement?..............................................Page 11-12
17. What's the difference between objecting and being excluded from the Class?..............Page 12

**THE COURT'S SETTLEMENT HEARING**

18. When and where will the Court decide whether to approve the Settlement?..................Page 12
19. Do I have to come to the Settlement Hearing?.........................................................Page 12
20. May I speak at the Settlement Hearing?................................................................Page 12-13

**IF YOU DO NOTHING**

21. What happens if I do nothing at all?................................................................... Page 13

**GETTING MORE INFORMATION**

22. Are there more details about the Settlement?.........................................................Page 13

**SPECIAL NOTICE TO NOMINEES**

23. Special Notice to Banks, Trustees, Brokerage Firms or Other Nominees……………..Page 13-14

**UNDERSTANDING YOUR PAYMENT – THE PLAN OF ALLOCATION**

A.  Introduction to the Plan of Allocation…………………………………………….Page 14-15
B.  Calculating Recognized Loss for PLDT ADS……………………………………….Page 15-16
C.  General Provisions Applicable to the Plan of Allocation……………………………Page 16-17

### BASIC INFORMATION

| 1. | **Why did I get this Notice package?** |

You or someone in your family may have purchased PLDT ADS during the period between January 1, 2019 and December 21, 2022.

The Court caused this Notice to be sent to you because you have a right to know about a proposed

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

Settlement of a class action lawsuit, a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains this Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. It is not an expression of any opinion by the Court with respect to the truth of the allegations of the litigation or the merits of the claims or defenses asserted.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as *Douglas v. PLDT Inc., et al.*, Case No. 2:23-CV-00885-CJC-MAA. The Honorable Cormac J. Carney is the Judge in charge of this class action. The person who sued is called the "Lead Plaintiff." The company being sued, PLDT Inc., and the persons who are being sued, PLDT's current and former executive officers, Manuel V. Pangilinan, Alfred S. Panlilio, and Marilyn A. Victorio-Aquino ("Defendants") as well as defendants Anabelle L. Chua, Ma. Lourdes C. Rausa-Chan, Gil Samson D. Garcia, June Cheryl A. Cabal-Revilla, and Jane Basas.

| 2. | **What is this Action about?** |
|----|---|

In the Action, Lead Plaintiff alleges that defendants named in the Action made materially false and misleading statements concerning material information relating to PLDT's historical capital expenditures which caused the price of PLDT's ADS to become artificially inflated during the Class Period. Lead Plaintiff alleges that the misleading nature of defendants' scheme and statements remained hidden until December 19, 2022 when defendants revealed, *inter alia*, that, from 2019 to 2022, PLDT spent PHP 379 billion on capital expenditures, an overrun of PHP 48 billion (USD 866 million), on undocumented purchases. Defendants vigorously contest Lead Plaintiff's allegations.

This Action was commenced on February 6, 2023 in the United States District Court for the Central District of California. On April 26, 2023, the Court appointed Dr. Kevin Douglas as Lead Plaintiff and approved Lead Plaintiff's choice of the law firm Levi & Korsinsky, LLP as Lead Counsel ("Lead Counsel") in the class action.

On July 7, 2023, after extensive investigation by Lead Counsel, Lead Plaintiff filed the Amended Complaint against PLDT and several individuals including the Individual Defendants alleging claims under the Exchange Act and Rule 10b-5. On October 10, 2023, Defendants moved to dismiss that Amended Complaint. On November 17, 2023, before briefing on the Motion to Dismiss was complete, Lead Plaintiff and Defendants engaged in intensive, arm's-length settlement negotiations under the close supervision of an experienced mediator during the Mediation, at which the Parties reached an agreement in principle to settle the Action in its entirety as against all defendants. On February 16, 2024, the Settling Parties executed a Stipulation of Settlement memorializing the Settlement amount and other key terms to settle this Action.

| 3. | **What is a class action?** |
|----|---|

In a class action, the plaintiff is called the "Class Representative," and he/she sues on behalf of numerous people who have similar claims. All these people with similar claims are called a "class," and each one is a "class member." The court resolves the claims of all class members, except for those who properly exclude themselves from the class.

| 4. | **Why is there a Settlement?** |
|----|---|

Instead of litigating the Action through trial, Lead Plaintiff and Defendants, after an intensive, arm's-

5

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

length negotiation under the supervision of an experienced mediator agreed to a compromise of the claims for $3 million in cash. The Court did not decide in favor of Lead Plaintiff or Defendants. Lead Plaintiff believes it could have won at trial; the Defendants believe Lead Plaintiff would not have won anything at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the risks and costs of a trial and possible appeals, and Class Members affected will get compensation. The Lead Plaintiff, as Class Representative, and the Lead Counsel believe the Settlement is best for all Class Members.

Lead Plaintiff believes that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class. In their motion to dismiss, Defendants raised a number of arguments and defenses (which they would continue to do through summary judgment and trial) including that the Company's capital expenditure disclosures and other disclosures at issue during the Class Period were accurate and that Plaintiff otherwise failed to adequately allege his claims (including because Lead Plaintiff failed to adequately allege that any defendants acted with the requisite state of mind). Defendants would also argue (among other things) that, even if Lead Plaintiff could establish liability, he could not show which part of the ADS-price decline was attributable to the alleged fraud (rather than other Company-specific or general market news). While Lead Plaintiff believes these arguments lack merit, there is no guarantee that Defendants would not prevail on one or more of these arguments. In the absence of a Settlement, the Settling Parties would present factual and expert testimony on each of these issues, and there is considerable risk that the Court or jury would resolve these issues against Lead Plaintiff and the Class.

Lead Counsel and Lead Plaintiff have thoroughly investigated and litigated the case prior to and since their appointment in 2023. Based upon their extensive investigation, consultation with experts, and evaluation of the claims asserted against the Defendants and defenses that might be asserted, Lead Counsel and Lead Plaintiff believe that the Settlement is fair, reasonable, adequate, and in the best interests of the Class. The Settlement provides an immediate and certain monetary recovery. By settling, Lead Plaintiff and Defendants avoid the cost, uncertainty, and delay of continued litigation. The Settling Parties engaged in extensive negotiations that led to the Settlement described in this Notice. Lead Counsel and Lead Plaintiff believe the Settlement is fair because there is no guarantee the Class would win on any of the claims and even if they did win, they might not be awarded any more money than the $3 million Settlement plus interest, as provided for in the Stipulation, that Defendants have agreed to pay in order to settle the Action. Defendants' lawyers believe the Settlement is fair because even though Defendants deny Lead Plaintiff's claims, Defendants will avoid the cost of continued litigation and risk of losing at trial.

## WHO IS INCLUDED IN THE SETTLEMENT

| **5.** | **How do I know if I am a Class Member?** |
|---|---|

For the purposes of settlement, with the few exceptions listed below, everyone who fits the following description is a Class Member: All persons who purchased or otherwise acquired PLDT Inc. American Depository Shares during the period from January 1, 2019, through December 21, 2022, inclusive.

| **6.** | **Are there any exceptions to being included as a Class Member?** |
|---|---|

Yes. You are **not** a Class Member if **any** of the following applies to you:
  a. You are a defendant.
  b. You are one of the defendants' Immediate Family Members.
  c. You are a firm, trust, corporation, or other entity in which a defendant has or had a controlling interest.
  d. You are a subsidiary or affiliate of PLDT.
  e. You are an officer, director, and/or controlling person of PLDT.
  f. You are PLDT's directors' and officers' liability insurance carriers, or any affiliates or

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

subsidiaries thereof.

g. You are a legal representative, affiliate, heir, successor in interest, or assign of any of the foregoing.

h. You properly exclude yourself from the Class.

| 7. | I am still not sure if I'm included |
| --- | --- |

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator at (866) 274-4004 or email info@strategicclaims.net or you can fill out the Claim Form described in question 10, to see if you qualify. You can also contact Lead Counsel at the addresses and phone numbers listed below. Please do not contact the Court, the Clerk of Court, Defendants, or Defendants' Counsel.

## THE SETTLEMENT BENEFITS

| 8. | What does the Settlement provide? |
| --- | --- |

Defendants have paid or will pay $3 million in cash into an escrow account that will earn interest, as provided for in the Stipulation, for the benefit of the Class (the "Settlement Fund"). After deduction of Taxes and Tax Expenses, Notice and Administration Expenses, litigation expenses, attorneys' fees, any award to Lead Plaintiff for his costs and expenses, and any other fees or expenses as may be approved by the Court, the balance (the "Net Settlement Fund") will be distributed to the Class Members in accordance with the Plan of Allocation, discussed at pages 14 to 17 below.

In exchange for Defendants' payment, the claims described in response to question number 12 below, "What am I giving up to get a payment or stay in the Class?" will be released, discharged, and dismissed with prejudice.

The proposed Settlement represents a compromise of disputed claims and does not mean that any of the defendants have been found liable for any claims asserted by Lead Plaintiff. Defendants specifically deny any liability and settled this case to avoid the expense of complex litigation.

| 9. | How much will my payment be? |
| --- | --- |

Your share of the Net Settlement Fund will depend on the number of valid and timely Claim Forms that Class Members send in, how many shares of PLDT ADS you bought, and when you bought and sold them. You should look at the Plan of Allocation that appears below on pages 14 to 17 of this Notice for a description of the calculations to be made by the Claims Administrator in computing the amounts to be paid to "Authorized Claimants," that is, those investors who submit valid and timely Claim Forms establishing they are Class Members.

| 10. | How can I get a payment? |
| --- | --- |

To qualify for payment, you must timely send in a Claim Form to the Claims Administrator. A Claim Form is attached to this Notice. Read the Claim Form's instructions carefully, fill it out, submit to the Claims Administrator all the documents the Claim Form asks for, sign the Claim Form, and submit it postmarked no later than June 25, 2024, or you can submit the Claim Form online at www.strategicclaims.net/pldt/ no later than 11:59 p.m. PT on June 25, 2024. Unless the Court orders otherwise, if you do not timely submit a Claim Form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the final Judgment in the case.

| 11. | When would I get my payment? |
| --- | --- |

The Settlement is conditioned on two main events: (1) the entry of the Final Judgment by the Court, as

7

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

provided for in the Stipulation, after the Court holds a Settlement Hearing to decide whether to approve the Settlement; and (2) the expiration of the applicable period to file all appeals from the judgment. If the Settlement is approved, it is possible there may be an appeal by someone. There is always uncertainty as to how these appeals will be resolved, and resolving them can take time, perhaps more than a year. Also, if certain conditions of the Settlement described in the Stipulation are not met, the Settlement will be terminated and become null and void. In addition, the Claims Administrator will need time to process all of the timely claims before any distribution can be made.

| **12.** | **What am I giving up to get a payment or stay in the Class?** |
| --- | --- |

As a member of the Class, in consideration for the benefits of the Settlement, you will be bound by the terms of the Settlement, and you will release Defendants and the other Released Parties (collectively, the "Released Parties" as defined below) from the Released Claims as defined below.

"Released Defendant Parties" means (i) all defendants, regardless of whether the defendant is a Settling Party, and each and all of their present or former affiliates, predecessors, heirs, executors, administrators, successors and assigns, attorneys, accountants, insurers, financial advisors, commercial bank lenders, investment bankers, representatives, general and limited partners and partnerships, agents, spouses, associates, and assigns of each or any of them or any trust of which a defendant is the settlor or which is for the benefit of the defendant and any entity in which a defendant has a controlling interest, and (ii) each and all of the present and former parents, subsidiaries, divisions, affiliates, successors of PLDT and each and all of the present or former employees, officers, directors, attorneys, accountants, insurers, financial advisors, commercial bank lenders, investment bankers, representatives, general and limited partners and partnerships, agents, spouses, associates, and assigns of each or any of them.

"Released Plaintiff Parties" means (i) Lead Plaintiff, his attorneys, and all other Class Members; (ii) the current and former parents, officers, directors, affiliates, subsidiaries, successors, predecessors, assigns, assignees, and Immediate Family Members of each of the foregoing in part (i); and (iii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers, expert consultants, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters, and retained professionals, in their respective capacities as such.

"Released Claims" means any and all claims (including "Unknown Claims" as described below and in ¶1.43 of the Stipulation), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, asserted or unasserted, discoverable or undiscoverable, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign (including Philippine law) or domestic, including those that are concealed or hidden, regardless of legal or equitable theory, that (i) arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, filings, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions or failures to act that were or could have been involved, set forth, referred to, or alleged by Plaintiff and any Class Member in the Action, whether arising under

8

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

federal, state, local, common, or foreign law (including Philippine law), or any other law, rule, or regulation, whether individual or class in nature; and (ii) that concern, arise out of, are based upon, or relate to the purchase, acquisition, holding, sale, or disposal of PLDT securities during the Class Period, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment.

"Released Defendants' Claims" means all claims, including both known claims and Unknown Claims (as described below and in ¶1.43 of the Stipulation), demands, rights, liabilities, suits, debts, obligations, and causes of action of every nature and description, whether known or unknown, that could have been asserted in this action or could in the future be asserted in any forum, whether arising under federal, state, local, common, or foreign law (including Philippine law), by the defendants against Plaintiff or any of the Released Plaintiff Parties, including Lead Counsel and Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action, except for claims relating to the enforcement of the Settlement.

"Unknown Claims" means any and all Released Claims that Plaintiff or any other Class Members do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any defendant does not know or suspect to exist in their, his, her, or its favor, which if known by any of them, might have affected their, his, her, or its decision(s) to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected their, his, her, or its decision not to object to this Settlement or not exclude themselves, himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Plaintiff and Class Members (as regards to the Released Claims) and defendants (as regards to the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Action, but they stipulate and agree that, upon the Effective Date of the Settlement, the Released Parties shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff and Defendants acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

If the Court approves the Settlement, all Class Members who have not excluded themselves in writing

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

will have fully, finally, and forever settled and released any and all Released Claims, contingent or non-contingent, that now exist, or heretofore have existed, upon any theory of law or equity that were asserted or could have been asserted in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 13. | How do I get out of the Settlement? |
|---|---|

If you do not wish to be included in the Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded. To exclude yourself from the Class, you must transmit by United States Postal Service or e-mail a signed letter stating that you "request to be excluded from the Class in *Douglas v. PLDT Inc., et al.*, Case No. 2:23-CV-00885-CJC-MAA." **You cannot exclude yourself by phone.** The request for exclusion must: (a) state the name, address, email address, and telephone number of the Person or Entity requesting exclusion; (b) identify the number of shares of PLDT ADS held immediately before the commencement of the Class Period and after the Class Period; (c) state the number of shares of PLDT ADS purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and/or sale; (d) contain a statement that the Person wishes to be excluded from the Class; and (e) be signed by the Person or Representative of the Entity requesting exclusion. A request for exclusion must be **post-marked if by mail, or e-mailed, no later than July 15, 2024**, to:

> EXCLUSIONS – Douglas v. PLDT Inc., et al.
> c/o Strategic Claims Services, Inc.
> 600 N. Jackson Street, Suite 205
> Media, PA 19063
> Email: info@strategicclaims.net

**Your exclusion must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.** If you ask to be excluded from the Class, you will not get any Settlement payment, and you cannot object to the Settlement. If you exclude yourself, you will not be legally bound by anything that happens in this Action. You may be able to sue (or continue to sue) PLDT, Defendants, and the other Released Defendants Parties in the future about the claims in this Action. If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

Yes. The Court appointed the law firm Levi & Korsinsky, LLP as Lead Counsel to represent all Class Members. Lead Counsel may be contacted at the addresses and phone numbers listed below:

> Shannon L. Hopkins
> Gregory M. Potrepka
> David C. Jaynes
> LEVI & KORSINSKY, LLP
> 1111 Summer Street, Suite 403
> Stamford, CT 06905
> Telephone: (203) 992-4523

There is no need to retain your own lawyer, and you will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|-----|-------------------------------|

At the Settlement Hearing, Lead Counsel will ask the Court to approve payment of up to 25% of the Settlement Fund, or approximately $750,000, to them for attorneys' fees and a payment of up to $100,000 to them for reimbursement of litigation expenses. These fees and expenses would pay Lead Counsel for investigating the facts, litigating the case and negotiating the Settlement. Lead Plaintiff will also ask for the Court to approve up to $5,000 in an award to pay the cost and expenses of Lead Plaintiff. The Court may award less than these amounts.

Additionally, at the Settlement Hearing, Lead Plaintiff will also ask the Court to approve payment of the Claims Administrator's expenses. Those expenses are estimated to be approximately $125,000 based upon the submission of approximately 12,500 Claim Forms.

## OBJECTING TO THE SETTLEMENT

| 16. | How do I tell the Court that I do not like the Settlement? |
|-----|-----------------------------------------------------------|

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement, Lead Counsel's request for fees and litigation expenses, or Plaintiff's request for reimbursement of cost and expenses must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number, *Douglas v. PLDT Inc., et al.*, Case No. 2:23-CV-00885-CJC-MAA, and (b) be submitted to the Court either by mailing them to the Clerk of Court, United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701-4516, or by filing them in person at any location of the United States District Court for the Central District of California by July 15, 2024.

Any objection must further: (a) clearly identify the case name and number, *Douglas v. PLDT Inc., et al.*, Case No. 2:23-CV-00885-CJC-MAA; (b) include the full name, address, email address, and phone number of the objecting Class Member; (c) include a list of all of the Class Member's Class Period transactions in PLDT ADS including number of shares, date of the transactions, and the price of the transactions; (d) identify the number of shares of PLDT ADS held immediately before the commencement of the Class Period and after the Class Period; (e) identify all other class action settlements to which the objector and their, his, her or its counsel has previously objected, copies of any papers, briefs, or other documents upon which the objection is based, and contain the objector's signature, even if represented by counsel; and (f) include a written statement of all grounds for the objection.

If you wish to appear in person at the Settlement Hearing, you must submit to the Court with your objection a Notice of Intention to Appear. If you intend to appear at the Settlement Hearing through counsel, your objection must also state the identity of all attorneys who will appear at the Settlement Hearing and your counsel must submit a Notice of Intention to Appear with the objection.

Copies of any written objection, Notice of Intention to Appear, and all supporting papers and briefs, must be mailed by, or delivered by email such that it is *received* by, each of the following no later than July 15, 2024:

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

| *Lead Counsel* | *Defendants' Counsel* |
|---|---|
| Shannon L. Hopkins | Daniel M. Perry |
| Levi & Korsinsky, LLP | Milbank LLP |
| 1111 Summer Street, Suite 403 | 55 Hudson Yards |
| Stamford, CT 06905 | New York, NY 10001-2163 |
| Email: shopkins@zlk.com | Email: DPerry@milbank.com |

If you do not make your objection in the manner provided above, you will be deemed to have waived such objection and forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement or any part thereof, or to Lead Counsel's request for fees and litigation expenses, or Lead Plaintiff's request for reimbursement of cost and expenses.

| **17.** | **What's the difference between objecting and being excluded from the Class?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You do not need to attend that hearing, but are welcome to attend if you so desire.

| **18.** | **When and where will the Court decide whether to approve the Settlement?** |
|---|---|

The Settlement Hearing will be held at 1:30 p.m. on August 5, 2024 before the Honorable Judge Cormac J. Carney, United States District Court for the Central District of California, either via telephonic or video conference, or in Courtroom 9B of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701-4516. THE SETTLEMENT HEARING DATE MAY CHANGE WITHOUT FURTHER NOTICE TO THE CLASS, SO PLEASE CHECK THE SETTLEMENT WEBSITE OR THE COURT'S PACER SYSTEM TO CONFIRM THE HEARING DATE. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate; whether the proposed plan to distribute the Settlement proceeds (the "Plan of Allocation" described on pages 14 to 17 below) is reasonable; whether to approve the application by Lead Counsel for attorneys' fees and reimbursement of litigation expenses, and whether to approve the request for an award to Lead Plaintiff for his costs and expenses. If there are objections, the Court will consider them. The Court has discretion to listen to people who have made a written request to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement, the attorneys' fees and reimbursement of litigation expenses request, and the request for an award to Lead Plaintiff for his costs and expenses. We do not know how long these decisions will take.

| **19.** | **Do I have to come to the Settlement Hearing?** |
|---|---|

No. Lead Counsel will answer questions the Judge may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| **20.** | **May I speak at the Settlement Hearing?** |
|---|---|

Any Class Member who did not request to be excluded from the Class by July 15, 2024 is entitled to appear at the Settlement Hearing, in person or through a duly authorized attorney, and to show cause why the Settlement should not be approved as fair, reasonable, and adequate. However, you may not be heard

12

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

at the Settlement Hearing unless, on or before July 15, 2024, you file a Notice of Intention to Appear and a statement of the position that you will assert and the grounds for the position, together with copies of any supporting papers or brief with the Clerk of Court, United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701-4516, as described in paragraph 16 above.

Only Class Members who have submitted written notices in this manner may be heard at the Settlement Hearing, unless the Court orders otherwise.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, you will get <u>no money</u> from this Settlement, but you will be bound by the Settlement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Released Defendant Parties about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 22. | Are there more details about the Settlement? |
|-----|----------------------------------------------|

Yes. This Notice summarizes the proposed Settlement. More details (including definitions of various terms used in this Notice) are contained in the pleadings and other papers in this Action, including the formal Stipulation, which have been filed with the Court. Lead Plaintiff's submissions in support of the Settlement, Lead Counsel's fee and expense application, and Lead Plaintiff's request for an award to pay the time and expenses of Lead Plaintiff will be filed with the Court prior to the Settlement Hearing. In addition, information about the Settlement will be posted on the website set up for this case: www.strategicclaims.net/pldt/. If you have any further questions, you may contact Lead Counsel identified in paragraph 14 above. You also can call the Claims Administrator at (866) 274-4004 to find answers to common questions about the Settlement and obtain information about the status of the Settlement approval process.

## SPECIAL NOTICE TO NOMINEES

| 23. | Special Notice to Banks, Trustees, Brokerage Firms or Other Nominees |
|-----|--------------------------------------------------------------------|

If you purchased or acquired PLDT ADS during the Class Period for the beneficial interest of a Person or Entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF RECEIPT OF A NOTICE, YOU MUST EITHER**: (a) provide to the Claims Administrator the name, last known address, and email address of each such beneficial owner; (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Postcard Notice directly to all such beneficial owners, or (c) request the link of this Notice and Claim Form from the Claims Administrator, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, email the link directly to all such beneficial owners. If they are available, you must also provide the Claims Administer with the e-mails of the beneficial owners. If you choose to follow procedure (b) or (c), the Court has also directed that, upon making that mailing/emailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing/emailing was made as directed **WITHIN TEN (10) CALENDAR DAYS** of receipt of the Postcard Notices from the Claims Administrator/link of the Notice and Claim Form and keep a record of the names and mailing addresses/email addresses used to deliver the Postcard Notice/link of the Notice and Claim Form to all such beneficial owners. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and/or email address (to the extent available) provided to

13

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

Claims Administrator; (b) $0.03 per email for emailing notice to a beneficial owner; or (c) $0.03 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice to a beneficial owner, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. All communications concerning the foregoing should be addressed to the Claims Administrator: Douglas v. PLDT Inc. et al., c/o Strategic Claims Services, Inc., 600 N. Jackson Street, Suite 205, Media, PA 19063.

## UNDERSTANDING YOUR PAYMENT – THE PLAN OF ALLOCATION

### A.      Introduction to the Plan of Allocation

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

A Recognized Loss will be calculated for each share of PLDT American Depository Shares ("ADS") purchased or otherwise acquired during the Class Period.[2] The calculation of Recognized Loss will depend upon several factors, including when PLDT ADS were purchased or otherwise acquired during the Class Period (i.e., January 1, 2019 through December 21, 2022, inclusive) and in what amounts, and whether such ADS were sold and, if sold, when and for what amounts. The Recognized Loss is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund equitably and to the extent it is economically feasible. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants.

The Plan of Allocation was created with the assistance of damages consultants and is based on the assumption that the price of PLDT ADS was artificially inflated throughout the Class Period until December 19, 2022 by $6.22 per share, at which point thereafter the artificial inflation was $0.00 per share. The computation of the estimated alleged artificial inflation in the price of PLDT ADS during the Class Period is based on the fraudulent courses of conduct alleged by Lead Plaintiff and the price changes in the ADS, net of market and industry-wide factors, in reaction to the public announcement issued on December 19, 2022 that allegedly corrected the fraud alleged by Lead Plaintiff. The Plan of Allocation takes into account that the relevant news on December 19, 2022 was issued prior to the market open and thus this disclosure removed artificial inflation from the price of PLDT ADS on December 19, 2022 (the "Corrective Disclosure Date").

The U.S. federal securities laws allow investors to recover losses caused by disclosures which corrected the Defendants' alleged fraudulent statements. Thus, in order to have recoverable damages, the corrective disclosure of the alleged fraud must be the cause of the decline in the price or value of PLDT ADS. Accordingly, if PLDT ADS was sold before December 19, 2022, the Recognized Loss for such ADS is $0.00, and any loss suffered is not compensable under the federal securities laws.

The "90-Day Lookback" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for PLDT ADS. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on PLDT ADS purchased during the Class Period and held as of the end of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for

---

[2] Throughout the Class Period, PLDT ADS was listed on the New York Stock Exchange under the symbol PHI.

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

such ADS and its average price during the 90-Day Lookback Period. The Recognized Loss on PLDT ADS purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such ADS and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in PLDT ADS executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

A Recognized Loss will be calculated as set forth below for each share of PLDT ADS purchased or otherwise acquired during the Class Period that is listed in the Claim Form and for which adequate documentation is provided.

Please note that the approval of the Settlement is separate from, and not conditioned on, the Court's approval of the Plan of Allocation. You do not need to make any of these calculations yourself. The Claims Administrator will make all of these calculations for you.

### B.    Calculating Recognized Loss for PLDT ADS

For each share of PLDT ADS purchased or otherwise acquired during the Class Period through December 18, 2022, i.e., January 1, 2019 through December 18, 2022, inclusive, the Recognized Loss per share shall be calculated as follows:

I.    For each share of PLDT ADS purchased during the Class Period through December 18, 2022 that was subsequently sold prior to December 19, 2022, the Recognized Loss per share is $0.00.

II.    For each share of PLDT ADS purchased during the Class Period through December 18, 2022 that was subsequently sold during the period December 19, 2022 through March 17, 2023, inclusive, (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is the lesser of:

    a.    $6.22 per share; or
    b.    the purchase price minus the sale price; or

    c.    the purchase price minus the "90-Day Lookback Value" on the date of sale provided in Table 1 below.

III.    For each share of PLDT ADS purchased during the Class Period through December 18, 2022 that was still held as of the close of trading on March 17, 2023, the Recognized Loss per share is the lesser of:

    a.    $6.22 per share;
    b.    the purchase price minus the average closing price for PLDT ADS during the 90-Day Lookback Period, which is $24.49 per share.

IV.    For each share of PLDT ADS purchased during the Class Period from December 19, 2022 through December 21, 2022, inclusive, the Recognized Loss per share is $0.00.

| Table 1 | | | | | |
| 90-Day Lookback Value by Sale/Disposition Date | | | | | |
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 12/19/2022 | $20.46 | 1/20/2023 | $24.03 | 2/21/2023 | $24.84 |
| 12/20/2022 | $20.61 | 1/23/2023 | $24.17 | 2/22/2023 | $24.83 |
| 12/21/2022 | $21.29 | 1/24/2023 | $24.30 | 2/23/2023 | $24.82 |
| 12/22/2022 | $21.52 | 1/25/2023 | $24.43 | 2/24/2023 | $24.80 |
| 12/23/2022 | $21.75 | 1/26/2023 | $24.53 | 2/27/2023 | $24.78 |
| 12/27/2022 | $21.82 | 1/27/2023 | $24.60 | 2/28/2023 | $24.75 |
| 12/28/2022 | $21.88 | 1/30/2023 | $24.65 | 3/1/2023 | $24.73 |
| 12/29/2022 | $21.98 | 1/31/2023 | $24.68 | 3/2/2023 | $24.71 |
| 12/30/2022 | $22.07 | 2/1/2023 | $24.72 | 3/3/2023 | $24.70 |
| 1/3/2023 | $22.23 | 2/2/2023 | $24.79 | 3/6/2023 | $24.70 |
| 1/4/2023 | $22.49 | 2/3/2023 | $24.84 | 3/7/2023 | $24.68 |
| 1/5/2023 | $22.68 | 2/6/2023 | $24.86 | 3/8/2023 | $24.67 |
| 1/6/2023 | $22.82 | 2/7/2023 | $24.87 | 3/9/2023 | $24.64 |
| 1/9/2023 | $22.95 | 2/8/2023 | $24.89 | 3/10/2023 | $24.61 |
| 1/10/2023 | $23.12 | 2/9/2023 | $24.89 | 3/13/2023 | $24.58 |
| 1/11/2023 | $23.28 | 2/10/2023 | $24.88 | 3/14/2023 | $24.56 |
| 1/12/2023 | $23.40 | 2/13/2023 | $24.89 | 3/15/2023 | $24.53 |
| 1/13/2023 | $23.52 | 2/14/2023 | $24.88 | 3/16/2023 | $24.51 |
| 1/17/2023 | $23.64 | 2/15/2023 | $24.87 | 3/17/2023 | $24.49 |
| 1/18/2023 | $23.76 | 2/16/2023 | $24.85 | | |
| 1/19/2023 | $23.90 | 2/17/2023 | $24.85 | | |

The Recognized Loss is equal to the Recognized Loss per share multiplied by the number of shares.

### C.    General Provisions Applicable to the Plan of Allocation

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of Claimants who send in Claims varies widely from case to case.

A purchase or sale of PLDT ADS shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance or Operation of Law: If a Class Member acquired PLDT ADS during the Class Period by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that PLDT ADS were originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

If a Class Member made more than one purchase/acquisition or sale of PLDT ADS during the Class Period or during the 90-Day Lookback Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. With respect to PLDT ADS, sales made during or after the Class Period will be matched first against any holdings as of the close of trading on December 31, 2018 (the last day before the Class Period begins), and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

16

The date of covering a "short sale" of PLDT ADS is deemed to be the date of purchase of PLDT ADS. The date of a "short sale" of PLDT ADS is deemed to be the date of sale of PLDT ADS. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in PLDT ADS, the earliest subsequent Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to their, his, her, or its overall transactions in PLDT ADS[3] during the Class Period through December 18, 2022. For purposes of making this calculation, the Claims Administrator will determine the difference between: (i) the Claimant's Total Purchase Amount[4] and (ii) the sum of the Claimant's Total Sales Proceeds[5] and the Claimant's Holding Value.[6] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

If a Claimant had a Market Gain with respect to their, his, her, or its overall transactions in PLDT ADS during the Class Period, the value of the Claimant's Recognized Loss will be set to zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to their, his, her, or its overall transactions in PLDT ADS during the Class Period, but that Market Loss was less than the Claimant's Recognized Loss as calculated above, then the Claimant's Recognized Loss will be limited to the amount of the Market Loss.

With respect to PLDT ADS purchased through the exercise of a call or put option,[7] the purchase date of the ADS shall be the exercise date of the option and the purchase price shall be the closing price of PLDT ADS on the exercise date. Any Recognized Loss arising from purchases of PLDT ADS acquired during the Class Period through the exercise of an option on PLDT ADS shall be computed as provided for other purchases of PLDT ADS in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a pro rata share of the Net Settlement Fund based on their, his, her or its total Recognized Losses as compared to the total Recognized Losses of all

---

[3] Including transactions in PLDT ADS due to the assignment or exercise of options.

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of PLDT ADS purchased/acquired during the Class Period through December 18, 2022. Purchases of ADS that match under FIFO to short positions held prior to the Class Period will be excluded from the calculation. The purchase amount for an assigned call option (i.e., the closing of a written call option due to exercise) shall be equal to the closing ADS price on the date of assignment less the exercise price.

[5] The "Total Sales Proceeds" will be the total amount received (not deducting any fees, commissions, and taxes) for sales of PLDT ADS that are made by the Claimant during the Class Period through December 18, 2022. Sales of ADS that match under FIFO to positions held prior to the Class Period will be excluded from the calculation. The sale amount for an exercised call option (i.e., the closing of a purchased call option due to exercise) shall be equal to the closing ADS price on the date of exercise less the exercise price.

[6] The Claims Administrator will ascribe a "Holding Value" of $20.46 to each ADS of PLDT purchased/acquired during the Class Period through December 18, 2022 that was still held as of the close of trading on December 18, 2022. For ADS sold short during the Class Period through December 18, 2022 and still held as of the close of trading on December 18, 2022, the Claims Administrator will ascribe a holding value for that ADS as described above, but such holding value will be multiplied by -1 (i.e., equivalent to a closing purchase of such short position).

[7] Including (i) purchases of PLDT ADS as the result of the exercise of a call option on PLDT ADS; and (ii) purchases of PLDT ADS by the seller of a put option on PLDT ADS as a result of the buyer of such put option exercising that put option.

17

Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (i) first, to pay amounts mistakenly omitted from the initial disbursement (if any); (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if, in the discretion of Lead Counsel, such second distribution is economically feasible. At such time it is determined that redistribution of funds remaining in the Settlement Fund is not cost-effective, the remaining balance shall be contributed to an appropriate non-profit 501(c)(3) organization, to be recommended by Lead Counsel and approved by the Court.

Class Members who do not submit an acceptable Claim Form will not share in the Settlement proceeds. The Stipulation and Judgment dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion or submit an acceptable Claim Form.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility for, interest in, or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund (except insofar as Defendants' insurance carrier retains the right to a potential refund of the Settlement Amount and accrued interest thereon pursuant to the terms of ¶7.4 of the Stipulation), the Plan of Allocation, the determination, administration or calculation of Claims, the payment of any Claim, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. Lead Plaintiff, the Escrow Agent, Plaintiff's Counsel, or any Claims Administrator likewise will have no liability for their reasonable efforts to execute, administer and distribute the Settlement.

No Authorized Claimant will have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator, or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation, the Plan of Allocation or further orders of the Court. In addition, in the interest of achieving substantial justice, Lead Counsel will have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms filed.

Date:   March 6, 2024                              THE HONORABLE CORMAC J. CARNEY
                                                   United States District Court Judge for the
                                                   Central District of California

18

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. KEVIN DOUGLAS, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, MA. LOURDES C. RAUSA-CHAN, GIL SAMSON D. GARCIA, JUNE CHERYL A. CABAL-REVILLA, AND JANE BASAS,<br><br>    Defendants. | **Case No. 2:23-CV-00885-CJC-MAA**<br><br>Honorable Cormac J. Carney |

**PROOF OF CLAIM AND RELEASE FORM**

**A.   GENERAL INSTRUCTIONS**

1.      To be eligible to recover as a member of the Class based on your claims in the action entitled *Douglas v. PLDT Inc., et al.*, Case No. 2:23-CV-00885-CJC-MAA (the "Action"), you must complete and, on page 5 below, sign this Proof of Claim and Release Form ("Claim Form").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may not be eligible to receive any money from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement.

3.      **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/PLDT/ NO LATER THAN JUNE 25, 2024, OR, IF MAILED, POSTMARKED NO LATER THAN JUNE 25, 2024, ADDRESSED AS FOLLOWS:**

Douglas v. PLDT Inc., et al.
c/o Strategic Claims Services, Inc.
600 N. Jackson Street, Suite 205
Media, PA 19063
Toll-free: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net

If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice"), which accompanies this Claim Form), DO NOT submit a Claim Form.

4.      Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator as set forth in paragraph 3 above.

5.      If you are a member of the Class and you have not timely requested exclusion in response to the Notice (dated March 6, 2024), Summary Notice, or Postcard Notice, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

**B.   CLAIMANT IDENTIFICATION**

1.      If you purchased or otherwise acquired publicly traded American Depository Shares ("ADS") of PLDT Inc. ("PLDT" or the "Company"), during the period from January 1, 2019 through December 21, 2022, inclusive, (the "Class Period") and held the securities in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or otherwise acquired ADS of PLDT through a third party during the Class Period, such as a brokerage firm, you

1

are the beneficial owner, and the third party is the record owner. For the purposes of this Settlement, you are a Class Member if you purchased or otherwise acquired PLDT ADS between **January 1, 2019 and December 21, 2022, inclusive.**

2.      Use Part I of this form entitled "Claimant Information" to identify each beneficial purchaser or acquirer of PLDT ADS that form the basis of this claim, as well as the purchaser or acquirer of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S).

3.      All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  Signature of this form by such a representative constitutes certification of his or her authority to act on behalf of Claimant.  The Social Security (or Taxpayer Identification) Number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## C.   IDENTIFICATION OF TRANSACTIONS

1.      Use Part II of this form entitled "Schedule of Transactions in PLDT ADS" to supply all required details of your transaction(s) in PLDT ADS, including both: (1) open market ADS purchases; and (2) ADS that were purchased pursuant to: (a) the exercise of a call option(s); and (b) the assignment of a put option(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedule(s), provide all of the requested information with respect to *all* of your holdings, purchases, acquisitions, and sales of PLDT ADS during the period from January 1, 2019 through and including March 17, 2023, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      The date of covering a "short sale" is deemed to be the date of purchase of PLDT ADS.  The date of a "short sale" is deemed to be the date of sale of PLDT ADS. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in PLDT ADS, the earliest subsequent Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

4.      Copies of broker confirmations or other documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN PLDT ADS.

5.      NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net/institutional-filers/ to obtain the required file layout.  Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 3 of the Claimant Identification), along with the electronic spreadsheet format.  No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

6.      NOTICE REGARDING ONLINE FILING:  Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/pldt/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

PLDT

<table>
<tr>
<td>For Official Use Only</td>
<td><b>UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA</b><br>PLDT Inc. Securities Litigation<br>Case No. 2:23-cv-00885-CJC-MMA<br><u><b>PROOF OF CLAIM AND RELEASE</b></u><br>PLEASE TYPE OR PRINT</td>
<td><b>MUST BE POSTMARKED OR RECEIVED ELECTRONICALLY NO LATER THAN JUNE 25, 2024</b></td>
</tr>
</table>

## PART I:  CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name (First, Middle, Last)

Joint Beneficial Owner's Name (First, Middle, Last) *(if applicable)*

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

| City | State/Province | ZIP Code |
|------|----------------|----------|
|      |                |          |

| Foreign Postal Code *(if applicable)* | Foreign Country *(if applicable)* |
|---------------------------------------|-----------------------------------|
|                                       |                                   |

| Telephone Number (Day) | Telephone Number (Evening) |
|------------------------|----------------------------|
|                        |                            |

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐  Individual(s)       ☐ IRA              ☐ Trust
☐  Corporation        ☐ Partnership     ☐ Other (describe): _____
☐  UGMA Custodian   ☐ Estate

3

PLDT

| PART II:  SCHEDULE OF TRANSACTIONS IN PLDT ADS | | | | | | | |
|---|---|---|---|---|---|---|---|
| **1.  BEGINNING HOLDINGS.**  State the total number of shares of PLDT ADS held as of the opening of trading on January 1, 2019.  If none, write "zero" or "0."_____. (Must be documented.) | | | | | | Confirm Proof of Position Enclosed○ | |
| **2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD.** Separately list each and every purchase/acquisition of PLDT ADS from after the opening of trading on January 1, 2019, through the close of trading on December 18, 2022.  (Must be documented.) | | | | | | | |
| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased /Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Result of an Option Exercise or Assignment? Yes/No | Was the Option a Put or Call? | Was the Option Bought or Sold? | Confirm Proof of Purchase/ Acquistion Enclosed |
| /    / | | $ | $ | | | | ○ |
| /    / | | $ | $ | | | | ○ |
| /    / | | $ | $ | | | | ○ |
| /    / | | $ | $ | | | | ○ |
| **3.  NUMBER OF SHARES PURCHASED DURING THE 90-DAY LOOKBACK PERIOD.** State the total number of shares of PLDT ADS purchased/acquired from after the opening of trading on December 19, 2022, through close of trading on March 17, 2023.  If none, write "zero" or "0."  _____.[1]  (Must be documented.) | | | | | | | |
| **4.  SALES DURING THE CLASS PERIOD AND 90-DAY LOOKBACK PERIOD.** Separately list each and every sale/disposition of PLDT ADS from after the opening of trading on January 1, 2019, through the close of trading on March 17, 2023. (Must be documented.) | | | | | | **IF NONE, CHECK HERE** ○ | |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Result of an Option Exercise or Assignment? Yes or No | Was the Option a Put or Call? | Was the Option Bought or Sold? | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | | | | ○ |
| /    / | | $ | $ | | | | ○ |
| /    / | | $ | $ | | | | ○ |
| /    / | | $ | $ | | | | ○ |
| **5.  ENDED HOLDINGS.**  State the total number of shares of PLDT ADS held as of the close of trading on March 17, 2023.  If none, write "zero" or "0." _____. (Must be documented.) | | | | | | Confirm Proof of Position Enclosed ○ | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐. INCLUDE THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH PAGE.**

---

[1] **Please note**:  Information requested with respect to your purchases/acquisitions of PLDT ADS from after the opening of trading on December 19, 2022 through and including the close of trading on March 17, 2023 is needed in order to balance your claim; purchases or acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

Questions? Call (866) 274-4004 (Toll free) or visit www.strategicclaims.net/pldt/

PLDT

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 5. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING ORTHE REJECTION OF YOUR CLAIM.**

| PART III – ACKNOWLEDGMENTS AND RELEASE |
|---|

**A.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation of Settlement, dated February 16, 2024 (the "Stipulation"), described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Class Member, the subject matter of the Settlement, and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this Claim (including transactions in other PLDT securities) if requested to do so. I (We) have not submitted any other Claim in the Action covering the same purchases or acquisitions of PLDT ADS and know of no other person having done so on my (our) behalf.

**B.  RELEASE AND ACKNOWLEDGMENT**

1.    Upon the occurrence of the Court's approval of the Settlement, as detailed in the accompanying Notice, I (we) agree and acknowledge that my (our) signature(s) below shall effect and constitute a full and complete release and discharge by me (us) and my (our) heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries, or legal representatives, in their capacities as such (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them, and by its, his, her, or their heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries, or legal representatives, in their capacities as such) of each of the "Released Defendants' Claims" and all "Released Claims" as those terms are defined in the Stipulation.

2.    Upon the occurrence of the Court's approval of the Settlement, as detailed in the accompanying Notice, I (we) agree and acknowledge that my (our) signature(s) below shall effect and constitute an agreement by me (us) and my (our) heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries, or legal representatives, in their capacities as such (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them, and by its, his, her, or their heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries, or legal representatives, in their capacities as such) not to commence, maintain, prosecute, or enforce any action or other proceeding in all state and federal courts and arbitral fora, and in the courts and agencies of all foreign jurisdictions (including the Philippines) asserting any and all Released Claims (including Unknown Claims) against any of the Released Parties.

3.    I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of "Released Claims" set forth in the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

4.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.    I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in PLDT ADS that are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

6.    I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct and that the documents submitted herewith are true and correct copies of what they purport to be.

Executed this _____ day of _____, in _____, _____.
                              (Month / Year)                    (City)              (State/Country)


_____          _____
Signature of Claimant                                               Signature of Joint Claimant, if any


_____          _____
Print Name of Claimant                                             Print Name of Joint Claimant, if any


_____
Capacity of person(s) signing (*e.g.*, Beneficial Purchaser, Executor, or Administrator)

Douglas v. PLDT Inc. et al.
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063


**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**REMINDER CHECKLIST:**
1. Please sign this Claim Form. If this claim is being made on behalf of Joint Claimants, then both must sign
2. DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.
3. Remember to attach only copies of supporting documentation as these documents will not be returned to you. **Do not send** originals of certificates.
4. Keep a copy of your Claim Form and all supporting documentation for your records.
5. The Claims Administrator will acknowledge receipt of your Claim Form by email or mail within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment e-mail (or postcard if email is not available).** If you do not receive an acknowledgment email or postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.
6. If you move after submitting this Claim Form, please email or send your new address to the Claims Administrator, otherwise you may not receive additional notices or payments: Douglas v. PLDT Inc., et al., c/o Strategic Claims Services, Inc., 600 N. Jackson Street, Suite 205, Media, PA 19063, Toll-free: (866) 274-4004, Fax: (610) 565-7985, email: info@strategicclaims.net.

### REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS

STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

March 18, 2024

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Settlement Class Members.

**We request that you assist us in identifying any individuals/entities who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED PLDT INC. AMERICAN DEPOSITORY SHARES DURING THE PERIOD FROM JANUARY 1, 2019, THROUGH DECEMBER 21, 2022, INCLUSIVE.

Excluded from the Class are: (1) the defendants; (2) any individual defendant's Immediate Family Members; (3) any firm, trust, corporation, or other entity in which a defendant has or had a controlling interest; (4) the Company's subsidiaries and affiliates; (5) any person who is an officer, director, or controlling person of the Company; (6) the Company's directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (7) the legal representatives, affiliates, heirs, successors in interest or assigns of any such excluded person or entity.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Douglas v. PLDT Inc., et al.*<br>Case No. 2:23-CV-00885-CJC-MAA<br>Claim Filing Deadline: June 25, 2024<br>Objection Deadline: July 15, 2024<br>Exclusion Deadline: July 15, 2024<br>Settlement Hearing: August 5, 2024 | Cusip Number: 69344D408<br>Ticker Symbol: NYSE: PHI |

### PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with names, last known addresses, and email addresses (if available)** of your beneficial purchasers/owners and we will do the emailing of the link to the Notice of Pendency and Proposed Settlement of Class Action, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and Proof of Claim and Release ("Claim Form") or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice, you have ten (10) calendar days to mail them; or
4. Request the link to the Notice and Claim Form and email the link to each of your beneficial purchasers/owners within ten (10) calendar day after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.03 per email for emailing link to the Notice and Claim Form,**
- **$0.03 per name, address and email address** if you are providing us the records, OR
- **$0.03 per name and address, including materials, plus postage at the pre-sort rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Notice and Claim Form and all the important documents are available on our website at www.strategicclaims.net/pldt/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,


Claims Administrator
Douglas v. PLDT Inc., et al.

Douglas v. PLDT Inc., et al.
c/o Strategic Claims Services, Inc.
600 N. Jackson Street, Suite 205
Media, PA 19063

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment. This Notice may affect your legal rights.*

*Please read it carefully.*

Case No. 2:23-CV-00885-CJC-MAA

Case Pending in the United States District Court for the Central District of California

EXHIBIT C

You have been identified as a possible Class Member in a securities fraud class action against PLDT Inc. ("PLDT") and some of its officers. You may be eligible to receive a payment from a $3,000,000 class action settlement fund in *Douglas v. PLDT Inc. et al.*, Case No. 2:23-cv-00885-CJC-MAA (C.D. Cal.). The case involves alleged material misrepresentations and omissions made to investors of PLDT American Depositary Shares ("ADS") in violation of the federal securities laws concerning PLDT's business, operations, and prospects. Additional information is contained in the detailed Notice of Pendency and Proposed Settlement of Class Action, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"). To participate in the settlement, you must submit a Proof of Claim and Release Form (the "Claim Form") no later than June 25, 2024 to the Claims Administrator (address below). The Claim Form and the Notice are available by visiting www.strategicclaims.net/pldt/ or calling or writing the Claims Administrator noted below.

**Class Definition**: You are a Class Member if you purchased or otherwise acquired PLDT ADS between January 1, 2019 and December 21, 2022, inclusive ("Class Period").

**Settlement Amount**: $3,000,000. Plaintiff estimates this represents, approximately $0.58 per share of PLDT ADS, respectively, before attorneys' fees and expenses, based on the estimated number of PLDT ADS held through an alleged corrective disclosure that was statistically significant.

**Reasons for Settlement**: The Parties wish to avoid the costs and risks of continued litigation.

**Disagreement on Amount of Damages**: The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against the Defendants. For example, the parties disagree on: (i) whether any statement made by any Defendant during the Class Period was false or materially misleading; (ii) the extent to which Defendants' various public statements that Lead Plaintiff allege were materially false or misleading influenced (if at all) the trading price of PLDT's ADS at various times during the Class Period; (iii) the extent to which the various allegedly adverse material facts which were omitted influenced (if at all) the trading price of PLDT's ADS at various times during the Class Period; (iv) whether any of the Defendants acted with the wrongful intent alleged by Lead Plaintiff; and (v) even if liability could be proven, the appropriate economic model for determining the amount by which the price of PLDT's ADS were allegedly artificially inflated (if at all) during the Class Period; (vi) the amount, if any, by which the price of PLDT's ADS were allegedly artificially inflated (if at all) during the Class Period; (vii) the effect of various market forces on the price of PLDT's ADS at various times during the Class Period; (viii) the extent to which external factors influenced the price of PLDT's ADSs at various times during the Class Period; and (ix) whether total damages would be more than $80 per ADS.

**Attorneys' Fees and Expenses**: Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed $750,000 (25%) of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $100,000, plus accrued interest. If the Court approves Lead Counsel's Fee and Expense Application, including deduction of estimated attorneys' fees and expenses, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be, per Plaintiff's estimate, approximately $0.16 per share of PLDT ADS. A copy of the Fee and Expense Application will be posted on www.strategicclaims.net/pldt/ after it has been filed with the Court.

**Your Options**: You can file a claim, object to the Settlement (with or without appearing at the Settlement Hearing and with or without hiring your own attorney), exclude yourself from the Class, or do nothing. NOTE THAT CLAIMS CALCULATED TO AN AWARD AMOUNT LESS THAN $10 WILL **NOT** BE PAID. Unless you exclude yourself from the Class, you will be bound by the Settlement, and you will release any claims you may have against the Released Parties. More information, including how to object or exclude yourself, is contained in the Notice and the Claim Form.

**Deadlines**: Claims must be filed by: June 25, 2024; Settlement objections must be received by July 15, 2024; requests for exclusion from the Class must be postmarked or emailed by July 15, 2024, and the Court's Settlement Hearing on final approval of the Settlement is scheduled for August 5, 2024.

**Lead Plaintiff's Counsel's Representative**: The Claims Administrator, Strategic Claims Services, Inc., is available to answer questions concerning the settlement or any matter contained in the Notice. You may contact the Claims Administrator by calling: (866) 274-4004, emailing: info@strategicclaims.net, or writing to: *Douglas v. PLDT Inc. et al.*, c/o Strategic Claims Services, Inc., 600 N. Jackson Street, Suite 205, Media, PA 19063.



**EXHIBIT D**

**mcraig@strategicclaims.net**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Wednesday, April 10, 2024 9:01 AM |
| **To:** | mcraig@strategicclaims.net |
| **Cc:** | jbravata@strategicclaims.net; mcraig@strategicclaims.net; fknowles@strategicclaims.net |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: Levi & Korsinsky, LLP |



# Release Distribution Confirmation

**Levi & Korsinsky, LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of PLDT Inc. American Depository Shares**

*Cross time: **04/10/24 09:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us



# SUPPORT CENTER
### Support Ticket System

05/17/2024 08:51:54 AM

# Ticket #545425

| | | | | |
|---|---|---|---|---|
| **Status** | Completed | | **Name** | CBA |
| **Priority** | Normal | | **Email** | |
| **Department** | Claims Administrators | | **Phone** | |
| **Create Date** | 05/13/2024 11:08:16 AM | | **Source** | Email |

| | | | | |
|---|---|---|---|---|
| **Assigned To** | George Allen | | **Help Topic** | Claims |
| **SLA Plan** | | | **Last Response** | 05/17/2024 08:51:17 AM |
| **Due Date** | | | **Last Message** | 05/15/2024 04:08:08 PM |

**Ticket Details**

| | |
|---|---|
| **Case:** | PLDT |

## Request for Class Exclusion - Douglas v. PLDT Inc., et al., Case No. 2:23-CV-00885-CJC-MAA

---

**SUPPORT CENTER**
Support Ticket System

05/17/2024 08:51:54 AM

| 05/13/2024 11:08:16 AM Request for Class Exclusion - Douglas v. PLDT Inc., et al., Case No. 2:23-CV-00885-CJC-MAA | CBA |
|---|---|

To whom it may concern,

Name, address, email, and phone number of Person requesting exclusion:
Michael Armand Recio Penson

Email:
Phone:

Class Period: 01 JAN 2019 - 21 DEC 2022
Number of Shares of PLDT ADS before the class period: 0
Number of Shares of PLDT ADS after the class period: 12.616411
Number of Shares of PLDT ADS purchased, acquired, and/or sold during the Class Period: 12.616411
02 JAN 2021 - Purchase of 3.514814 shares at $28.45/share
16 MAY 2022 - Purchase of 9.101597 shares at $38.45/share

Statement expressing wish to be excluded from the Class:
I am sending this email to request exclusion for myself from the class in the matter Douglas v. PLDT Inc., et al., Case No. 2:23-CV-00885-CJC-MAA and state that I do not wish to participate in the settlement proposed.

Signature:
/s/
M.A.R. Penson

To exclude yourself from the Class, you must transmit by United States Postal Service or e-mail a signed letter stating that you "request to be excluded from the Class in Douglas v. PLDT Inc., et al., Case No. 2:23-CV-00885-CJC-MAA." You cannot exclude yourself by phone. The request for exclusion must: (a) state the name, address, email address, and telephone number of the Person or Entity requesting exclusion; (b) identify the number of shares of PLDT ADS held immediately before the commencement of the Class Period and after the Class Period; (c) state the number of shares of PLDT ADS purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and/or sale; (d) contain a statement that the Person wishes to be excluded from the Class; and (e) be signed by the Person or Representative of the Entity requesting exclusion.

**SUPPORT CENTER**
Support Ticket System

05/29/2024 01:14:44 PM

# Ticket #770292

| | | | |
|---|---|---|---|
| **Status** | New | **Name** | Juliias Ellis |
| **Priority** | Normal | **Email** | |
| **Department** | Claims Administrators | **Phone** | |
| **Create Date** | 05/29/2024 12:56:08 PM | **Source** | Email |

| | | | |
|---|---|---|---|
| **Assigned To** | | **Help Topic** | Claims |
| **SLA Plan** | Default SLA | **Last Response** | |
| **Due Date** | 05/30/2024 12:56:08 PM | **Last Message** | 05/29/2024 12:56:08 PM |

**Ticket Details**

| | |
|---|---|
| **Case:** | PLDT |

## Request to be excluded from the Class in Douglas v. PLDT Inc., et al., Case No. 2:23-CV-00885-CJC-MAA.

# SUPPORT CENTER
Support Ticket System

---

05/29/2024 01:14:44 PM

| 05/29/2024 12:56:08 PM Request to be excluded from the Class in Douglas v. PLDT Inc., et al., Case No. ... | Juliias Ellis |
|---|---|

Hello there!

I request to be excluded from the Class in Douglas v. PLDT Inc., et al., Case No. 2:23-CV-00885-CJC-MAA.

I choose to do so immediately.
Please advise.  Thank you.

See below for requested information.

Juliias Ellis

------

Juliias Ellis
Former address:
New address:
tel:

**Folio / Goldman Sachs Brokerage**

06/02/2022 Buy A PHI PLDT INC SPONSORED ADR 107JAUIU 06/06 19.22999 $36.26097 $0.00 $0.00 ($697.30)

Sell A PHI PLDT INC 07/15/2022 0.23015 $29.72 $0.00 $0.00 $6.84

Sell A PHI PLDT INC 11/02/2022 0.65894 $27.4351 $0.00 $0.00 $18.08

**Transferred from Folio / Goldman Sachs into Fidelity 11/02/2022**

Sold 11/04 PLDT INC ADR EACH REP 1 ORD SHS 69344D408 You Sold -19.000 27.93500 -0.02 530.75

---

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DR. KEVING DOUGLAS, Individually and on behalf of all others similarly situated,

    Plaintiff,

v.

PLDT INC., MANUEL V. PANGILIANAN, ALFRED S. PANILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-QUINO, MA. LOURDES C. RAUSA-CHAN, GIL SAMSON D. GARCIA, JUNE CHERYL A. CABAL-REVILLA, AND JANE BASAS,

    Defendants.

Case No. 2:23-CV-00885-CJC-MAA

## OBJECTION TO PROPOSED SETTLEMENT OF CLASS ACTION

NOW COMES Matthew Miner, a member of the class, who hereby objects to the approval of the Proposed Settlement and in support thereof states the following:

1. The Objector's full name, address, email address, and phone number is: Matthew Miner,

2. The Objector owned zero shares of PLDT Inc. at the start of the Class Period and made the following transactions in the Class Period:

- Purchased 10 shares on October 31, 2022 at $27.59/share

- Purchased 3 shares on December 14, 2022 at $28.45/share

3. The Objector therefore owned zero shares at the start of the Class Period and 13 shares at the end of the Class Period.

4. The Objector has never objected to a class action settlement before.

5. Under the terms of the Proposed Settlement, it is estimated that the Objector would "get" approximately $7.54, however such amount would not actually be paid as it is under $10.

6. That methods exist to economically pay sums under $10.

7. That the attorney's fees for Objector's shares would be approximately $2.08.

8. That Lead Counsel has not shown sufficient time or expense spent to justify the payment of $750,000.

THEREFORE, Objector respectfully objects to the Proposed Settlement and prays that smaller claims be paid as well and that attorney's fees be reduced.

Respectfully submitted,
Matthew Miner

  /s/ Matthew Miner
Matthew Miner

## **VERIFICATION**

I, Matthew Miner, under penalties of perjury, verify and affirm that the facts contained in the foregoing Objection to Proposed Settlement of Class Action are true and correct to the best of my knowledge.

  /s/ Matthew Miner
Matthew Miner