**LEVI & KORSINSKY, LLP**
David C. Jaynes (SBN 338917)
445 South Figueroa Street, 31st Floor
Los Angeles, CA  90071
Tel: (213) 985-7290
Email: djaynes@zlk.com

*Lead Counsel for Lead Plaintiff
Dr. Kevin Douglas and the Class*

*[Additional counsel on signature page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. KEVIN DOUGLAS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, MA. LOURDES C. RAUSA-CHAN, GIL SAMSON D. GARCIA, JUNE CHERYL A. CABAL-REVILLA, AND JANE BASAS,<br><br>Defendants. | Case No. 2:23-cv-00885-FLA (MAAx)<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF THE PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF THE CLASS, AND (2) LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND AN AWARD TO LEAD PLAINTIFF<br><br>Date: August 9, 2024<br>Time: 1:30 p.m.<br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Courtroom: 6B |

Lead plaintiff Dr. Kevin Douglas ("Lead Plaintiff"), on behalf of himself and the Class, respectfully submits this Memorandum of Points and Authorities in Further Support of (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement, Approval of the Plan of Allocation, and Final Certification of the Class (ECF No. 61) ("Motion for Final Approval") and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses and for an Award to Lead Plaintiff (ECF No. 63) ("Fee and Expense Application"). The Motion for Final Approval, the Fee and Expense Application, and this memorandum are further supported by the Declaration of Shannon L. Hopkins in Further Support of (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement, Approval of the Plan of Allocation, and Final Certification of the Class and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses and an Award to Lead Plaintiff ("Hopkins Supplemental Declaration" or "Hopkins Supp. Decl."), filed herewith.[1]

## PRELIMINARY STATEMENT

Now that the deadlines for objections and requests for exclusions (both set for July 19, 2024) have passed,[2] Lead Plaintiff and Lead Counsel respectfully submit that

---

[1] "Ex." herein refers to exhibits attached to the Hopkins Supplemental Declaration, filed herewith, and the exhibits attached to the Declaration of Shannon L. Hopkins in Support of (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement, Approval of the Plan of Allocation, and Final Certification of the Class, and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses and for an Award to Lead Plaintiff. ("Hopkins Decl.") ECF No. 65. The exhibit numbering in the Hopkins Supplemental Declaration continues from the Hopkins Declaration. Unless otherwise noted, all internal quotation marks and citations are omitted, all emphasis is added, and all capitalized terms not defined herein shall have the same meaning ascribed to them in the Stipulation (ECF No. 54-7).

[2] The deadlines for objections and requests for exclusions set forth in the Memorandum accompanying Lead Plaintiff's Unopposed Notice of Motion and Motion for Preliminary Approval of Settlement (ECF 54-1), which the Court approved on March 6, 2024 (ECF No. 56), specified the deadlines as "21 calendar days before Settlement Hearing." Thus, after the hearing date was reset from August 5, 2024 to August 9, 2024, the deadline for objections and requests for exclusion was reset from July 15, 2024 to July 19, 2024.

1

1  the Class overwhelmingly supports the Settlement, the Plan of Allocation, and the Fee
2  and Expense Application.

3  The notice program in this Action was comprehensive. *First*, on April 10, 2024,
4  the Claims Administrator caused the Summary Notice to be transmitted via *Globe*
5  *Newswire*, a national wire service. *See* Ex. 4 (Declaration of Josephine Bravata
6  Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary
7  Notice; and (C) Report on Requests for Exclusion and Objections ("Bravata Decl.")),
8  ¶10. *Second*, after the Court granted preliminary approval of the Settlement, the Claims
9  Administrator uploaded a copy of the Notice, the Claim Form and Stipulation to the
10 website dedicated to the Settlement; https://www.strategicclaims.net/pldt/. *Id.*, ¶12. The
11 website has been periodically refreshed with the addition of other pertinent filings since
12 then (*see* ECF No. 67) such as Court orders and Lead Plaintiff's papers in support of
13 final approval of the Settlement, the Plan of Allocation, and Lead Counsel's Fee and
14 Expense Application, including reimbursement of Lead Plaintiff's expenses. Ex. 7
15 (Supplemental Declaration of Margery Craig Concerning: (A) Mailing of the Postcard
16 Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received
17 to Date ("Craig Supp. Decl."), ¶8. *Third*, Defendants mailed notice to state officials in
18 all fifty states pursuant to the Class Action Fairness Act. ECF No. 55.

19 *Additionally*, as of July 29, 2024, a total of 48,609 Postcard Notices have been
20 mailed and/or emailed where possible to potential Class Members or their nominees.
21 Ex. 7, ¶5. Each Postcard Notice advised its recipient of how to access or obtain copies
22 of the Notice and Claim Forms which, among other things, describe the essential terms
23 of the Settlement, the Plan of Allocation, Lead Counsel's intention to apply to the Court
24 for attorneys' fees not to exceed 25% of the Settlement Fund and seek reimbursement
25 of Litigation Expenses not to exceed $100,000, and Lead Plaintiff's intention to request
26 reimbursement of costs and expenses not to exceed $5,000. *See* Ex. 7, ¶6.

27 Despite the robust and extensive notice given to Class members, Lead Plaintiff
28 has only received a single invalid, unreasoned objection to the Plan of Allocation and

2

Lead Counsel's fee request that lacks documentation evidencing the objector's class membership, or any factual or legal grounds (there are no such grounds). ECF No. 58. Further, Lead Plaintiff has only received two requests for exclusion. Ex. 7, ¶9. Accordingly, the paucity of objections and opt outs strongly supports approval of the Motion for Final Approval and the Fee and Expense Application.

## THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE FEE AND EXPENSE APPLICATION

The reaction of a class to a motion for class action settlement or a motion for fees and expenses from the common fund is a significant factor in assessing such motion's fairness and adequacy. Here, there have been no new or additional objections or requests for exclusion beyond those already addressed in the Motion for Final Approval and the Fee and Expense Application. *Id.*, ¶¶9-10. In total, there have been:

- ***Zero objections*** to the Settlement;[3]
- ***A single objection*** to the proposed Plan of Allocation—and only to the extent that the Plan of Allocation includes a standard provision limiting recovery to claimants entitled to a distribution of $10 or more (which provision is routinely upheld as fair and adequate to eliminate unreasonable costs associated with administering *de minimis* claims, *see* ECF No. 62 at 15);
- ***A single objection*** to Lead Counsel's fee request that is devoid of grounds and was launched before Lead Counsel even submitted its Fee and Expense Application, including Lead Counsel's points and authorities supporting such application as well as Lead Counsel's lodestar;
- ***Zero objections*** to Lead Counsel's requests for reimbursement of expenses;

---

[3] As described in the Hopkins Decl. (ECF No. 65) while the *pro se* objector styled the objection as an objection to the Settlement, the substance of the objection only related to the Plan of Allocation and the Fee and Expense Application.

3

1  • **Zero objections** to Lead Plaintiff's request for reasonable costs and expenses;[4]
2     and
3  • **Only two** requests for exclusion.

Therefore, Lead Plaintiff and Lead Counsel respectfully submit that the reaction of the Class strongly supports approval of the Settlement, the Plan of Allocation, and the Fee and Expense Application.

**Objections**: Courts reject "generalized objections" to proposed class action settlements and reject objections "based on little more than hypothesis or speculation." *See In re Skilled Healthcare Grp., Inc.*, 2011 U.S. Dist. LEXIS 10139, at *16 (C.D. Cal. Jan. 26, 2011). Moreover, "[i]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (collecting cases); *Gamino v. KPC Healthcare Holdings, Inc.*, 2023 U.S. Dist. LEXIS 222173, at *11 (C.D. Cal. Oct. 21, 2023) (same); *Internet Tracking Litig. v. Meta Platforms, Inc. (In re Facebook, Inc.)*, 2024 U.S. App. LEXIS 3952, at *5 (9th Cir. Feb. 21, 2024) (same). "That presumption is further enhanced where not one sophisticated institutional investor objected to the Proposed Settlement." *In re Wells Fargo & Co. S'holder Deriv. Litig.*, 445 F. Supp. 3d 508, 518 (N.D. Cal. 2020) (citing cases); *Hefler v. Wells Fargo & Co.*, 2018 U.S. Dist. LEXIS 213045 (N.D. Cal. Dec. 17, 2018) (same); *Dusek v. Mattel, Inc.*, 2003 U.S. Dist. LEXIS 29171, at *37 (C.D. Cal. Sep. 29, 2003) ("lack of any objections from virtually all persons in both Classes [including institutional investors] is a factor in evaluating the fairness, reasonableness and adequacy of the settlement").

"The presence or absence of objections from the class is also a factor in

---

[4] A class representative's request for an incentive award of "$5,000" to reimburse the representative for costs and expenses is "presumptively reasonable." *Briseno v. Conagra Foods, Inc. (In re Conagra Foods, Inc.)*, 2023 U.S. Dist. LEXIS 231051, at *34 (C.D. Cal. Sep. 18, 2023)

4

determining the proper fee award." *Marshall v. Northrop Grumman Corp.*, 2020 U.S. Dist. LEXIS 177056, at *17-18 (C.D. Cal. Sep. 18, 2020) ("Because very few Class members have objected to the requested attorney fees and reimbursement of litigation expenses, the Court concludes that an attorney fee award of one third of the settlement fund is justified."). The reaction of the class is also considered when evaluating requests by lead counsel or lead plaintiffs for reimbursement of expenses. *See Rivera v. Marriott Int'l, Inc.,* 2024 U.S. Dist. LEXIS 100362, at *18 (C.D. Cal. June 4, 2024) ("The reasonableness of the costs is also supported by the fact that the Notice to class members stated that Class Counsel is seeking reimbursement for 'litigation costs,' and no class members objected.").

**Requests for Exclusion**: A low number of requests for exclusion further supports the Settlement's fairness. *Pedraza v. Pier 1 Imps. U.S. Inc*., 2018 U.S. Dist. LEXIS 103490, at *10-11 (C.D. Cal. June 19, 2018) (approving class action settlement where 67 out of 11,544 class members requested exclusion and no class members objected); *Giroux v. Essex Prop. Tr., Inc.*, 2019 U.S. Dist. LEXIS 81353, at *12 (N.D. Cal. May 14, 2019) ("The Court finds that the absence of objections and very small number of opt-outs indicate overwhelming support among the Class Members and weigh in favor of approval."); *see also Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 notices delivered). Moreover, the complete absence of objections from institutional investors, which have ample means and incentive to object to the Settlement if they deemed it unsatisfactory, is further evidence of the Settlement's fairness. *See, e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 U.S. Dist. LEXIS 89075, at *92 (N.D. Cal. June 8, 2017) (absence of any objections from institutions means that "the inference that the class approves of the settlement is even stronger."); *In re Facebook, Inc.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re AT&T Corp. Sec. Litig.*, 2005 U.S.

Dist. LEXIS 46144, at *10 (D.N.J. Apr. 22, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

**Here**: The only objection was not filed by a large institutional investor, but by a *pro se* objector who failed to submit any documentation reflecting his alleged transactions. *See* ECF No. 58. The objection to Lead Counsel's Fee and Expense Application was devoid of substance and made prematurely—before Lead Counsel had even filed its Fee and Expense Application (ECF No. 64) and disclosed the amount of work Lead Counsel had poured into the matter. Crucially, the purported lack of those exact details—the "time or expense spent to justify" a 25% fee—was the Objection's sole quibble with the Fee and Expense Application. ECF No. 58 at ¶8. That premature concern was fully quashed when Lead Counsel timely filed the Fee and Expense Application. Additionally, the sole Objection to the Plan of Allocation rests on unreasoned and unsupported *ipse dixit* in asserting that "methods exist to economically pay sums under $10." ECF No. 58 at ¶6. That is not the experience of Lead Counsel or the Claims Administrator (Ex. 7, ¶12), and is not supported by the law. *See Redwen v. Sino Clean Energy, Inc.*, 2013 U.S. Dist. LEXIS 100275, at *26-27 (C.D. Cal. July 9, 2013) ("The Settlement does have a minimum claim amount, or a *de minimis* threshold, established to be $20. The *de minimis* threshold for payment set by the Plan of Allocation is commonly used in distributions from private securities litigation settlement funds in order to preserve the Settlement Fund from being overburdened with potentially disproportionate administrative expenses."); *Baron v. Hyrecar Inc.*, 2024 U.S. Dist. LEXIS 131946, at *30 (C.D. Cal. July 19, 2024) ("A $10.00 threshold […] is 'standard in securities class actions and benefit[s] the Settlement Class as a whole because [it] reduce[s] the costs associated with printing and mailing checks for de minimis amounts, as well as costly follow-up to ensure those checks have been received and cashed.'") (citing *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 241 (E.D. Mich. 2016).

Moreover, the two requests for exclusion concern only 14 shares—and one request is entirely improper as the requestor is not a member of the Class, having sold their shares prior to the corrective disclosure. ECF No. 65-4, Exhibit E.

Thus, the complete lack of *proper* objections and the fact that there is only one valid (and tiny) request for exclusion strongly supports their approval. *See, e.g., Internet Tracking Litig. v. Meta Platforms, Inc. (In re Facebook, Inc.)*, 2024 U.S. App. LEXIS 3952, at *5 (9th Cir. Feb. 21, 2024) (concurring with the district court's reasoning that "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms are favorable to the class members"); *Jian Zhou v. Faraday Future Intelligent Elec. Inc.*, 2024 U.S. Dist. LEXIS 54181, at *25 (C.D. Cal. Mar. 18, 2024) ("[t]he absence of objections to the Settlement by almost all class members strongly supports approval"); *Asner v. Sag-Aftra Health Fund*, 2023 U.S. Dist. LEXIS 189431, at *19 (C.D. Cal. Oct. 19, 2023) ("The absence of objections to the Settlement by almost all class members strongly supports approval."); *In re NetSol Techs., Inc. Sec. Litig.*, 2016 U.S. Dist. LEXIS 193924, at *28 (C.D. Cal. July 1, 2016) (quoting *Nat'l Rural Telecomms. Cooperative. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004)) ("it is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"); *In re Extreme Networks, Inc. Sec. Litig.*, 2019 U.S. Dist. LEXIS 121886, at *13-14 (N.D. Cal. July 22, 2019) (settlement, plan of allocation, fee and expense and incentive award granted where there were "no object[ors]" and "only two requests for exclusion"); *Carter v. Vivendi Ticketing United States LLC*, 2023 U.S. Dist. LEXIS 210744, at *27-28 (C.D. Cal. Oct. 30, 2023) ("One person filed an objection. These numbers indicate strong overall support for the Settlement and weigh in favor of granting final approval.").

## CLAIMS INFORMATION TO DATE

As indicated *supra* at 1, and in the accompanying Craig Supp. Decl., the Notice program set forth in the Order Granting Lead Plaintiff's Unopposed Motion for

7

1  Preliminary Approval of Class Action Settlement (ECF No. 56) issued March 6, 2024
2  (the "Preliminary Approval Order"), has been fully complied with. Ex. 7, ¶¶2-6; ECF
3  No. 56 at 22-23. Pursuant to the Preliminary Approval Order and as set forth in the
4  Notice and on the Settlement website, the deadline to submit claims was June 25, 2024.
5  Strategic Claims Services has received a total of 23,115 claim forms, of which 5,873
6  have been deemed valid, representing an estimate of 1,636,521 damaged shares and 133
7  to be deficient, representing an estimate of 47,013 damaged shares (Ex. 7, ¶11).

## CONCLUSION

For the reasons set forth above and in the accompanying Craig Supp. Decl., as well as in Lead Plaintiff's opening papers, Lead Plaintiff respectfully requests that the Court grant final approval of the proposed Settlement, approve the Plan of Allocation and approve the requested Fee and Expense Application, including an award of costs and expenses to Lead Plaintiff, by entering the three proposed orders attached as Exhibits 8, 9 and 10, respectively, to the Hopkins Supp. Decl.

DATED: July 29. 2024                **LEVI & KORSINSKY. LLP**

                                                              */s/ David C. Jaynes*
                                                              David C. Jaynes (SBN 338917)
                                                              445 South Figueroa Street, 31st Floor
                                                              Los Angeles, CA  90071
                                                              Tel: (213) 985-7290
                                                              Email: djaynes@zlk.com

Shannon L. Hopkins (*pro hac vice*)
Gregory M. Potrepka (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com

*Lead Counsel for Lead Plaintiff Dr. Kevin Douglas and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 29, 2024

                                                  */s/ David C. Jaynes*
                                                  David C. Jaynes

**LEVI & KORSINSKY, LLP**
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: djaynes@zlk.com