# Exhibit 8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. KEVIN DOUGLAS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, MA. LOURDES C. RAUSA-CHAN, GIL SAMSON D. GARCIA, JUNE CHERYL A. CABAL-REVILLA, AND JANE BASAS, <br><br> Defendants. | Case No. 2:23-cv-00885-CJC-MAA <br><br> <u>CLASS ACTION</u> <br><br> [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE [DKT #61] <br><br> Judge: Hon. Fernando L. Aenlle-Rocha |

This matter came before the Court for hearing pursuant to the Order Granting Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Order") (ECF No. 56) dated March 6, 2024, on the motion for final approval of the Settlement set forth in the Stipulation of Settlement, dated as of February 16, 2024 ("Stipulation").[1] Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     This Final Judgment and Order of Dismissal With Prejudice ("Final Judgment and Order") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.     "Class" shall mean all persons or entities who purchased or otherwise acquired PLDT Inc. American Depository Shares during the period from January 1, 2019 through December 21, 2022, inclusive. Excluded from the Class are: (1) the defendants; (2) any individual defendant's Immediate Family Members; (3) any firm, trust, corporation, or other entity in which a defendant has or had a controlling interest; (4) the Company's subsidiaries and affiliates; (5) any person who is an officer, director, or controlling person of the Company; (6) the Company's directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (7) the legal representatives, affiliates, heirs, successors in interest, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion and are listed on Exhibit E to the Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections (ECF

---

[1] All capitalized terms not otherwise defined herein are defined in the Stipulation.

No. 65-4).

4.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Class. The Court finds that certification of the Class for settlement purposes only is appropriate because:

(a)    The Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

(b)    There are questions of law or fact common to the Class, satisfying the requirement of Rule 23(a)(2);

(c)    The claims of Lead Plaintiff are typical of the claims of the Class, satisfying the requirement of Rule 23(a)(3);

(d)    The Class Representative will fairly and adequately protect the interests of the Class, satisfying the requirement of Rule 23(a)(4); and

(e)    Questions of law and fact common to the members of the Class predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

The findings in this Paragraph 4 are for purposes of this Settlement only, and shall have no force or effect for any other purpose or if this Final Judgment and Order does not become final.

5.    The Court hereby finally approves the Settlement set forth in the Stipulation and finds that:

(a)    said Stipulation is, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)    there was no collusion in connection with the Stipulation;

(c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)    the record is sufficiently developed and complete to have enabled the Lead

Plaintiff and Defendants to have adequately evaluated and considered their positions.

Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

6. The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $3,000,000 to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

7. The Court hereby dismisses the Complaint, the Action, and all Released Claims with prejudice, without costs as to any Settling Party.

8. Upon the Effective Date of the Settlement, the Lead Plaintiff and each of the Class Members (excluding those who have validly opted out of the class), on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries, or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of law and of this Final Judgment and Order, shall have, fully, finally, and forever released, relinquished, waived, and discharged against the Released Defendant Parties (whether or not such Class Member executes and delivers the Proof of Claim) any and all Released Claims (including, without limitation, Unknown Claims).

9. Upon the Effective Date, Lead Plaintiff and all Class Members (excluding those who have validly opted out of the Class), whether or not such Class Members execute and deliver a Proof of Claim are hereby forever permanently barred and enjoined from instituting, commencing, maintaining, prosecuting, or enforcing any and all Released Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties, in all state and federal courts and arbitral fora, and in the courts and agencies of all foreign jurisdictions (including the Philippines).

10. Upon the Effective Date of the Settlement, Released Defendant Parties shall be deemed to have, and by operation of this Final Judgment and Order shall have,

fully, finally, and forever released, relinquished, and discharged the Released Plaintiff Parties, including Lead Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims). For the avoidance of doubt, the releases, relinquishments, and discharges provided by the Released Defendant Parties in this Stipulation do not include the release, relinquishment, or discharge of any claim or cause of action that any of the Released Defendant Parties may have against any insurer or reinsurer for, arising out of or related to insurance coverage for, arising out of or related to the Action or any related matter or proceeding, including any derivative or ERISA action based on similar allegations.

11.    Upon the Effective Date, to the fullest extent permitted by law, (i) all Persons shall be deemed to have, and by operation of law and of this Final Judgment and Order, shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Released Plaintiff Parties arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, both known and Unknown Claims, whether arising under state, federal or foreign law (including Philippine law), as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Released Defendant Parties shall be deemed to have, and by operation of law and of this Final Judgment and Order, shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Released Plaintiff Parties arising

out of, relating to, or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; provided that clauses (i) and (ii) of this paragraph shall not be construed to modify, amend, or supersede any agreements between or among the Released Defendant Parties with respect to claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights, nor limit the defendants' ability to pursue insurance recoveries against their insurers for claims relating to the Action, including the Settlement Amount and legal fees and costs incurred in connection with the Action

12. Defendants and Released Defendant Parties are hereby forever barred and enjoined from prosecuting any Released Defendants' Claims against any of the Released Plaintiff Parties.

13. The Notice of Pendency and Proposed Settlement of Class Action, Settlement Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, the Postcard Notice and the published Summary Notice (the "Notice") given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such Notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process as well as the requirements of the Private Securities Litigation Reform Act of 1995. In addition, the requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

14. Any appeal or any challenge affecting the approval of (i) the Plan of

Allocation submitted by Lead Counsel and/or (ii) any order entered regarding any attorneys' fee and reimbursement of expense application or any award to pay the time and expenses of Lead Plaintiff to Lead Plaintiff, shall in no way disturb or affect the finality of the other provisions of this Final Judgment and Order nor the Effective Date of the Settlement and shall be considered separate from this Final Judgment and Order.

15.     Neither this Final Judgment and Order, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (iii) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal (including the courts and agencies of the Philippines). The Released Defendant Parties may file the Stipulation and/or this Final Judgment and Order in any action that may be brought against them in any jurisdiction (including before the courts and agencies of the Philippines) in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

16.     Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, reimbursement of Litigation Expenses, or any service award in the Action; and (d) all parties hereto for the purpose of construing,

enforcing, and administering the Stipulation.

17.    The Court finds that, during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18.    In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event the Settlement Fund, or any portion thereof, is returned to Defendants, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.  In such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the litigation as of November 30, 2023, as provided in the Stipulation.

19.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.    There is no reason for delay in the entry of this Final Judgment and Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED

Dated: _____, 2024                    _____

                                          HON. FERNANDO L. AENLLE-ROCHA
                                          UNITED STATES DISTRICT COURT JUDGE