# Exhibit 9

**LEVI & KORSINSKY, LLP**
David C. Jaynes (SBN 338917)
445 South Figueroa Street, 31st Floor
Los Angeles, CA  90071
Tel: (213) 985-7290
Email: djaynes@zlk.com

*Lead Counsel for Lead Plaintiff*
*Dr. Kevin Douglas and the Class*

*[Additional counsel on signature page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. KEVIN DOUGLAS, Individually and on behalf of all others similarly situated, | Case No. 2:23-cv-00885-FLA (MAAx) |
| Plaintiff, | CLASS ACTION |
| vs. | [PROPOSED] ORDER GRANTING LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND FOR AN AWARD TO LEAD PLAINTIFF [DKT. #63] |
| PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, MA. LOURDES C. RAUSA-CHAN, GIL SAMSON D. GARCIA, JUNE CHERYL A. CABAL-REVILLA, AND JANE BASAS, | Judge: Hon. Fernando L. Aenlle-Rocha |
| Defendants. | |

This matter came before the Court on August 9, 2024, on Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses and for an Award to Lead Plaintiff (ECF No. 63) in the above-captioned action; the Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated February 16, 2024 (the "Stipulation") (ECF No. 54-7).

2.     This Court has jurisdiction over the subject matter of this Action and all matters relating hereto, including all members of the Class who have not timely and validly requested exclusion.

3.     Notice of Lead Counsel's motion for attorneys' fees and reimbursement of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and reimbursement of expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Action Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.     The Court hereby awards Lead Counsel attorneys' fees of _____% of the Settlement Fund, plus expenses in the amount of $_____. The Court finds that the amount of fees awarded is appropriate, fair, and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort involved, and the result obtained for the Class. *See Vizcaino v. Microsoft Corp.*, 290

2

F.3d 1043, 1049-50 (9th Cir. 2002).

5.      The awarded attorneys' fees and expenses shall be paid from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein.

6.      In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $3,000,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Lead Plaintiff and Lead Counsel;

(b) over 43,000 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees not to exceed 25% of the Settlement Fund and for expenses in an amount not to exceed $100,000, and only one objection to the fees or expenses was filed, by purported Class Member Matthew Miner (ECF No. 58), which is hereby overruled;

(c) Lead Counsel has pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Lead Counsel has expended substantial time and effort pursuing the Action on behalf of the Class;

(e) Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

(f) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

3

(h) Lead Counsel devoted over 1,260 hours, with a lodestar value of $799,017.75 at current rates, to achieve the Settlement;

(i) Lead Plaintiff approved the amount of attorneys' fees awarded as fair and reasonable; and

(j) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

7. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards Lead Plaintiff $_____ for its time and expenses representing the Class.

IT IS SO ORDERED.

Dated: _____, 2024

_____

THE HON. FERNANDO L. AENLLE-ROCHA
UNITED STATES DISTRICT COURT JUDGE