# Exhibit 11

*Douglas*
*v.*
*PLDT, Inc., et al.*

2:23-cv-00885-FLA (MAAx)

HEARING ON PLAINTIFF'S MOTION FOR APPROVAL OF THE PROPOSED SETTLEMENT

August 9, 2024



# MAXIMUM RECOVERABLE DAMAGES

| Corrective Disclosure | Total Estimated Damages | Settlement Amount | Net Recovery[1] | % Total Recovery | % Net Recovery | Estimated Damaged Shares | Recovery Per Share | Net Recovery Per Share |
|---|---|---|---|---|---|---|---|---|
| **December 19, 2022 Press Release** | $19.5 million | $3.0 million | $2.25 million | 15.4% | 11.2% | 5.2 million | $0.58 | $0.42 |

[1] Represents recovery net of Attorneys' Fees of 25% ($750,000) and expenses of $67,490.63.

LEVI&KORSINSKYLLP  1

# RISKS OF CONTINUED LITIGATION

➢ **MOTION TO DISMISS**

➢ **FOREIGN DISCOVERY**

➢ **CLASS CERTIFICATION**

➢ **SUMMARY JUDGMENT**

➢ **TRIAL**

LEVI&KORSINSKY LLP  2

# MOTION TO DISMISS

## Defendants' Motion to Dismiss Posed a Significant Risk of Complete Dismissal of the Action
(Plaintiff's Br. at 11, 17).

- Defendants' Motion to Dismiss—which was still pending when the settlement was reached—was voluminous (50 pages) and challenged most elements of Plaintiffs' claims, including challenges to falsity, scienter, and loss causation.

- Defendants asserted that the alleged false statements were either accurate and true or were inactionable opinions or forward-looking statements protected by the PSLRA's safe harbor.

- Defendants asserted the Defendants' high-level positions in the Company and access to information was insufficient to establish the element of scienter.

- Defendants asserted that the December 19, 2022 press release did not correct any prior misstatement and that none of the articles reacting to the press release suggested the alleged misstatements were false.

- Defendants' arguments in the Motion to Dismiss posed a significant risk that the entire action would be dismissed.


LEVI&KORSINSKYLLP

3

## FOREIGN DISCOVERY

### Foreign Discovery Is Extremely Costly, Time Consuming, Labor Intensive, and Might Not Yield the Facts Needed to Support the Claims

(Plaintiff's Br. at 17-18).

- The discovery needed to prove Plaintiff's claims in this case is located almost exclusively within a foreign country, the Republic of the Philippines.

- Discovery in the Philippines would have been much more time consuming, more costly, and more complex than domestic discovery, as it would require discovery requests to be routed through a foreign judiciary in compliance with international conventions.

- The Republic of the Philippines is not a party to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, making the gathering and preservation of evidence more difficult and uncertain than domestic discovery.

- Relevant documents may be in a foreign language (e.g., Tagalog), requiring additional time and expense to translate those documents, which could number in the hundreds of thousands or millions of pages.



4

# FOREIGN DISCOVERY (cont.)

## Foreign Discovery Is Extremely Costly, Time Consuming, Labor Intensive, and Might Not Yield the Facts Needed to Support the Claims

(Plaintiff's Br. at 17-18).

- Depositions, if they are even permitted under foreign discovery protocols, may require the time and expense of a translator.

- Even after expending great cost, there is a serious risk that discovery in this case would not yield the facts needed to prove the Plaintiff's claims because of the limited scope of foreign discovery and uncertainty in preservation of evidence.

- Discovery in a complex case like this, which turns on principles of accounting and internal control standards, would have required the Plaintiff to retain multiple experts to prepare reports and testify.

- Discovery in securities fraud class actions often involves many discovery disputes, requiring extensive motion practice, further increasing the time, expense, and risks relating to this litigation.



5

# CLASS CERTIFICATION

**Defendants Would Likely Oppose Class Certification, Requiring Additional Time and Expense to Certify the Class and Increasing the Risk of No Recovery for Absent Class Members**

(Plaintiff's Br. at 19).

- This action has not yet progressed to the class certification stage and Defendants likely would have opposed class certification.

- Defendants' likely arguments challenging price impact and market efficiency pose a risk to class certification and raise the risk that absent class members receive no benefit even if the claims could be proved.

- Defendants' class certification challenges would also likely require Lead Plaintiff to hire experts at additional expense to the class.

**LEVI&KORSINSKY LLP**

6

# SUMMARY JUDGMENT

**Defendants Would Likely Move for Summary Judgment on At Least Some Issues, Raising the Risks of No Recovery and Increasing the Time and Expense of Further Litigation**

(Plaintiff's Br. at 19)

- The facts obtained during discovery could support a motion for summary judgment by Defendants that challenges the elements of falsity, scienter, damages, and loss causation, increasing the risks of no recovery.

- Even if facts were favorable to Lead Plaintiff and the class, a motion for summary judgement by Defendants would increase the time and expense of litigation and reduce the absent class members recovery.

LEVI&KORSINSKYLLP 7

# TRIAL

## A Trial in this Action Would Be Very Costly and the Outcome of a Trial is Highly Uncertain

(Plaintiff's Br. at 19-22).

- The outcome of a trial in a complex action like this is highly uncertain. Even if Lead Plaintiff's claims survived a motion for summary judgment, there is a risk that Lead Plaintiff may not succeed in proving every element of the claims at trial.

- Given the maximum recoverable damages in this action are estimated at $19.5 million, it is possible that the expense of the litigation through trial would exceed the estimated maximum damages.

- Lead Plaintiff also faces the real risk that a Philippine court would not enforce a judgment, and even if it did, there could be Philippine currency controls and regulations that limit or delay the transfer of funds out of the Philippines.



8