UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA OLSSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PLDT INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00885-FLA (MAAx)<br><br>**ORDER GRANTING LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND LITIGATION EXPENSES AND FOR AN AWARD TO LEAD PLAINTIFF [DKT. 63]** |

1  Before the court is Lead Counsel's Motion for an Award of Attorneys' Fees and
2  Litigation Expenses and for an Award to Lead Plaintiff ("Motion").  Dkt. 63.  The
3  court held a hearing on the Motion on August 9, 2024.  Dkt. 70.  The court, having
4  considered all papers filed and proceedings conducted herein and otherwise being
5  fully informed of the matters hereto, ORDERS as follows:
6      1.    For purposes of this Order, the terms used herein shall have the same
7  meanings as set forth in the Stipulation of Settlement dated February 16, 2024 (the
8  "Stipulation").  Dkt. 54-7.
9      2.    The court has jurisdiction over the subject matter of this Action and all
10 matters relating hereto, including all members of the Class who have not timely and
11 validly requested exclusion.
12     3.    Notice of Lead Counsel's motion for attorney's fees and reimbursement
13 of expenses was given to all Class Members who could be identified with reasonable
14 effort.  The form and method of notifying the Class of the motion for attorney's fees
15 and reimbursement of expenses met the requirements of Federal Rules of Civil
16 Procedure 23 and 54, § 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C.
17 §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995,
18 due process, and any other applicable law, constituted the best notice practicable
19 under the circumstances, and constituted due and sufficient notice to all persons and
20 entities entitled thereto.
21     4.    The court AWARDS Lead Counsel attorney's fees of 25% of the
22 Settlement Fund, *i.e.*, $750,000, plus expenses in the amount of $67,490.63.  The
23 court finds that the amount of fees awarded is appropriate, fair, and reasonable under
24 the "percentage-of-recovery" method given the substantial risks of non-recovery, the
25 contingent nature of the representation, awards in similar cases, the time and effort
26 involved, and the result obtained for the Class.  *See Vizcaino v. Microsoft Corp.*, 290
27 F.3d 1043, 1049-50 (9th Cir. 2002).
28

5. The awarded attorney's fees and expenses shall be paid from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein.

6. In making this award of fees and expenses to Lead Counsel, the court has considered and found that:

(a) the Settlement has created a fund of $3,000,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Lead Plaintiff and Lead Counsel;

(b) over 43,000 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorney's fees not to exceed 25% of the Settlement Fund and for expenses in an amount not to exceed $100,000, and only one objection to the fees or expenses was filed, by purported Class Member Matthew Miner (Dkt. 58), which is OVERRULED;

(c) Lead Counsel has pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Lead Counsel has expended substantial time and effort pursuing the Action on behalf of the Class;

(e) Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

(f) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h) Lead Counsel devoted over 1,260 hours, with a lodestar value of

1  $799,017.75 at current rates, to achieve the Settlement;
2      (i) Lead Plaintiff approved the amount of attorney's fees awarded as fair and
3  reasonable; and
4      (j) the attorney's fees and expenses awarded are fair and reasonable and
5  consistent with awards in similar cases within the Ninth Circuit.
6      7.    Pursuant to 15 U.S.C. §78u-4(a)(4), the court awards Lead Plaintiff
7  $5,000 for his time and expenses representing the Class.

    IT IS SO ORDERED.

Dated: September 17, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge