JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA OLSSON,<br><br>                      Plaintiff,<br><br>    v.<br><br>PLDT INC., *et al.*,<br><br>                    Defendants. | Case No. 2:23-cv-00885-FLA (MAAx)<br><br>**JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF CLASS [DKT. 61]** |

1   Before the court is Lead Plaintiff Kevin Douglas' ("Lead Plaintiff") Motion for
2   Final Approval of Class Action Settlement, Approval of the Plan of Allocation, and
3   Final Certification of the Class ("Motion"). Dkt. 61. The court conducted a hearing on
4   the Motion on August 9, 2024. Dkt. 70. The court, having considered the Motion, the
5   arguments of counsel at the hearing, and all relevant materials, hereby GRANTS the
6   Motion and ORDERS and ADJUDGES as follows:

7   1.   For purposes of this Judgment and Order, the terms used herein (including
8   capitalized terms) shall have the same meanings as set forth in the Stipulation of
9   Settlement dated February 16, 2024 ("Stipulation"). Dkt. 54-7.

10  2.   The court has jurisdiction over the subject matter of the Action and over all
11  parties to the Action, including all Class Members.

12  3.   "Class" shall mean all persons or entities who purchased or otherwise
13  acquired PLDT Inc. American Depository Shares during the period from January 1,
14  2019 through December 21, 2022, inclusive. Excluded from the Class are: (1) the
15  defendants; (2) any individual defendant's Immediate Family Members; (3) any firm,
16  trust, corporation, or other entity in which a defendant has or had a controlling interest;
17  (4) the Company's subsidiaries and affiliates; (5) any person who is an officer, director,
18  or controlling person of the Company; (6) the Company's directors' and officers'
19  liability insurance carriers, and any affiliates or subsidiaries thereof; and (7) the legal
20  representatives, affiliates, heirs, successors in interest, or assigns of any such excluded
21  person or entity. Also excluded from the Settlement Class are those Persons who timely
22  and validly requested exclusion and are listed in Exhibit E to the Declaration of
23  Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of
24  the Summary Notice; and (C) Report on Requests for Exclusion and Objections (ECF
25  No. 65-4).

26  4.   Pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), the court
27  hereby APPROVES the Settlement set forth in the Stipulation and finds that said
28  Settlement is, in all respects, fair, just, reasonable, and adequate to the Class. The court

finds that certification of the Class for settlement purposes only is appropriate because: the Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1); there are questions of law or fact common to the Class, satisfying the requirement of Rule 23(a)(2); the claims of Lead Plaintiff are typical of the claims of the Class, satisfying the requirement of Rule 23(a)(3); the Class Representative will fairly and adequately protect the interests of the Class, satisfying the requirement of Rule 23(a)(4); and questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3). The findings in this paragraph are for purposes of this Settlement only and shall have no force or effect for any other purpose or if this Judgment and Order does not become final.

5. The court APPROVES the Settlement set forth in the Stipulation and finds that: said Stipulation is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class; there was no collusion in connection with the Stipulation; the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and the record is sufficiently developed and complete to have enabled the Lead Plaintiff and Defendants to have adequately evaluated and considered their positions. Accordingly, the court DIRECTS implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

6. Pursuant to Rule 23, the court FINDS that due and adequate notice was directed to Persons who are Class Members, advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to such Persons and entities who are Class Members to be heard with respect to the Plan of Allocation. Only one objection to the plan of allocation was filed, by purported Class Member Matthew Miner (Dkt. 58), which is OVERRULED.

7. The court FINDS the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Pendency of Proposed

Settlement of Class Action (the "Notice") sent to Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund provided by the Settlement among eligible Class Members, with due consideration having been given to administrative convenience and necessity.

8. The court FINDS the Plan of Allocation, as set forth in the Notice, is in all respects fair and reasonable, and APPROVES the Plan of Allocation.

9. The court FINDS that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $3,000,000 to the Settlement Fund, in accordance with ¶ 2.2 of the Stipulation.

10. Upon the Effective Date of the Settlement, the Lead Plaintiff and each of the Class Members (excluding those who have validly opted out of the class), on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries, or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of law and of this Judgment and Order, shall have fully, finally, and forever released, relinquished, waived, and discharged against the Released Defendant Parties (whether or not such Class Member executes and delivers the Proof of Claim) any and all Released Claims (including, without limitation, Unknown Claims).

11. Upon the Effective Date, Lead Plaintiff and all Class Members (excluding those who have validly opted out of the Class), whether or not such Class Members execute and deliver a Proof of Claim, are hereby forever permanently barred and enjoined from instituting, commencing, maintaining, prosecuting, or enforcing any and all Released Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties, in all state and federal courts and arbitral fora, and in the courts and agencies of all foreign jurisdictions (including the Philippines).

12. Upon the Effective Date of the Settlement, Released Defendant Parties

shall be deemed to have, and by operation of this Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiff Parties, including Lead Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims). For the avoidance of doubt, the releases, relinquishments, and discharges provided by the Released Defendant Parties in this Stipulation do not include the release, relinquishment, or discharge of any claim or cause of action that any of the Released Defendant Parties may have against any insurer or reinsurer for, arising out of, or related to insurance coverage for, arising out of or related to the Action or any related matter or proceeding, including any derivative or ERISA action based on similar allegations.

13. Upon the Effective Date, to the fullest extent permitted by law, (i) all Persons shall be deemed to have, and by operation of law and of this Judgment and Order, shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Released Plaintiff Parties arising out of, relating to, or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, both known and Unknown Claims, whether arising under state, federal, or foreign law (including Philippine law), as claims, crossclaims, counterclaims, third-party claims, or otherwise, in the court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Released Defendant Parties shall be deemed to have, and by operation of law and of this Judgment and Order, shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity, or otherwise against any Persons seeking as damages or otherwise the recovery of all or part of any

liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Released Plaintiff Parties arising out of, relating to, or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, both known and Unknown Claims, whether arising under state, federal, or foreign law, as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; provided that clauses (i) and (ii) of this paragraph shall not be construed to modify, amend, or supersede any agreements between or among the Released Defendant Parties with respect to claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights, nor limit the defendants' ability to pursue insurance recoveries against their insurers for claims relating to the Action, including the Settlement Amount and legal fees and costs incurred in connection with the Action.

14. Defendants and Released Defendant Parties are hereby forever ENJOINED from prosecuting any Released Defendants' Claims against any of the Released Plaintiff Parties.

15. The Notice of Pendency and Proposed Settlement of Class Action, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, the Postcard Notice and the published Summary Notice (the "Notice") given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort.  Said Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such Notice, and said Notice fully satisfied the requirements of Rule 23, due process, the Private Securities Litigation Reform Act of 1995, and the Class Action Fairness Act, 28 U.S.C. §1715.

16. Any appeal or any challenge affecting the approval of (i) the Plan of

Allocation submitted by Lead Counsel and/or (ii) any order entered regarding any attorney's fee and reimbursement of expense application or any award to pay the time and expenses of Lead Plaintiff to Lead Plaintiff, shall in no way disturb or affect the finality of the other provisions of this Judgment and Order nor the Effective Date of the Settlement and shall be considered separate from this Judgment and Order.

17. Neither this Judgment and Order, the Stipulation, nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (iii) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal (including the courts and agencies of the Philippines). The Released Defendant Parties may file the Stipulation and/or this Judgment and Order in any action that may be brought against them in any jurisdiction (including before the courts and agencies of the Philippines) to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

18. Without affecting the finality of this Judgment and Order in any way, this Court hereby retains jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorney's fees, interest, reimbursement of Litigation Expenses, or any service award in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and

administering the Stipulation.

19. The court FINDS that, during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11.

20. In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.  In such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the litigation as of November 30, 2023, as provided in the Stipulation.

21. Without further order of the court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22. There is no reason for delay in the entry of this Judgment and Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b).

IT IS SO ORDERED.

Dated: September 17, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge

8