UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. KEVIN DOUGLAS, Individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br>       v.<br><br>PLDT INC., *et al.*,<br><br>                       Defendants. | Case No. 2:23-cv-00885-FLA (MAAx)<br><br>[PROPOSED] ORDER GRANTING MOTION FOR APPROVAL OF DISTRIBUTION PLAN |

On May 29, 2025, Lead Plaintiff Dr. Kevin Douglas ("Lead Plaintiff") filed a Motion for Approval of Distribution Plan ("Motion") and supporting documentation, seeking, *inter alia*, an order approving a distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action").

The Court, having considered Lead Plaintiff's Motion and all the materials and arguments submitted in support of the Motion, including the Memorandum of Points and Authorities in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan and the Declaration of Margery Craig Concerning the Results of the Claims

1

Administration Process (the "Craig Declaration"),[1] and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

1.    This Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members;

2.    Lead Plaintiff's plan for distribution of the Net Settlement Fund is **APPROVED**. Accordingly:

(a)    The administrative recommendations of the Court-approved Claims Administrator, Strategic Claims Services ("SCS"), to accept the Timely Eligible Claims set forth in Exhibit B-1 to the Craig Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit B-2 to the Craig Declaration are adopted;

(b)    The administrative determinations of SCS to reject the Rejected Claims, as set forth in Exhibit D to the Craig Declaration, including the disputed Claim 49 as discussed in ¶ 11(c)(i) of the Craig Declaration and Exhibit G attached thereto, are adopted;

(c)    SCS is directed to conduct the Initial Distribution of the Net Settlement Fund after deducting all payments previously allowed, including amounts to be withheld for potential tax liabilities and related fees and expenses. Specifically, as set forth in ¶ 13(a)–(f) of the Craig Declaration:

(1)    SCS will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund based on the amount of the Authorized Claimant's Recognized Losses in comparison to the total Recognized Losses of all Authorized Claimants;

---

[1] This Order incorporates by reference the definitions in, and all terms used in this Order shall have the same meanings as defined in, the Stipulation of Settlement dated February 16, 2024 (the "Stipulation") (ECF No. 54-7) and the Craig Declaration.

2

(2)    SCS will eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share of the Net Settlement Fund calculates to less than $10.00. These Claimants will not receive any payment from the Net Settlement Fund and will be so notified by SCS;

(3)    After eliminating Claimants who would have received less than $10.00, SCS will then recalculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more;

(4)    SCS will then distribute 100% of the remaining balance of the Net Settlement Fund, on a *pro rata* basis and in the form of distribution checks, to Authorized Claimants who would have received $10.00 or more under ¶ 2(c)(3), *supra*;

(d)    In order to encourage Authorized Claimants to promptly cash their distribution checks, all checks shall bear the notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE";

(e)    Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all of these stale-dated checks will be available to be distributed to other Authorized Claimants in a second distribution, if determined by SCS to be economically feasible. The same applies to any Authorized Claimants who receive a check in a second distribution, if conducted;

(f)    If any funds remain in the Net Settlement Fund six months after the Initial Distribution, and after SCS had made reasonable and diligent efforts to have Class Members cash their distribution checks, any balance remaining in the Net Settlement Fund shall be used in the following

fashion: (i) first, to pay any amounts mistakenly omitted from the initial disbursement (if any); (ii) second, to pay any additional settlement administration fees, costs, taxes, and expenses, including those of Lead Counsel as may be approved by the Court; and (iii) finally, to make a second distribution to claimants who cashed their checks from the Initial Distribution and who, based on their *pro rata* share, would receive at least $10.00;

(g)     When Lead Counsel, in consultation with SCS, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be contributed to the *cy pres* recipient: Loyola University Chicago School of Law's Institute for Investor Protection, or else to another appropriate non-profit 501(c)(3) organization, to be recommended by Lead Counsel and approved by the Court;

(h)     No new Claims filed after April 29, 2025 and no further adjustments based on additional information received by or submitted to SCS after May 11, 2025 may be considered by SCS;

(i)     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members and other Claimants, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Plaintiffs, Class Counsel, the Claims Administrator and its agents/employees, the Escrow Agent, or any other agent retained by Plaintiffs or Class Counsel in connection with the administration or taxation of the Settlement Fund

or the Net Settlement Fund, or any other person released under the Settlement, beyond the amounts allocated to them pursuant to the terms of the Distribution Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and the Distribution Order;

(j)     in no less than one (1) year after all funds have been distributed, SCS may destroy the paper copies of the Claim Forms and all supporting documentation;

(k)     in no less than one (1) year after all funds have been distributed, SCS may destroy the electronic copies of the Claim Forms and all supporting documentation;

3. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

IT IS SO ORDERED.

Dated: May 29, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge