

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION

HONORABLE FERNANDO L. AENLLE-ROCHA, U.S. DISTRICT JUDGE

SOPHIA OLSSON,

                    Plaintiffs,

        vs.                          Case No. CV
                                     23-885-FLA
PLDT, INC., et al,

                    Defendants.
_____/

REPORTER'S TRANSCRIPT OF
Motion for Class Approval
Friday, June 27, 2025
1:30 p.m.
LOS ANGELES, CALIFORNIA

_____

TERRI A. HOURIGAN, CSR NO. 3838, CCRR
FEDERAL OFFICIAL COURT REPORTER
350 WEST FIRST STREET, ROOM 4311
LOS ANGELES, CALIFORNIA  90012
(213) 894-2849

UNITED STATES DISTRICT COURT

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFF:**

    LEVI and KORSINSKY LLP
    BY:  AMANDA FOLE
         Attorney at Law
    1111 Sumner Street, Suite 403
    Stamford, Connecticut  06905


**FOR THE DEFENDANT:**

    MILBANK LLP
    BY:  JULIA BOK
         Attorney at Law
    2029 Century Park East, 33rd Floor
    Los Angeles, California  90067

**LOS ANGELES, CALIFORNIA; FRIDAY, JUNE 27, 2025**

**1:30 p.m.**

**--oOo--**

THE COURTROOM DEPUTY:  Please be seated and come to order.

Calling Item No. 3, LA CV23-885-FLA, *Sophia Olsson versus PLDT, Inc., et al.*

Counsel, please make your appearances beginning with the plaintiff.

MR. FOLEY:  Amanda Foley --

THE COURT:  Counsel, please rise to state your presence.

MR. FOLEY:  Amanda Foley with Levi and Korsinsky for lead plaintiff, Kevin Douglas and the class.

MS. BOK:  Good afternoon, Your Honor.  Julia Bok on behalf of LLP for defendants.

THE COURT:  All right.  Good afternoon to you everyone.

We are here for hearing on the plaintiff's motion for the Court to approve, I guess, the final distribution plan.

MR. FOLEY:  Yes, Your Honor.

THE COURT:  Let's see, that's Docket 73, correct?

**UNITED STATES DISTRICT COURT**

MR. FOLEY:  Yes, Your Honor.

THE COURT:  Okay.  All right.  I was reviewing the accompanying declaration of Ms. Craig, so let me hear from plaintiff, you are really the proponent of all of this.

You can adjust the height of the lectern.  There is a bottom on the upper right corner.

MR. FOLEY:  Very good.  Thank you.

THE COURT:  So why should I approve this?

MR. FOLEY:  All right.  So Amanda Foley, for the movant, lead plaintiff, Kevin Douglas and the class.

We respectfully move this Court for entry of the proposed order granting the motion for approval of the distribution plan.

The defendants do not oppose, and there is only one claimant who has disputed the rejection of their claim and has requested the Court review.

THE COURT:  Who is that?

MR. FOLEY:  Claim 49.

THE COURT:  Why is that person disputing the --

MR. FOLEY:  There were several back and forth communications between claimant 49, and the claims administrator.

They have requested appeal to the claims administrator several times, and the claims administrator reviewed the documents that they submitted, and has determined that they are

ineligible to participate in the settlement because the shares they had sold amounted in a profit and not a loss, and they have rejected that determination, and have asked for it to be reviewed.

THE COURT:  Who is they?

Who determined that?  Who has the authority to make that decision?

MR. FOLEY:  The claims administrator determined that it's an ineligible loss, according to the plan of allocation for the terms of the settlement.

THE COURT:  Right.  Let's talk about that.

Who are the members in your class?

MR. FOLEY:  Let me pull the class definition.  The class members are all persons or entities who purchased or otherwise acquired PLTD American Depository shares.

THE REPORTER:  Please slow down.

MS. FOLEY:  Sorry.  The class members are all persons or entities who purchased or otherwise acquired PLDT American depository shares during the period from January 1st, 2019, through December 21st, 2022, inclusive.

THE COURT:  All right.  So this individual whose claim has been rejected, does he fall within the scope of that definition?

MR. FOLEY:  He does in the sense that he purchased shares during the class.

He purchased 245 PLDT during the class period.

THE COURT:  So why is he being denied relief?

MR. FOLEY:  They were sold during the class period for a profit and not a loss.

THE COURT:  Tell me -- did I approve that?

MR. FOLEY:  You haven't yet, Your Honor, but that's why we're asking --

THE COURT:  Why should I do that?

MR. FOLEY:  According to the plan of allocation in order to participate in the class, there needs to be a recognized loss from a purchasing sales of the securities during this.

THE COURT:  Why?

MR. FOLEY:  Because --

THE COURT:  When you file your suit, and you define your class, and you ask a Court to certify the class, is that the definition of the class that they suffered a loss during that time period?

MR. FOLEY:  According to the plan of allocation, yes.

THE COURT:  The plan of allocation doesn't exist when you file your claim right?  It's not there.

How, if you are an owner of these shares during the class period, how would you know that you are excluded?

MR. FOLEY:  You wouldn't know until the settlement

**UNITED STATES DISTRICT COURT**

occurs, and the stipulation of settlement defines all of the reasons for the settlement.  So you just know that there is a class action suit that you might be eligible to participate in at the end.

THE COURT:  Yes, I understand.

But again, the class is broader, right, the class includes everyone who purchased.

Your theory of recovery in the case is that the shares were artificially inflated, right?

MR. FOLEY:  Yes, Your Honor.

THE COURT:  They are allegedly artificially inflated because the defendant entity and the various individuals affiliated with that entity allegedly didn't make certain material disclosures to the investing public, right?

MR. FOLEY:  Correct.

THE COURT:  Okay.  And had they made those disclosures, your theory goes, the market would have reacted to the scope of certain expenditures that were undertaken by the company in this case, which were not disclosed, and as a result of that disclosure, the share price would adjust, and would drop, right, because presumably expenditures at that moment in time were greater than revealed, affecting at the end, you know, profit, right, net profit.

MR. FOLEY:  Yes, Your Honor.

THE COURT:  Does that sound right, okay?

**UNITED STATES DISTRICT COURT**

So, if you buy shares during that time period, based on your theory, you are paying too much for them, right, because these disclosures haven't been made, the market hasn't corrected.

That is your theory, is once the information gets out, the market corrects, right, so you have over paid for the shares.

Why does it matter if you sell it at a loss or not, or gain, you still over paid for what you bought.  That is the damage you sustained, you paid too much for it.

MR. FOLEY:  Yes, Your Honor.  I understand your point, but the stipulation in the settlement that we have here does say that the losses have to -- there is a recognized loss on the sale of the shares and --

THE COURT:  It doesn't have to be, just because you are deciding to do that.  You are deciding to deprive a number of shareholders of a recovery.

You didn't plead it that way.  You didn't plead that only shareholders who bought and sold during the class period at a loss, that that constitutes the class.

MR. FOLEY:  No, Your Honor, but there are other individuals that would be excluded from the class.

I mean, every single person isn't necessarily involved in the class just by purchasing or acquiring shares during the class period.

**UNITED STATES DISTRICT COURT**

There is excluded members also from the class, which those are detailed out in the stipulation as well.  The defendants, and family members of the defendants and any person who requests to be excluded or --

THE COURT:  That is sensible.  That makes good sense in terms of fairness.

But why does it make good sense to exclude other shareholders who don't fall into those categories, who weren't related to the defendant who worked for the defendant?

MR. FOLEY:  The purpose of the class action lawsuit is to recover damage shares.

THE COURT:  Why?  That is not how your class is pled.

Your class is pled as anyone who bought shares, and your theory is that they bought shares that were artificially inflated in price, so you went in the marketplace to buy the share, the price was higher than it should have been, but you didn't know that at the time, so you over paid for it.

MR. FOLEY:  I understand, Your Honor.  But at this stage, the settlement has already been approved by the Court.

THE COURT:  I'm going to vacate that order, if I need to.

I don't think it's fair.  I don't think is the result -- you are allegedly acting in the best interests of the class.

MR. FOLEY:  Yes, Your Honor.

THE COURT:  I certainly hope you are.

MR. FOLEY:  Yes, Your Honor.

THE COURT:  So, I'm not persuaded that this is a fair result.

You know, when you submit these documents to the Court, there is really not a lot of context.

There is an extravagant number of paper that you submit. There is one document here that is upwards of 400 pages.  All of these terms get defined, but you don't show what the impact and effect is on the actual consumer that bought these shares and relied on the state of affairs that have been disclosed to the investing public at that moment in time.

So, I'm not persuaded this is a fair result.

You have one person who objected, but Ms. Craig tells me -- let's see, that over 17,000 claims have been rejected.

MR. FOLEY:  Yes.

THE COURT:  But the administrator --

MR. FOLEY:  Correct, Your Honor.

THE COURT:  And included in that category are claims with no recognized losses.

MR. FOLEY:  Correct.

THE COURT:  So I guess only one of those people was brave enough to object.

Do you know how many of those claims with recognized losses there are?  It's not in her declaration.

**UNITED STATES DISTRICT COURT**

MR. FOLEY:  I believe --

THE COURT:  It's a subset but I don't know how many there are.

MR. FOLEY:  12,467 were had no recognized losses.

THE COURT:  Yeah.  That's a lot.

MR. FOLEY:  Of the rest ineligible claims, there were --

THE COURT:  That is 12,000 shareholders, right, claims?

MR. FOLEY:  Claims, yes.

THE COURT:  One person makes a claim, right?

MR. FOLEY:  Yes.

THE COURT:  That is 12,000 people whose claims have been rejected as a result of a unilateral decision made by the plaintiff's counsel and implemented through the administrator of this plan to exclude over 12,000 people who purchased artificially inflated shares, allegedly, overpaid for them, but are not going to receive any compensation out of this $3 million settlement.

MR. FOLEY:  Yes, Your Honor.  The 5,997 claim forms that were properly submitted and valid claims, they represent a response rate of 25.8 percent of valid claims, which based on strategic claims, the claims administrators' experience is within the normal range of reasonableness for these securities class action settlements.

THE COURT:  You are talking about the percentage, whether the percentage was reasonable.

Look, I have got a core disagreement here with excluding so many people, even if the recovery is small.  I don't think they are being justifiably excluded.  I don't think it's fair.  You brought the action on behalf of that class.

MR. FOLEY:  Yes, Your Honor, if you would like we could submit a supplemental declaration with our position on why we think it is fair to continue to exclude those members that don't have recognized losses.

THE COURT:  You are welcome to submit it.

MR. FOLEY:  Yes, Your Honor.

THE COURT:  I may not grant it, okay, I'm not inclined to right now.

MR. FOLEY:  Okay.

THE COURT:  So, you are going to need to go back and figure this out.

MR. FOLEY:  Yes, Your Honor.

THE COURT:  Does defense wish to be heard?

MS. BOK:  We have no additional --

THE COURT:  Can you please rise and speak into the microphone so you can be heard.

MS. BOK:  Defendants have no argument to make.

THE COURT:  All right.  Thank you.

THE COURTROOM DEPUTY:  All rise.

This Court is adjourned.

(The proceedings concluded at 2:09 p.m.)

* * *

**CERTIFICATE OF OFFICIAL REPORTER**


COUNTY OF LOS ANGELES    )
                                                                )
STATE OF CALIFORNIA      )


          I, TERRI A. HOURIGAN, Federal Official Realtime Court Reporter, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the judicial conference of the United States.


Date: 30th day of June, 2025.



                          /s/ TERRI A. HOURIGAN

            _____
            TERRI A. HOURIGAN, CSR NO. 3838, RPR, CRR
                  Federal Court Reporter


**UNITED STATES DISTRICT COURT**

**/**

/s [1] - 14:19

**0**

06905 [1] - 2:6

**1**

1111 [1] - 2:5
12,000 [3] - 11:8, 11:13, 11:16
12,467 [1] - 11:4
17,000 [1] - 10:15
1:30 [2] - 1:14, 3:2
1st [1] - 5:19

**2**

2019 [1] - 5:20
2022 [1] - 5:20
2025 [3] - 1:13, 3:1, 14:16
2029 [1] - 2:10
213 [1] - 1:24
21st [1] - 5:20
23-885-FLA [1] - 1:7
245 [1] - 6:1
25.8 [1] - 11:22
27 [2] - 1:13, 3:1
28 [1] - 14:9
2:09 [1] - 13:2

**3**

3 [2] - 3:9, 11:19
30th [1] - 14:16
33rd [1] - 2:10
350 [1] - 1:23
3838 [2] - 1:22, 14:20

**4**

400 [1] - 10:8
403 [1] - 2:5
4311 [1] - 1:23
49 [2] - 4:18, 4:21

**5**

5,997 [1] - 11:20

**7**

73 [1] - 3:25
753 [1] - 14:9

**8**

894-2849 [1] - 1:24

**9**

90012 [1] - 1:24
90067 [1] - 2:10

**A**

above-entitled [1] - 14:12
accompanying [1] - 4:3
according [3] - 5:9, 6:9, 6:19
acquired [2] - 5:15, 5:18
acquiring [1] - 8:24
acting [1] - 9:24
action [4] - 7:3, 9:10, 11:25, 12:6
actual [1] - 10:10
additional [1] - 12:20
adjourned [1] - 13:1
adjust [2] - 4:5, 7:20
administrator [6] - 4:22, 4:23, 4:24, 5:8, 10:17, 11:15
administrators' [1] - 11:23
AENLLE [1] - 1:3
AENLLE-ROCHA [1] - 1:3
affairs [1] - 10:11
affecting [1] - 7:22
affiliated [1] - 7:13
afternoon [2] - 3:18, 3:20
al [2] - 1:8, 3:10
allegedly [4] - 7:11, 7:13, 9:24, 11:17
allocation [4] - 5:9, 6:9, 6:19, 6:21
AMANDA [1] - 2:4
Amanda [3] - 3:13, 3:16, 4:9
American [2] - 5:15, 5:19
amounted [1] - 5:2
ANGELES [4] - 1:14, 1:24, 3:1, 14:3
Angeles [1] - 2:10
appeal [1] - 4:23
APPEARANCES [1] - 2:1
appearances [1] - 3:11
approval [1] - 4:12

Approval [1] - 1:13
approve [3] - 3:23, 4:8, 6:5
approved [1] - 9:20
argument [1] - 12:23
artificially [4] - 7:9, 7:11, 9:15, 11:17
Attorney [2] - 2:5, 2:9
authority [1] - 5:6

**B**

based [2] - 8:1, 11:22
beginning [1] - 3:11
behalf [2] - 3:19, 12:6
best [1] - 9:24
between [1] - 4:21
BOK [4] - 2:9, 3:18, 12:20, 12:23
Bok [1] - 3:18
bottom [1] - 4:6
bought [5] - 8:9, 8:19, 9:14, 9:15, 10:10
brave [1] - 10:23
broader [1] - 7:6
brought [1] - 12:6
buy [2] - 8:1, 9:16
BY [2] - 2:4, 2:9

**C**

CALIFORNIA [5] - 1:2, 1:14, 1:24, 3:1, 14:4
California [2] - 2:10, 14:8
case [2] - 7:8, 7:19
Case [1] - 1:7
categories [1] - 9:8
category [1] - 10:19
CCRR [1] - 1:22
Central [1] - 14:8
CENTRAL [2] - 1:2
Century [1] - 2:10
certain [2] - 7:13, 7:18
certainly [1] - 10:1
CERTIFICATE [1] - 14:1
certify [2] - 6:16, 14:8
claim [6] - 4:15, 4:18, 5:22, 6:22, 11:11, 11:20
claimant [2] - 4:15, 4:21

claims [15] - 4:21, 4:23, 4:24, 5:8, 10:15, 10:19, 10:24, 11:6, 11:9, 11:10, 11:13, 11:21, 11:22, 11:23
class [29] - 3:17, 4:10, 5:12, 5:13, 5:14, 5:17, 5:25, 6:1, 6:3, 6:10, 6:16, 6:17, 6:24, 7:3, 7:6, 8:19, 8:20, 8:22, 8:24, 8:25, 9:1, 9:10, 9:12, 9:14, 9:24, 11:25, 12:6
Class [1] - 1:13
Code [1] - 14:9
communications [1] - 4:21
company [1] - 7:19
compensation [1] - 11:18
concluded [1] - 13:2
conference [1] - 14:13
conformance [1] - 14:13
Connecticut [1] - 2:6
constitutes [1] - 8:20
consumer [1] - 10:10
context [1] - 10:6
continue [1] - 12:9
core [1] - 12:3
corner [1] - 4:6
correct [5] - 3:25, 7:15, 10:18, 10:21, 14:10
corrected [1] - 8:4
corrects [1] - 8:6
COUNSEL [1] - 2:1
counsel [3] - 3:11, 3:14, 11:15
COUNTY [1] - 14:3
COURT [43] - 1:1, 1:23, 3:14, 3:20, 3:25, 4:2, 4:8, 4:17, 4:19, 5:5, 5:11, 5:21, 6:2, 6:5, 6:8, 6:13, 6:15, 6:21, 7:5, 7:11, 7:16, 7:25, 8:15, 9:5, 9:12, 9:21, 10:1, 10:3, 10:17, 10:19, 10:22, 11:2, 11:5, 11:8, 11:11, 11:13, 12:1, 12:11, 12:13, 12:16, 12:19, 12:21, 12:24
Court [10] - 3:23, 4:11, 4:16, 6:16, 9:20, 10:5, 13:1, 14:7, 14:20
COURTROOM [2] - 3:7, 12:25

Craig [2] - 4:3, 10:14
CRR [1] - 14:20
CSR [2] - 1:22, 14:20
CV [1] - 1:7
CV23-885-FLA [1] - 3:9

**D**

damage [2] - 8:10, 9:11
Date [1] - 14:16
December [1] - 5:20
deciding [2] - 8:16
decision [2] - 5:7, 11:14
declaration [3] - 4:3, 10:25, 12:8
DEFENDANT [1] - 2:7
defendant [3] - 7:12, 9:9
defendants [5] - 3:19, 4:14, 9:3, 12:23
Defendants [1] - 1:9
defense [1] - 12:19
define [1] - 6:15
defined [1] - 10:9
defines [1] - 7:1
definition [3] - 5:13, 5:23, 6:17
denied [1] - 6:2
Depository [1] - 5:15
depository [1] - 5:19
deprive [1] - 8:16
DEPUTY [2] - 3:7, 12:25
detailed [1] - 9:2
determination [1] - 5:3
determined [3] - 4:25, 5:6, 5:8
disagreement [1] - 12:3
disclosed [2] - 7:19, 10:11
disclosure [1] - 7:20
disclosures [3] - 7:14, 7:17, 8:3
disputed [1] - 4:15
disputing [1] - 4:19
distribution [2] - 3:23, 4:13
DISTRICT [3] - 1:1, 1:2, 1:3
District [2] - 14:7, 14:8
DIVISION [1] - 1:2
Docket [1] - 3:25
document [1] - 10:8

| | | | | |
|---|---|---|---|---|
| **documents** [2] - 4:25, 10:5<br>**Douglas** [2] - 3:17, 4:10<br>**down** [1] - 5:16<br>**drop** [1] - 7:21<br>**during** [10] - 5:19, 5:25, 6:1, 6:3, 6:12, 6:17, 6:23, 8:1, 8:19, 8:24<br><br>**E**<br><br>**East** [1] - 2:10<br>**effect** [1] - 10:10<br>**eligible** [1] - 7:3<br>**end** [2] - 7:4, 7:22<br>**entities** [2] - 5:14, 5:18<br>**entitled** [1] - 14:12<br>**entity** [2] - 7:12, 7:13<br>**entry** [1] - 4:11<br>**et** [2] - 1:8, 3:10<br>**exclude** [3] - 9:7, 11:16, 12:9<br>**excluded** [5] - 6:24, 8:22, 9:1, 9:4, 12:5<br>**excluding** [1] - 12:3<br>**exist** [1] - 6:21<br>**expenditures** [2] - 7:18, 7:21<br>**experience** [1] - 11:23<br>**extravagant** [1] - 10:7<br><br>**F**<br><br>**fair** [5] - 9:23, 10:4, 10:13, 12:5, 12:9<br>**fairness** [1] - 9:6<br>**fall** [2] - 5:22, 9:8<br>**family** [1] - 9:3<br>**Federal** [2] - 14:6, 14:20<br>**FEDERAL** [1] - 1:23<br>**FERNANDO** [1] - 1:3<br>**figure** [1] - 12:17<br>**file** [2] - 6:15, 6:22<br>**final** [1] - 3:23<br>**FIRST** [1] - 1:23<br>**Floor** [1] - 2:10<br>**FOLE** [1] - 2:4<br>**FOLEY** [40] - 3:13, 3:16, 3:24, 4:1, 4:7, 4:9, 4:18, 4:20, 5:8, 5:13, 5:17, 5:24, 6:3, 6:6, 6:9, 6:14, 6:19, 6:25, 7:10, 7:15, 7:24, 8:11, 8:21, 9:10, 9:19, | 9:25, 10:2, 10:16, 10:18, 10:21, 11:1, 11:4, 11:6, 11:10, 11:12, 11:20, 12:7, 12:12, 12:15, 12:18<br>**Foley** [3] - 3:13, 3:16, 4:9<br>**FOR** [2] - 2:3, 2:7<br>**foregoing** [1] - 14:10<br>**format** [1] - 14:12<br>**forms** [1] - 11:20<br>**forth** [1] - 4:20<br>**Friday** [1] - 1:13<br>**FRIDAY** [1] - 3:1<br><br>**G**<br><br>**gain** [1] - 8:9<br>**grant** [1] - 12:13<br>**granting** [1] - 4:12<br>**greater** [1] - 7:22<br>**guess** [2] - 3:23, 10:22<br><br>**H**<br><br>**hear** [1] - 4:3<br>**heard** [2] - 12:19, 12:22<br>**hearing** [1] - 3:22<br>**height** [1] - 4:5<br>**held** [1] - 14:11<br>**hereby** [1] - 14:8<br>**higher** [1] - 9:17<br>**Honor** [16] - 3:18, 3:24, 4:1, 6:6, 7:10, 7:24, 8:11, 8:21, 9:19, 9:25, 10:2, 10:18, 11:20, 12:7, 12:12, 12:18<br>**HONORABLE** [1] - 1:3<br>**hope** [1] - 10:1<br>**HOURIGAN** [4] - 1:22, 14:6, 14:19, 14:20<br><br>**I**<br><br>**impact** [1] - 10:9<br>**implemented** [1] - 11:15<br>**INC** [1] - 1:8<br>**Inc** [1] - 3:10<br>**inclined** [1] - 12:14<br>**included** [1] - 10:19<br>**includes** [1] - 7:7<br>**inclusive** [1] - 5:20<br>**individual** [1] - 5:21<br>**individuals** [2] - | 7:12, 8:22<br>**ineligible** [3] - 5:1, 5:9, 11:6<br>**inflated** [4] - 7:9, 7:11, 9:16, 11:17<br>**information** [1] - 8:5<br>**interests** [1] - 9:24<br>**investing** [2] - 7:14, 10:12<br>**involved** [1] - 8:23<br>**Item** [1] - 3:9<br><br>**J**<br><br>**January** [1] - 5:19<br>**JUDGE** [1] - 1:3<br>**judicial** [1] - 14:13<br>**Julia** [1] - 3:18<br>**JULIA** [1] - 2:9<br>**June** [2] - 1:13, 14:16<br>**JUNE** [1] - 3:1<br>**justifiably** [1] - 12:5<br><br>**K**<br><br>**Kevin** [2] - 3:17, 4:10<br>**KORSINSKY** [1] - 2:4<br>**Korsinsky** [1] - 3:16<br><br>**L**<br><br>**LA** [1] - 3:9<br>**Law** [2] - 2:5, 2:9<br>**lawsuit** [1] - 9:10<br>**lead** [2] - 3:17, 4:10<br>**lectern** [1] - 4:5<br>**LEVI** [1] - 2:4<br>**Levi** [1] - 3:16<br>**LLP** [3] - 2:4, 2:8, 3:19<br>**look** [1] - 12:3<br>**Los** [1] - 2:10<br>**LOS** [4] - 1:14, 1:24, 3:1, 14:3<br>**loss** [8] - 5:2, 5:9, 6:4, 6:11, 6:17, 8:8, 8:13, 8:20<br>**losses** [5] - 8:13, 10:20, 10:25, 11:4, 12:10<br><br>**M**<br><br>**market** [3] - 7:17, 8:3, 8:6<br>**marketplace** [1] - 9:16<br>**material** [1] - 7:14 | **matter** [2] - 8:8, 14:12<br>**mean** [1] - 8:23<br>**members** [6] - 5:12, 5:14, 5:17, 9:1, 9:3, 12:9<br>**microphone** [1] - 12:22<br>**might** [1] - 7:3<br>**MILBANK** [1] - 2:8<br>**million** [1] - 11:19<br>**moment** [2] - 7:21, 10:12<br>**motion** [3] - 1:13, 3:22, 4:12<br>**movant** [1] - 4:10<br>**move** [1] - 4:11<br>**MR** [39] - 3:13, 3:16, 3:24, 4:1, 4:7, 4:9, 4:18, 4:20, 5:8, 5:13, 5:24, 6:3, 6:6, 6:9, 6:14, 6:19, 6:25, 7:10, 7:15, 7:24, 8:11, 8:21, 9:10, 9:19, 9:25, 10:2, 10:16, 10:18, 10:21, 11:1, 11:4, 11:6, 11:10, 11:12, 11:20, 12:7, 12:12, 12:15, 12:18<br>**MS** [4] - 3:18, 5:17, 12:20, 12:23<br><br>**N**<br><br>**necessarily** [1] - 8:23<br>**need** [2] - 9:22, 12:16<br>**needs** [1] - 6:10<br>**net** [1] - 7:23<br>**NO** [2] - 1:22, 14:20<br>**normal** [1] - 11:24<br>**number** [2] - 8:16, 10:7<br><br>**O**<br><br>**object** [1] - 10:23<br>**objected** [1] - 10:14<br>**occurs** [1] - 7:1<br>**OF** [6] - 1:2, 1:12, 2:1, 14:1, 14:3, 14:4<br>**Official** [1] - 14:6<br>**OFFICIAL** [2] - 1:23, 14:1<br>**Olsson** [1] - 3:9<br>**OLSSON** [1] - 1:5<br>**once** [1] - 8:5<br>**one** [5] - 4:14, 10:8, 10:14, 10:22, 11:11 | **oOo** [1] - 3:3<br>**oppose** [1] - 4:14<br>**order** [4] - 3:8, 4:12, 6:10, 9:21<br>**otherwise** [2] - 5:15, 5:18<br>**overpaid** [1] - 11:17<br>**owner** [1] - 6:23<br><br>**P**<br><br>**p.m** [3] - 1:14, 3:2, 13:2<br>**page** [1] - 14:12<br>**pages** [1] - 10:8<br>**paid** [4] - 8:6, 8:9, 8:10, 9:18<br>**paper** [1] - 10:7<br>**Park** [1] - 2:10<br>**participate** [3] - 5:1, 6:10, 7:3<br>**paying** [1] - 8:2<br>**people** [4] - 10:22, 11:13, 11:16, 12:4<br>**percent** [1] - 11:22<br>**percentage** [2] - 12:1, 12:2<br>**period** [8] - 5:19, 6:1, 6:3, 6:18, 6:24, 8:1, 8:19, 8:25<br>**person** [5] - 4:19, 8:23, 9:3, 10:14, 11:11<br>**persons** [2] - 5:14, 5:18<br>**persuaded** [2] - 10:3, 10:13<br>**PLAINTIFF** [1] - 2:3<br>**plaintiff** [4] - 3:12, 3:17, 4:4, 4:10<br>**plaintiff's** [2] - 3:22, 11:15<br>**Plaintiffs** [1] - 1:6<br>**plan** [7] - 3:23, 4:13, 5:9, 6:9, 6:19, 6:21, 11:16<br>**PLDT** [4] - 1:8, 3:10, 5:18, 6:1<br>**plead** [2] - 8:18<br>**pled** [2] - 9:13, 9:14<br>**PLTD** [1] - 5:15<br>**point** [1] - 8:12<br>**position** [1] - 12:8<br>**presence** [1] - 3:15<br>**presumably** [1] - 7:21<br>**price** [3] - 7:20, 9:16, 9:17<br>**proceedings** [2] - 13:2, 14:11 |

3

**profit** [4] - 5:2, 6:4, 7:23
**properly** [1] - 11:21
**proponent** [1] - 4:4
**proposed** [1] - 4:12
**public** [2] - 7:14, 10:12
**pull** [1] - 5:13
**purchased** [6] - 5:14, 5:18, 5:24, 6:1, 7:7, 11:16
**purchasing** [2] - 6:11, 8:24
**purpose** [1] - 9:10
**pursuant** [1] - 14:9

## R

**range** [1] - 11:24
**rate** [1] - 11:22
**reacted** [1] - 7:17
**really** [2] - 4:4, 10:6
**Realtime** [1] - 14:6
**reasonable** [1] - 12:2
**reasonableness** [1] - 11:24
**reasons** [1] - 7:2
**receive** [1] - 11:18
**recognized** [6] - 6:11, 8:13, 10:20, 10:24, 11:4, 12:10
**recover** [1] - 9:11
**recovery** [3] - 7:8, 8:17, 12:4
**regulations** [1] - 14:13
**rejected** [4] - 5:3, 5:22, 10:15, 11:14
**rejection** [1] - 4:15
**related** [1] - 9:9
**relied** [1] - 10:11
**relief** [1] - 6:2
**reported** [1] - 14:11
**REPORTER** [3] - 1:23, 5:16, 14:1
**Reporter** [2] - 14:7, 14:20
**REPORTER'S** [1] - 1:12
**represent** [1] - 11:21
**requested** [2] - 4:16, 4:23
**requests** [1] - 9:4
**respectfully** [1] - 4:11
**response** [1] - 11:22
**rest** [1] - 11:6
**result** [5] - 7:19, 9:23, 10:4, 10:13, 11:14

**revealed** [1] - 7:22
**review** [1] - 4:16
**reviewed** [2] - 4:24, 5:4
**reviewing** [1] - 4:2
**rise** [3] - 3:14, 12:21, 12:25
**ROCHA** [1] - 1:3
**ROOM** [1] - 1:23
**RPR** [1] - 14:20

## S

**sale** [1] - 8:14
**sales** [1] - 6:11
**scope** [2] - 5:22, 7:18
**seated** [1] - 3:7
**Section** [1] - 14:9
**securities** [2] - 6:11, 11:24
**see** [2] - 3:25, 10:15
**sell** [1] - 8:8
**sense** [3] - 5:24, 9:5, 9:7
**sensible** [1] - 9:5
**settlement** [8] - 5:1, 5:10, 6:25, 7:1, 7:2, 8:12, 9:20, 11:19
**settlements** [1] - 11:25
**several** [2] - 4:20, 4:24
**share** [2] - 7:20, 9:17
**shareholders** [4] - 8:17, 8:19, 9:8, 11:8
**shares** [15] - 5:1, 5:15, 5:19, 5:25, 6:23, 7:8, 8:1, 8:7, 8:14, 8:24, 9:11, 9:14, 9:15, 10:10, 11:17
**show** [1] - 10:9
**single** [1] - 8:23
**slow** [1] - 5:16
**small** [1] - 12:4
**sold** [3] - 5:2, 6:3, 8:19
**Sophia** [1] - 3:9
**SOPHIA** [1] - 1:5
**sorry** [1] - 5:17
**sound** [1] - 7:25
**stage** [1] - 9:20
**Stamford** [1] - 2:6
**STATE** [1] - 14:4
**state** [2] - 3:14, 10:11
**STATES** [1] - 1:1
**States** [3] - 14:7, 14:9, 14:14
**stenographically** [1]

- 14:11
**still** [1] - 8:9
**stipulation** [3] - 7:1, 8:12, 9:2
**strategic** [1] - 11:23
**Street** [1] - 2:5
**STREET** [1] - 1:23
**submit** [4] - 10:5, 10:7, 12:8, 12:11
**submitted** [2] - 4:25, 11:21
**subset** [1] - 11:2
**suffered** [1] - 6:17
**suit** [2] - 6:15, 7:3
**Suite** [1] - 2:5
**Sumner** [1] - 2:5
**supplemental** [1] - 12:8
**sustained** [1] - 8:10

## T

**terms** [3] - 5:10, 9:6, 10:9
**TERRI** [4] - 1:22, 14:6, 14:19, 14:20
**THE** [46] - 2:3, 2:7, 3:7, 3:14, 3:20, 3:25, 4:2, 4:8, 4:17, 4:19, 5:5, 5:11, 5:16, 5:21, 6:2, 6:5, 6:8, 6:13, 6:15, 6:21, 7:5, 7:11, 7:16, 7:25, 8:15, 9:5, 9:12, 9:21, 10:1, 10:3, 10:17, 10:19, 10:22, 11:2, 11:5, 11:8, 11:11, 11:13, 12:1, 12:11, 12:13, 12:16, 12:19, 12:21, 12:24, 12:25
**theory** [5] - 7:8, 7:17, 8:2, 8:5, 9:15
**Title** [1] - 14:9
**TRANSCRIPT** [1] - 1:12
**transcript** [2] - 14:10, 14:12
**true** [1] - 14:10

## U

**U.S** [1] - 1:3
**undertaken** [1] - 7:18
**unilateral** [1] - 11:14
**United** [3] - 14:7, 14:9, 14:14
**UNITED** [1] - 1:1
**upper** [1] - 4:6
**upwards** [1] - 10:8

## V

**vacate** [1] - 9:21
**valid** [2] - 11:21, 11:22
**various** [1] - 7:12
**versus** [1] - 3:10
**vs** [1] - 1:7

## W

**welcome** [1] - 12:11
**WEST** [1] - 1:23
**wish** [1] - 12:19

**UNITED STATES DISTRICT COURT**