**LEVI & KORSINSKY, LLP**
David C. Jaynes (SBN 338917)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: djaynes@zlk.com

*Lead Counsel for Lead Plaintiff*
*Dr. Kevin Douglas and the Class*

*[Additional counsel on signature page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. KEVIN DOUGLAS, Individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>       vs.<br><br>PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, MA. LOURDES C. RAUSA-CHAN, GIL SAMSON D. GARCIA, JUNE CHERYL A. CABAL-REVILLA, AND JANE BASAS,<br><br>                              Defendants. | Case No. 2:23-cv-00885-FLA (MAAx)<br><br>CLASS ACTION<br><br>SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION FOR APPROVAL OF DISTRIBUTION PLAN<br><br>Judge: Hon. Fernando L. Aenlle-Rocha |

## TABLE OF CONTENTS

ARGUMENT ..................................................................................................................2

    A.    Legal Standard ..............................................................................................2

    B.    The Complaint Properly Asserts Securities Fraud Claims on Behalf of Class Members Who Suffered a Loss.................................................2

    C.    The Plan of Allocation Properly Excludes Investors Who Sold Their PLDT ADSs Before a Corrective Disclosure and/or Had a Market Gain ............................................................................................................3

    D.    SCS Properly Concluded Claim 49 Has No Recognized Loss and is Ineligible to Participate in the Settlement ...........................................7

CONCLUSION..........................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005) ...............................................................................................1, 2, 8

*Hardy v. Embark Tech., Inc.*,
   2023 WL 6276728 (N.D. Cal. Sept. 26, 2023) ........................................................ 7

*In re Amgen Sec. Litig.*,
   No. 2:07-cv-02536-PSG-PLA (C.D. Cal. Apr. 8, 2019) ......................................6, 10

*In re Atossa Genetics Inc. Sec. Litig.*,
   868 F.3d 784 (9th Cir. 2017).................................................................................... 2

*In re Biolase, Inc. Sec. Litig.*,
   No. 8:13-cv-01300-JLS-FFM (C.D. Cal. Apr. 13, 2015).............................5, 6, 10

*In re Crocs, Inc. Secs. Litig.*,
   306 F.R.D. 672 (D. Colo. 2014)................................................................................ 9

*In re Cytrx Corp. Securities Litigation*,
   No. 2:14-cv-01956, 2016 WL 2904591 (C.D. Cal. May 18, 2016).......................... 9

*In re ImmunityBio, Inc. Sec. Litig.*,
   No. 3:23-cv-01216-GPC-VET ................................................................................. 9

*In re JDS Uniphase Corp. Sec. Litig.*,
   2005 WL 8165618 (N.D. Cal. Dec. 21, 2005).......................................................2, 8

*In re Omnivision Techs.*,
   559 F.Supp.2d 1036 (N.D. Cal. 2007) ..................................................................... 9

*In re Stable Road Acquisition Corp. Securities Litigation*
   2024 WL 3643393 (C.D. Cal. Apr. 23, 2024) ......................................................... 9

*In Re Toyota Motor Corporation Securities Litigation*,
   No. 2:10-cv-00922-DSF-AJW (C.D. Cal. Nov. 13, 2012) ...................................... 6

*Ivan Baron v. HyreCar Inc. et al.*,
   No. 2:21-cv-06918-FWS-JC (C.D. Cal. Feb. 6, 2025) .........................................6, 9

*Jian Zhou v. Faraday Future Intelligent Electric Inc. et al.*,
   No. 2:21-cv-09914-CAS-JC...................................................................................... 9

*Khoja et al v. Orexigen Therapeutics, Inc. et al*,
   No. 3:15-cv-00540-JLS-AGS (S.D. Cal. Feb 12, 2021).....................................6, 10

*N.Y. State Teachers' Ret. Sys. v. GM Co.*,
   315 F.R.D. 226 (E.D. Mi. May 19, 2016)................................................................ 9

*Nickolas Van Windgerden v. Cadiz, Inc. et al.*,
  No. 2:15-cv-03080-JAK-JEM ............................................................................................ 10

*Rieckborn v. Velti PLC*,
  2015 U.S. Dist. LEXIS 13542 (N.D. Cal. Feb. 3, 2015) ............................................. 8

*Sam Farrar v. Workhorse Group, Inc. et al.*,
  No. 2:21-cv-02072-CJC-PVC (C.D. Cal. Jan. 23, 2024) ..................................... 6, 10

*Vinh Nguyen v. Radient Pharm. Corp.*,
  2014 WL 1802293 (C.D. Cal. May 6, 2014) ..................................................... 7, 8, 9

*Yon Wang v. Dada Nexus Ltd. et al.*,
  2025 WL 1722997 (C.D. Cal. Mar. 14, 2025) ........................................................ 6

**Statutes**

15 U.S.C. § 78j ............................................................................................................ 2, 3

15 U.S.C. § 78t .............................................................................................................. 2

Lead Plaintiff Dr. Kevin Douglas ("Lead Plaintiff"), by and through his undersigned counsel, respectfully submits this supplemental memorandum of law in further support of Lead Plaintiff's Motion for Approval of Distribution Plan ("Motion"). ECF No. 73.

At the June 27, 2025 hearing on Lead Plaintiff's Motion, the Court questioned whether the Class definition, as pled in the Amended Complaint for Violations of the Federal Securities Laws, filed on July 7, 2023 (the "Complaint"), required investors to have suffered a loss to be considered a Class member, and expressed concerns that the Plan of Allocation may be unfair because it excludes Class members, as pled, who did not suffer a loss to recover in the Settlement. ECF 82, Tr. 6:15-18 ("When you file your suit…is that the definition of the class that they suffered a loss during that time period?"); *id.* at 8:18-20 ("You didn't plead that only shareholders who bought and sold during the class period at a loss, that that constitutes the class.").

As discussed below, in the Complaint, Lead Plaintiff seeks to recover damages on behalf of a Class that purchased PLDT ADSs during the Class Period ***and*** suffered a loss, as required by the federal securities laws and the United States Supreme Court's decision in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 338 (2005). Accordingly, the Plan of Allocation, which allows only those Class members who suffered a loss resulting from the alleged corrective disclosure to be compensated in the Settlement, does not deviate from the relief sought in the Complaint. Moreover, despite a robust notice program, no Class Member objected to the Class definition, the *pro rata* allocation methodology, or the Plan of Allocation's specific formulas for calculating claimants' *pro rata* recovery. Accordingly, the Plan of Allocation is fair, reasonable, and adequate as the Court found when finally approving it.

## ARGUMENT

### A. Legal Standard

To state a claim under Section 10(b) of the Exchange Act, the complaint must allege: (1) a material misrepresentation or omission; (2) in connection with the purchase or sale of a security; (3) scienter; (4) reliance; (5) *economic loss*; and (6) loss causation. *In re Atossa Genetics Inc. Sec. Litig.,* 868 F.3d 784, 793 (9th Cir. 2017) (emphasis added); 15 U.S.C. § 78j(b). In *Dura Pharms. v. Broudo*, the Supreme Court held that, to recover under the federal securities laws, "[a] private plaintiff who claims securities fraud must prove that the defendant's fraud *caused an economic loss*." 544 U.S. at 338. (Emphasis added). The Supreme Court rejected the Ninth Circuit's opinion that the purchase of a security at an inflated price was enough to establish an economic loss, holding "an inflated purchase price will not itself constitute or proximately cause the relevant economic loss" because, "as a matter of pure logic, at the moment the transaction takes place, the plaintiff has suffered no loss; the inflated purchase payment is offset by ownership of a share that *at that instant* possesses equivalent value." *Id.* at 342. Accordingly, to state a claim under the federal securities laws, a plaintiff must hold through a corrective disclosure *and* suffer a loss to have a legally cognizable claim under the federal securities laws. *Id.* at 338, 342; *see also e.g., In re JDS Uniphase Corp. Sec. Litig.*, 2005 WL 8165618, at *2 n.1 (N.D. Cal. Dec. 21, 2005) ("To the extent that class members purchased JDS stock at an allegedly inflated price and then sold it for a profit before any public awareness of fraud or misrepresentation, they will not demonstrate economic loss as described *In re Daou Sys.*").

### B. The Complaint Properly Asserts Securities Fraud Claims on Behalf of Class Members Who Suffered a Loss

In the Complaint, Lead Plaintiff asserted claims for violations of the federal securities laws under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934

2

("Exchange Act") on behalf of a class of "all other similarly situated persons or entities, other than Defendants, that purchased or otherwise acquired publicly traded PLDT, Inc. ("PLDT" or the "Company") American Depository Shares ("ADS") between April 23, 2020 and December 19, 2022, inclusive" "to recover damages caused by Defendants' violations…." ECF No. 33, ¶¶1, 424-37. Lead Plaintiff alleged in the Complaint that the Defendants' false statements artificially inflated and maintained artificial inflation in the price of PLDT ADS shares throughout the Class Period, until the truth became known on December 19, 2022, which caused PLDT's ADS price to drop more than 23% as the artificial inflation was removed from the ADS price. ¶¶398-400. Lead Plaintiff further alleges that, as a result of the ADS price decline, "Plaintiff and the other Class members suffered economic loss, i.e., damages[.]" ¶398.

Throughout the Complaint, Lead Plaintiff makes clear that he is seeking to recover *losses* resulting from the alleged fraud. *See, e.g.* ¶16 ("Plaintiff seeks to recover damages for the losses suffered by Plaintiff and the putative Class"); ¶398 ("The economic loss, i.e., damages, suffered by Plaintiff and the other Class members was a direct result of Defendants' fraudulent scheme to artificially inflate the price of PLDT securities and the subsequent significant declines in the value of PLDT ADSs when the Defendants' prior misrepresentations and other fraudulent conduct were revealed.").

Accordingly, Lead Plaintiff adequately alleges loss causation under Section 10(b) of the Exchange Act and *Dura*, and makes clear that the relief prayed for in the Complaint was *actual damages*.

**C. The Plan of Allocation Properly Excludes Investors Who Sold Their PLDT ADSs Before a Corrective Disclosure and/or Had a Market Gain**

The Stipulation of Settlement (the "Stipulation") (ECF No. 54-7) defines the Class *for settlement purposes* as "all persons or entities who purchased or otherwise acquired PLDT American Depository Shares during the period from January 1, 2019,

through December 21, 2022, inclusive." *Id*. at 5. The Notice of Pendency and Proposed Settlement of Class Action, attached as exhibit A-1 to the Stipulation and distributed to potential Class members states on the first page that if investors purchased ADSs during the Class Period (1/1/19 through 12/21/22), "you **may** be entitled to payment" and explains that in order to recover in the Settlement, a claimant must have a "Recognized Loss" as defined in the Plan of Allocation described on pages 15-18 of the Notice. (Emphasis added). This is consistent with the Class as pled in the Complaint.

The Plan of Allocation states that "[t]he objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged ***economic losses as a result of the alleged fraud***," *i.e.*, a *pro rata* method of allocation. *Id*. The Plan of Allocation further explains that the Claims Administrator will use a recognized loss formula to determine each Authorized Claimant's[1] share of the Net Settlement Fund, depending upon when PLDT ADSs were purchased and sold and in what amounts. *Id*. The Plan of Allocation further explains that only those who suffered an economic loss resulting from the corrective disclosure are eligible to recover under the federal securities laws:

> The U.S. federal securities laws allow investors to recover losses ***caused by disclosures which corrected the Defendants' alleged fraudulent statements***. Thus, ***in order to have recoverable damages, the corrective disclosure of the alleged fraud must be the cause of the decline in the price or value of PLDT ADS***.

*Id*. at 16.

Accordingly, the Plan of Allocation states, "if PLDT ADS was sold before December 19, 2022 [the corrective disclosure date], the Recognized Loss for such ADS is $0.00, and any loss suffered is not compensable under the federal securities laws"

---

[1] "Authorized Claimant[]" is defined in the Notice as "those investors who submit valid and timely Claim Forms establishing they are Class Members."

4

and claimants would have no Recognized Loss. ECF No. 54-9, at 17. Moreover, under the Plan of Allocation, claimants whose overall transactions in PLDT securities resulted in a market gain are ineligible to recover. *Id.* at 20 ("If a Claimant had a Market Gain with respect to their, his, her, or its overall transactions in PLDT ADS during the Class Period, the value of the Claimant's Recognized Loss will be set to zero, and the Claimant will in any event be bound by the Settlement."). Under the Plan of Allocation, class members who suffered economic loss will receive *a pro rata* share of recovery based on their respective economic losses. Thus, the Plan of Allocation is consistent *Dura* and the Class alleged in the Complaint.

At the Motion hearing, the Court expressed concerns that Class definition in the Stipulation did not expressly exclude investors who sold prior to a corrective disclosure and/or had a market gain. ECF 82 Tr. at 11:13-19 (stating the plan of allocation would "exclude over 12,000 people who purchased artificially inflated shares, allegedly, overpaid for them, but are not going to receive any compensation out of this $3 million settlement."). However, as discussed above, the Notice sent to potential Settlement Class members makes clear that to recover in the Settlement, the investor needs to have suffered a loss resulting from the alleged fraud. Moreover, at the time of Settlement, Lead Plaintiff does not have the individual trading records for each individual investor that purchased PLDT ADSs during the Class Period and cannot know the universe of shareholders who suffered losses. Thus, for settlement purposes, the Class is intentionally defined broadly in the Stipulation to reach the largest number of potential Class members who may have a Recognized Loss and give them the opportunity to submit a claim to see if they are eligible to recover in the Settlement.

For this reason, courts, including in this district, routinely approve settlements with similar class definitions, where the plan of allocation excludes investors with no economic loss from participating in the Settlement. *See, e.g., In re Biolase, Inc. Sec.*

5

*Litig.*, No. 8:13-cv-01300-JLS-FFM (C.D. Cal. Apr. 13, 2015) ECF No. 74-7, at 11 ("'Settlement Class' means all Persons who purchased BIOLASE common stock during the period November 5, 2012 through August 13, 2013, inclusive."); *In Re Toyota Motor Corporation Securities Litigation*, No. 2:10-cv-00922-DSF-AJW (C.D. Cal. Nov. 13, 2012) ECF No. 301-1 at 6 ("all persons (other than those Persons who timely and validly request exclusion from the Class) who purchased or otherwise acquired the American Depository Shares of Toyota Motor Corporation during the period from May 10, 2005, through and including February 2, 2010, excluding the Defendants and their Related Persons"); *Khoja et al v. Orexigen Therapeutics, Inc. et al*, No. 3:15-cv-00540-JLS-AGS (S.D. Cal. Feb 12, 2021), ECF No. 142-3 at 12 ("'Settlement Class' means all Persons who purchased or otherwise acquired Orexigen publicly traded securities between March 3, 2015 and May 12, 2015, inclusive.").[2]

Furthermore, allocating a $0.00 share to individuals who were not damaged is consistent with the Notice's *pro rata* methodology for allocating the Settlement because an undamaged claimant has no proportionate share of the Settlement. It is universally recognized that *pro rata* allocation methods are fair, reasonable, adequate, and should be approved in securities class actions like this one. *See Yon Wang v. Dada Nexus Ltd.*

---

[2] This is consistent with other notice procedures seeking to cast a wide net. *See, e.g., In re Biolase, Inc. Sec. Litig.,* No. 8:13-cv-01300-JLS-FFM (C.D. Cal. June 21, 2016), ECF No. 103 at 8, 10 (699 claims out of 1,427 total submitted claims had no recognized losses); *In re Toyota Motor Corporation Sec. Litig.*, No 2:10-cv-00922 (C.D. Cal. June 5, 2014), ECF No. 347 at 17, 19 (141,841 claims out of 192,673 submitted claims had no recognized claim); *In re Amgen Sec. Litig.*, No. 2:07-cv-02536-PSG-PLA (C.D. Cal. Apr. 8, 2019), ECF No. 616 at 14-15 (121,220 claims out of 425,162 total submitted claims had no recognized claim); *Sam Farrar v. Workhorse Group, Inc. et al.*, No. 2:21-cv-02072-CJC-PVC (C.D. Cal. Jan. 23, 2024), ECF No. 124 at 14 (10,639 claims out of 33,864 total submitted claims had no recognized claim); *Ivan Baron v. HyreCar Inc. et al.*, No. 2:21-cv-06918-FWS-JC (C.D. Cal. Feb. 6, 2025), ECF No. 143-4 at 17 (2,841 claims out of 6,739 total submitted claims had no recognized claim).

*et al.*, 2025 WL 1722997, at *9 (C.D. Cal. Mar. 14, 2025) ("[I]t is reasonable to allocate the settlement funds to class members based on the extent of their injuries[.] That is exactly the plan of allocation here. Plaintiffs' Plan of Allocation distributes settlement proceeds on a *pro rata* basis, calculating a claimant's relative loss proximately caused by the Defendants' alleged misrepresentations and omissions based on factors such as when and at what prices the claimant purchased and sold the shares at issue."); *Hardy v. Embark Tech., Inc.*, 2023 WL 6276728, at *9 (N.D. Cal. Sept. 26, 2023) ("A settlement in a securities class action case can be reasonable if it fairly treats class members by awarding a *pro rata* share to every…" claimant) (citing cases); *Vinh Nguyen v. Radient Pharm. Corp.*, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014) (same).

### D. SCS Properly Concluded Claim 49 Has No Recognized Loss and is Ineligible to Participate in the Settlement

In accordance with the Preliminary Approval Order, the Claims Administrator, Strategic Claims Services ("SCS"), distributed the Court-approved Notice to 48,609 potential Class members. SCS processed 23,230 Claim Forms submitted in connection with this Settlement (ECF No. 75, at 3-4) and determined that 12,467 claims were ineligible because they had no Recognized Loss as defined in the Plan of Allocation. ECF No. 75, at 6-7; ECF No. 75-1, at 1. Such determinations are justified and necessary to ensure that those claimants who suffered no economic loss are not unjustly rewarded and to comply with the Plan of Allocation and binding Supreme Court precedent established in *Dura*. Moreover, allowing recovery would be fundamentally unfair to Class Members who did suffer losses.

Only one claimant, Claim 49, requested Court review of SCS's determination that Claim 49 has no Recognized Loss under the Plan of Allocation and ineligible to share in recovery. ECF No. 75, at 6-7. While Claim 49 purchased 245 ADSs on

7

November 23, 2020 at $28.6126 per ADS with a gross purchase price of $7,010.08, during the Class Period, Claim 49 sold those shares on October 13, 2021, prior to the December 19, 2022 corrective disclosure, for $31.7786 per ADS for a gross sale price of $7,785.75 and an overall market gain of $775.67. Thus, SCS properly determined (and Plaintiff's counsel agrees) that Claim 49 is ineligible to participate in the Settlement for two reasons. First, Claim 49 sold his ADSs prior to the corrective disclosure and, thus, both purchased and sold ADSs at an inflated price and could not have been harmed by the alleged fraud as his losses were not "caused by disclosures which corrected the Defendants' alleged fraudulent statements." Second, Claim 49 had an overall market gain. *See, e.g., Dura,* 544 U.S. at 338*; In re JDS Uniphase Corp. Sec. Litig.*, 2005 WL 8165618, at *2 n.1 (N.D. Cal. Dec. 21, 2005) ("To the extent that class members purchased JDS stock at an allegedly inflated price and then sold it for a profit before any public awareness of fraud or misrepresentation, they will not demonstrate economic loss as described *In re Daou Sys*.").[3]

At the Distribution Motion hearing, the Court raised the possibility that Claim 49 did suffer a loss by purchasing PLDT ADSs at an artificially inflated price. But, as discussed above, that argument has been expressly rejected by the U.S. Supreme Court in *Dura. See* Argument, § A, *supra*. Indeed, if claimants like Claim 49 were entitled to recover under the Plan of Allocation, Lead Plaintiff would have exposed the Settlement and Plan of Allocation to considerable risk of objection as courts resoundingly overrule objections to plans of allocation that improperly seek to expand the ability to recover to traders who purchased and sold before any alleged corrective disclosure (so-called "in-and-out" traders). *See Rieckborn v. Velti PLC*, 2015 U.S. Dist. LEXIS 13542, at *33-*34 (N.D. Cal. Feb. 3, 2015) (overruling objection asserting that "in and out" stock

---

[3] Potential Class members had the ability to object to the POA. None did on this ground.

purchases should be entitled to recover under the plan of allocation because doing so would conflict with *Dura*); *Vinh Nguyen v. Radient Pharm. Corp.*, 2014 WL 1802293, at *7 (C.D. Cal. May 6, 2014) (same); *In re Crocs, Inc. Secs. Litig.*, 306 F.R.D. 672, 682 (D. Colo. 2014) (same); *N.Y. State Teachers' Ret. Sys. v. GM Co.*, 315 F.R.D. 226, 240 (E.D. Mi. May 19, 2016) (same and noting that "Altering the Plan of Allocation as proposed by Mr. Marro would seek recoveries unavailable or inconsistent with the loss causation requirements of the Exchange Act."); *In re Omnivision Techs.*, 559 F.Supp.2d 1036, 1043-44 (N.D. Cal. 2007) ("Simply put, there is no basis for" an objection to the plan of allocation by an in-and-out trader complaining that they are not entitled to share in the settlement).

Accordingly, countless courts in this District and nationwide have approved nearly identical plans of allocation excluding investors that sell their shares before a corrective disclosure and/or sell their shares for a market gain from recovering in the settlement. *See, e.g.*, *In re Stable Road Acquisition Corp. Securities Litigation*, 2024 WL 3643393, at *8 (C.D. Cal. Apr. 23, 2024), ECF No. 178-1, at 87-92, (C.D. Cal. Aug. 30, 2023); *In re Cytrx Corp. Securities Litigation*, No. 2:14-cv-01956, 2016 WL 2904591, at *2 (C.D. Cal. May 18, 2016), ECF No. 140-2, at 16-24 (C.D. Cal. Dec. 10, 2015); *In re ImmunityBio, Inc. Sec. Litig.*, No. 3:23-cv-01216-GPC-VET, ECF No. 80-2, at 77 (S.D. Cal. Jan. 28, 2025) ("if a share ImmunityBio [*sic*] common stock was sold before May 11, 2023 (*i.e.*, the Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws"); *Jian Zhou v. Faraday Future Intelligent Electric Inc. et al.*, No. 2:21-cv-09914-CAS-JC, ECF No. 104-1, at 72 (C.D. Cal. Oct. 5, 2023) ("To the extent a claimant had a Market Gain with respect to his, her, or its overall transactions in Faraday common stock during the Settlement Class Period, the value of the claimant's Recognized Loss shall be zero."); *Ivan Baron v. HyreCar Inc. et al.*, No. 2:21-cv-06918-FWS-JC, ECF

9

No. 121-1 at 81 (C.D. Cal. Mar. 21, 2024) ("in order to have a Recognized Loss Amount, HyreCar common stock must have been purchased or acquired during the Settlement Class Period and held through the Corrective Disclosure Date."); *Khoja et al. v. Orexigen Therapeutics, Inc. et al.*, 3:15-cv-00540-JLS-AGS, ECF No. 142-5 at 26 (S.D. Cal. Feb. 12, 2021) ("in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, Orexigen Common Stock must have been purchased or acquired during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates."); *In re Biolase, Inc. Sec. Litig.*, No. 8:13-cv-01300-JLS-FFM, ECF No. 74-2, at 10 (C.D. Cal. Apr. 13, 2015) ("For each share of Biolase…[s]old prior to the close of trading on August 7, 2013, the Recognized Loss is $0.00"); *Nickolas Van Windgerden v. Cadiz, Inc. et al.*, No. 2:15-cv-03080-JAK-JEM, ECF No. 73-1 at 49 (C.D. Cal. June 16, 2016) ("For shares purchased between March 11, 2014 and April 20, 2015, inclusive, and sold prior to April 21, 2015, the Recognized Claim will be zero."); *In re Amgen Sec. Litig.*, No. 2:07-cv-02536-PSG-PLA, ECF No. 581-3 at 85 (C.D. Cal. July 20, 2016) ("in order to have a compensable loss, Amgen securities must have been purchased during the Class Period and held through at least one of the alleged corrective disclosures."); *Sam Farrar v. Workhorse Group, Inc. et al.*, No. 2:21-cv-02072-CJC-PVC, ECF No. 105-2 at 67 (C.D. Cal. Jan. 13, 2023) ("in order to have a Recognized Loss under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired Workhorse common stock during the Class Period must have held those shares through at least one of the dates where Plaintiffs allege new corrective information was released to the market…").

Accordingly, Lead Plaintiff submits that the Plan of Allocation is fair, reasonable, and adequate, and Claim 49 is not eligible to participate in the Settlement.

**CONCLUSION**

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant

his Motion for Approval of Distribution Plan and enter the [Proposed] Order Granting Motion for Approval of Distribution Plan.

DATED: July 8, 2025

**LEVI & KORSINSKY, LLP**

*/s/ David C. Jaynes*
David C. Jaynes (SBN 338917)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: djaynes@zlk.com

Shannon L. Hopkins (admitted *pro hac vice*)
Gregory M. Potrepka (admitted *pro hac vice*)
Amanda D. Foley (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com
Email: afoley@zlk.com

*Lead Counsel for Lead Plaintiff Dr. Kevin Douglas and the Class*

<u>CERTIFICATE PURSUANT TO L.R. 11-6.2</u>

The undersigned, counsel of record for Lead Plaintiff Dr. Kevin Douglas, certifies that this brief contains 3,389 words, which complies with the word limit of L.R. 11-6.1.

Executed on July 8, 2025

/s/ David C. Jaynes
David C. Jaynes

**LEVI & KORSINSKY, LLP**
445 South Figueroa Street, 31st Floor
Los Angeles, CA  90071
Tel: (213) 985-7290
Email: djaynes@zlk.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all participants registered on the docket. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 8, 2025

*/s/ David C. Jaynes*
David C. Jaynes

**LEVI & KORSINSKY, LLP**
445 South Figueroa Street, 31st Floor
Los Angeles, CA  90071
Tel: (213) 985-7290
Email: djaynes@zlk.com

13